# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
## Baltimore Division

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| CHASEN CONSTRUCTION LLC ) | |
| ) | Case No. 25-12356 |
| Debtor. ) | |
| ) | |

## EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE

Sandy Spring Bank ("Movant" or "Bank"), by undersigned counsel, hereby files its *Emergency Motion to Appoint Chapter 11 Trustee* (the "Motion") and, in support thereof, state as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. The Debtor is a Maryland limited liability company purporting to do business as a construction company in Maryland, Florida, and other jurisdictions. Upon information and belief, the Debtor's most valuable asset is a 2007 Israel Aircraft Industries Gulfstream 200 jet

---

Jeffery T. Martin, Jr., Bar No. 18328
John E. Reid, Bar No. 16983
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
*Counsel to Sandy Spring Bank*

(the "Jet") with a current value in excess of $5MM. Further, upon information and belief, the Jet is unencumbered.

4. Beginning in the summer of 2024, the Debtor began defaulting on its obligations to creditors. Approximately eighteen (18) lawsuits arising from payment defaults appear on the Maryland Judiciary Case Search website during this period of time, as follows:

| Case Number | Name | Party Type | Court | Case Type | Case Status | Filing Date | Case Caption |
|---|---|---|---|---|---|---|---|
| C03CV25000287 | Chasen Construction, Llc | Defendant | Baltimore County Circuit Court | Confessed Judgment | Closed | 1/23/2025 | SHEPHERD ELECTRIC COMPANY, INCORPORATED vs. BRANDON CHASEN, Sr, et al. |
| C24CV25000758 | Chasen Construction, Llc | Defendant | Baltimore City Circuit Court | Contract - Breach | Open | 1/21/2025 | Bull's Unlimited, LLC vs. Chasen Construction, LLC |
| C24CV24004649 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Contract - Construction | Open | 12/24/2024 | JRO CONSTRUCTION LLC vs. CHASEN COMPANIES, et al. |
| C15JG24009411 | Chasen Construction Llc | Defendant | Montgomery County Circuit Court | Judgment - Other Court | Reopened | 12/10/2024 | Sandy Spring Bank vs. CC 201 East Baltimore Street LLC, et al. |
| C03CV24004256 | Chasen Construction, Llc | Defendant | Baltimore County Circuit Court | Contract - Breach | Open | 11/12/2024 | FERGUSON ENTERPRISES, LLC vs. CHASEN CONSTRUCTION, LLC, et al. |
| C24CV24003352 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Open | 10/11/2024 | D & J Drywall Inc. vs. CS 421 South Broadway LLC, et al. |
| C24CV24003296 | Chasen Construction, Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Closed - Consolidated | 10/10/2024 | Madison Mechanical Contracting, LLC vs. CC 201 EAST BALTIMORE STREET, LLC, et al. |
| C24CV24003039 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Open | 9/27/2024 | D & J Drywall Inc., et al. vs. CC 201 East Baltimore Street LLC, et al. |
| C24CV24002960 | Chasen Construction, Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Closed | 9/24/2024 | D & J Drywall, Inc. vs. Chasen Construction, LLC d/b/a Chasen Companiesw, et al. |
| C24CV24002959 | Chasen Construction, Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Closed | 9/24/2024 | D & J Drywall, Inc. vs. Chasen Construction, LLC d/b/a Chasen Companies, et al. |
| C24CV24002832 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Confessed Judgment | Open | 9/18/2024 | Sandy Spring Bank vs. CC 201 EAST BALTIMORE STREET, LLC, et al. |
| C24CV24002637 | Chasen Construction, Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Open | 9/10/2024 | Southland Insulators of Maryland, Inc. D/B/A Devere Insulation Company vs. CCC 1400 Aliceanna Street, LLC |
| C03CV24003296 | Chasen Construction, Llc | Defendant | Baltimore County Circuit Court | Contract - Debt | Open | 9/3/2024 | CAPITAL LIGHTING & SUPPLY, LLC vs. CHASEN CONSTRUCTION, LLC, et al. |
| C24CV24002311 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Open | 8/21/2024 | Pinpoint Plumbing, LLC vs. Chasen Construction, LLC d/b/a Chasen Companies, et al. |
| C24CV24001132 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Contract - Breach | Open | 7/1/2024 | Patriot Steel Fabrication, Inc. vs. Chasen Construction LLC, et al. |
| C24CV24001132 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Open | 7/1/2024 | Patriot Steel Fabrication, Inc. vs. Chasen Construction LLC, et al. |
| C24CV24001132 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Tort - Other | Open | 7/1/2024 | Patriot Steel Fabrication, Inc. vs. Chasen Construction LLC, et al. |
| 24C24001804 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Mechanics Liens | Open / Active | 4/15/2024 | Patriot Steel Fabrication, Inc vs CC 600 South Caroline Street LLC, et al |
| 24C24001804 | Chasen Construction Llc | Defendant | Baltimore City Circuit Court | Contract - Breach | Open / Active | 4/15/2024 | Patriot Steel Fabrication, Inc vs. CC 600 South Caroline Street LLC, et al. |

5. The Bank's claim in this matter arises from the Debtor's guaranty of a defaulted commercial loan. On November 7, 2024, confessed judgment was entered against the Debtor by the Circuit Court for Baltimore City, Maryland, in the amount of $28,922,378.51 (the "Judgment"). Motions to Vacate Confessed Judgment have been summarily denied, and the Judgment is now final.

6. On March 3, 2025, according to FAA records, the Debtor transferred the Jet to a certain TVPX Aircraft Solutions, Inc, Trustee of an unknown trust. See attached **Exhibit A**. It is unclear if the Debtor has sold the Jet or if the Debtor has transferred the Jet to a private trust in an effort to remove the Jet from the reach of its creditors.

7. On March 18, 2025, three petitioning creditors, including the Bank, commenced this case by filing an involuntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Petition Date").

8. The Bank seeks the appointment of an interim Chapter 11 trustee to preserve property of the estate, recoup any assets transferred through fraudulent conveyances or any other voidable preferences, and prevent further diminution of the estate.

## Relief Requested

The Bank requests that the Court hold a hearing on its Motion to Appoint Chapter 11 trustee as soon as is practical, and that the Court shorten the response and objection dates accordingly, and order that all objections be filed by 4:00 p.m. on the day before the expedited hearing.

## Legal Standard

11 U.S.C. § 1104(a) states as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

Courts in the 4th Circuit consistently apply § 1104(a)(1), given sufficient cause, to protect creditors from the very misconduct and mismanagement of the debtor's affairs evident in the present case. *See, e.g.*, *In re Taaf, LLC*, 2010 Bankr. LEXIS 449, *4-6 (explaining the standards and grounds applied by bankruptcy courts when considering motions to appoint a trustee in

Chapter 11 cases); *see also In re Ricco, Inc.*, 2010 Bankr. LEXIS 1916 at *7 (*citing In re Brown*, No. 99-06393, 2000 Bankr. LEXIS 247, *28 (Bankr. E.D.N.C. Feb. 24, 2000) and holding that motions to appoint a trustee in Chapter 11 cases must be proved by clear and convincing evidence).

The Debtor is incapable of managing its affairs in this case and appointment of a Chapter 11 trustee is in the best interest of the estate and its creditors. Once a movant has proved its case under § 1104(a), the appointment of a trustee is mandatory. *See In re: Taaf, LLC,* at *5.

## Argument

**I. The Debtor's Actions Provide Good Cause for the Appointment of a Trustee**

Although the mere filing of a petition does not disqualify a debtor from managing its own affairs, the Debtor in this case, in concealing and dissipating estate assets, has certainly done so. As cited above, during its attempts to collect on the Judgment, the Bank discovered that the Debtor had title to the Jet, and has either (1) transferred it to a private trust in an attempt to remove it from the reach of its creditors or (2) sold, or is in the process of selling, it to a third party in an attempt to avoid the consequences of the Judgment and deprive creditors of their right to attach the Jet. Such pre-petition conduct by a debtor clearly satisfies the various ground considered by courts weighing the appointment of a trustee.

In *In re: Taaf, LLC*, the United States Bankruptcy Court for the Eastern District of North Carolina provides a helpful list of grounds that would support the appoint of a trustee over the presumption that the debtor is in the best position to manage its own affairs:

> Grounds such as fraud, dishonesty, incompetence, gross mismanagement, or other similar actions can establish cause. Courts have considered the materiality of misconduct, evenhandedness or lack thereof in dealings with insiders and affiliated entities in relation to other creditors, the existence of pre-petition

voidable preferences or fraudulent conveyances, conflicts of interest on the part of a debtor-in-possession interfering with its ability to fulfill fiduciary duties, and self-dealing or squandering of estate assets to determine if cause exists.

*In re Taaf, LLC*, 2010 Bankr. LEXIS 449, *1

Under any measure, the transfer of a valuable asset such as the Jet for less than reasonably equivalent value constitutes a fraudulent conveyance. The Bank had a judgment against the Debtor, and around the time that judgment was entered, the Debtor initiated the transfer of the Jet without any communication with the Bank regarding payment towards its substantial debt. Either the Debtor intends to remove the Jet from the reach of its creditors or intends to sell the Jet and abscond with the proceeds. Without immediate action by this Court, the Jet (or the proceeds of sale) may leave the jurisdiction or the country, making it far more difficult for a trustee to reach.

### II. Appointment of an Interim Chapter 11 Trustee is in the Best Interest of the Estate and its Creditors

The appointment of an interim Chapter 11 trustee would be in the best interest of the estate and its creditors. A properly appointed interim trustee would then be in the best position to marshal the assets of the estate, manage the Debtor's affairs in an impartial manner, and thus protect the interests of the estate, its creditors, and its equity stakeholders.

WHEREFORE, the creditors request that the Court grant this Motion to Appoint a Chapter 11 Trustee, grant the Motion to Shorten Time, and hold a hearing on the Motion as soon as is practical; that the Court order that all objections be filed by 4:00 p.m. on the day before the expedited hearing; and that the Court grant such other relief as it deems appropriate and proper.

**SANDY SPRING BANK**
**By counsel**

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr., Bar No. 18328
John E. Reid, Bar No. 16983
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
*Counsel to Sandy Spring Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2025, a true copy of the foregoing pleading was sent by email to the following:

gerard.r.vetter@usdoj.gov Office of the United States Trustee

shawn@whittakermyers.com Shawn Whittaker

jill@jill-lawoffice.net  Jill Caravaggio

paul@chasencompanies.com Paul Davis

brandon@chasencompanies.com Brandon Chasen

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr.