IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>**Chasen Construction LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12356-NVA |

**MOTION FOR LIMITED EXAMINATION
OF UNITED BANKSHARES, INC.
PURSUANT TO BANKRUPTCY RULE 2004**

Interested parties Family Pension Corp. 401k Plan ("Family Pension"), Four Kids Investment Fund, LLC ("Four Kids"), Jonathan Honig, as Trustee (the "Trustee") by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019 (the "Trust"), and Jacob Honig ("Jacob", and collectively with Family Pension, Four Kids, the Trustee, and the Trust, the "Interested Parties"), by and through their undersigned counsel, Ice Miller LLP, hereby submit this *Motion for Limited Examination of United Bankshares, Inc. Pursuant to Bankruptcy Rule 2004* (the "Motion") in the above-captioned Chapter 11 case (the "Chapter 11 Case") of Chasen Construction LLC (the "Debtor"). In support of this Motion, the Interested Parties respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Maryland (the "Court") has jurisdiction over this Chapter 11 Case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

2. Venue of these Chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested in this Motion is Rule 2004 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

**Relief Requested**

4. By this Motion, the Interested Parties seek entry of an order, substantially in the form attached hereto, authorizing the Interested Parties to propound requests for production of documents to United Bankshares, Inc ("United Bank") in the form of the requests set forth in **Exhibit A**, to obtain the bank statements of the Debtor and any related individuals and entities for accounts held at United Bank.

**Background**

5. On March 19, 2025, an involuntary case was filed against the Debtor under Chapter 11 of the Bankruptcy Code.

6. The Interested Parties made a series of loans, each documented by a promissory note and related agreements (hereinafter, collectively the "Loan Documents") to a related entity of Debtor, Chasen Acquisitions LLC, a Maryland limited liability company ("Chasen Acquisitions"), for the purposes of acquisitions and/or development of eight (8) different real properties (the "Real Properties").

7. The Interested Parties are owed approximately $44,000,000.

**Use of Interested Parties' Funds**

8. Based upon documentation the Interested Parties have reviewed to date, it appears that upon receipt of funds advanced by the Interested Parties, Chasen Acquisitions transferred such

funds to Debtor. The Debtor then disbursed the advanced funds to other related entities and individuals.

    9.    Several examples are as follows:

        a.    **Example 1**. On January 4, 2022, Family Pension wired $5,000,000 to Chasen Acquisitions pursuant to a Promissory Note for use in connection with the development of real property at 1400 Aliceanna Street, Baltimore, Maryland 21231. The next day, on January 5, 2022, Chasen Acquisitions transferred $5,000,000 to CC 1400 Aliceanna Street LLC, the entity that owned the real property located at 1400 Aliceanna Street, Baltimore, Maryland 21231. Later that day, also on January 5, 2022, CC 1400 Aliceanna Street LLC transferred $5,000,000 to the Debtor. The Debtor then transferred $6,000,000 to CC 600 South Caroline LLC on January 5, 2022. Later this same day, CC 600 South Caroline LLC wired $2,000,000 to Paul Davis and $4,000,000 to STJ Investments LLC. In order for the estate and interested parties to identify and recover assets, it will be necessary to identify the location of funds that were improperly diverted to entities affiliated with the Debtor but unrelated to the property involved in the original transfer. Here, for example, those unrelated parties are Mr. Davis and STJ Investments LLC. The bank statements of these third parties, as well as those of the intermediate transferees, would facilitate the estate in tracing and recovering the funds and should be produced.

        b.    **Example 2.** On December 19, 2022, Family Pension wired $8,750,000 to Chasen Acquisitions. Of that amount, $2,750,000 was advanced pursuant to

a Promissory Note for use in connection with the development of real property located at 517 South Broadway, Baltimore, Maryland 21231. On December 23, 2022, Chasen Acquisitions transferred $2,750,000 to CC 517 South Broadway LLC, the entity that owned the real property located at 517 South Baltimore Street, Baltimore, Maryland 21231. Later that same day on December 23, 2022, CC 517 South Broadway LLC transferred $2,750,000 to Debtor. Subsequently on December 23, 2022, Debtor made multiple transfers valuing millions of dollars to related and affiliated entities such as: Harbor Management Group LLC, CS 1709 Fleet Street LLC, CC 601 South Broadway LLC, CC 600 South Caroline Street LLC, and Chasen Construction Aircraft. Additionally, on December 23, 2022, CC 600 South Caroline Street LLC transferred funds to Chasen Acquisitions, which subsequently made a transfer of the same amount to CC 2200 West Pensacola LLC. Once again, the bank statements sought by this Rule 2004 motion would enable the Interested Parties and the Debtor's estate to identify entities holding funds that belong to the Interested Parties and/or to recover estate assets. Therefore, discovery of the bank statements of these related third parties would assist the estate in tracing and recovering the improperly diverted funds.

c. **Example 3.** As noted above, on December 19, 2022, Family Pension wired $8,750,000 to Chasen Acquisitions. Of that amount, $2,500,000 was advanced pursuant to a Promissory Note for the benefit of CC The Bo LLC for use in connection with the development of real property located at 500

4

South Bond Street, Baltimore, Maryland 21230. On December 28, 2022, Chasen Acquisitions transferred $2,500,000 to CC 600 Caroline Street LLC. Later that day, also on December 28, 2022, CC 600 Caroline Street LLC transferred $2,500,000 to the Debtor. Throughout that same day and into the next day of December 29, 2022, Debtor transferred $2,468,594.02 to multiple third parties such as "New World Title Company, LLC", "BALTIMORE GAS AN BILLPAY", "BOA LEASING INVOICEPMT", Princess Lona LLC – Yacht, "Interactive Construction", and "VISA PAYMENT". In order for the Interested Parties and the estate to recover misappropriated funds, the parties will need to review the numerous transfers between these related entities, and the bank statements sought in this motion would assist in that process.

d. **Example 4.** On July 13, 2023, Family Pension wired $1,250,000 to Chasen Acquisitions pursuant to a Promissory Note, as amended on April 12, 2024, for use in connection with the development of real property located at 2125 Jackson Bluff Road, Tallahassee, Florida 32304. Also on July 13, 2023, the Trust wired $1,000,000 to Chasen Acquisitions pursuant to a Promissory Note, as amended on April 12, 2024, for use in connection with the development of the same real property located at 2125 Jackson Bluff Road, Tallahassee, Florida 32304. And lastly, on July 13, 2023, Four Kids also wired $1,000,000 to Chasen Acquisitions pursuant to a Promissory Note, as amended on April 12, 2024, for use in connection with the development of the same real property. Chasen Acquisitions, that same day, transferred

4896-4400-7766.6

$2,750,000 to CC 2125 Jackson Bluff Road LLC who transferred $2,750,000 to Debtor. On July 14, 2023, Chasen Acquisitions transferred $2,250,000 to CC 2125 Jackson Bluff Road LLC who in turn, again, transferred $2,250,000 to Debtor. The Debtor then, during July 13, 2023 through July 25, 2023, transferred millions of dollars to multiple vendors, payrolls, creditors, and other Chasen-affiliated limited liability companies, such as: CC 115 East Eager Street LLC, CC 300 Cathedral LLC, CS 211 Saint Paul Place LLC, CC 311 Cathedral Street LLC, Chasen Acquisitions, CC 600 South Caroline Street LLC, CC 1517 Eastern Ave LLC, CC 201 East Baltimore Street LLC, CC 1400 Aliceanna Street LLC, Repairs and Maintenance, and Harbor Management Group LLC.

As illustrated in the referenced examples, Chasen Acquisitions transferred funds advanced by the Interested Parties to Debtor. It remains unclear to the Interested Parties, however, the basis for the Debtor's subsequent transfers of funds to a Chasen related entity, often a "CC" entity as previously demonstrated, that has no connection to the purpose of the Promissory Note underlying the original transfer. In order for the estate and other interested parties to recover assets, it will be necessary to identify the funds that were improperly diverted to entities affiliated with the Debtor, as set forth in Examples 1-4. Production and evaluation of the bank statements of these third-party entities will assist the estate in tracing and recovering the funds.

**Authority for and Information Sought Pursuant to Rule 2004 Examination**

10. Federal Rule of Bankruptcy Procedure 2004(a) authorizes any party in interest to move the Court for an order to conduct the examination of any entity. Rule 2004(b) provides that the scope of this examination may relate to "the debtor's acts, conduct, or property [or to] the

6

debtor's liabilities and financial condition, [or to] any matter that may affect the administration of the debtor's estate, or [to] the debtor's right to a discharge." FED. R. BANK. P. 2004(b).

11.It is well established that the scope of a Rule 2004 examination is exceptionally broad. "A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate." *In re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996).

12.In addition, as this Court noted in *In re Symington*, a Rule 2004 examination is "an investigatory tool, its nature is inquisitory rather than accusatory[.]" 209 B.R. 678, 684 (Bankr. D. Md. 1997). Indeed, "[i]t represents a threshold inquiry into the assets and conduct of debtors bankruptcy." *Id.*

13.A Rule 2004 examination is warranted to enable the creditors and the estate to obtain an accurate account of the disposition and use of creditor funds by Debtor. The Interested Parties have access to only a limited number of Debtor's bank statements, which indicate that the Interested Parties' funds were improperly funneled through the Debtor to related Debtor entities for purposes unrelated to the acquisitions and development of the Real Properties. The Interested Parties file this Motion to request all bank statements for accounts held by the Debtor with United Bank maintained from 2019 through the present.

14.The Interested Parties also request all bank statements for accounts held by individuals and entities related to the Debtor from 2019 to the present. A non-exhaustive list of such known entities is attached hereto as **Exhibit B**. These related entities and/or individuals include, but are not limited to, STJ LLC, STJ Investments LLC, Paul Davis, Catherine Chasen, and Whitney Tendall. To the extent United Bank is aware of other individuals or entities affiliated

or related to the Debtor that maintain bank accounts with United Bank, the Interested Parties request the production of bank statements for those entities and individuals as well.

15. The information sought, namely the bank records for the Debtor and its related entities, will show the receipt and use of funds by the Debtor and its related entities and individuals. This information is directly related to and relevant to the administration of this bankruptcy estate and to aid creditors in identifying assets for potential recovery. The creditors and the public have a right to access the financial information relevant to a bankruptcy proceeding. *See generally Symington*, 209 B.R. at 694-95. Granting this Motion will aid in determining the disposition of assets and ensuring full transparency for the benefit of creditors.

16. Pursuant to Rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in this Motion, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, it will rely solely upon the grounds and authorities set forth herein.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Interested Parties respectfully request that this Court enter an order, substantially in the form attached hereto, (a) ordering United Bank to produce the requested documentation and (b) granting such other further relief that this case may require, and the Court deems just and proper.

**Dated:** August 21, 2025

Respectfully submitted,

/s/ *Morgan L. Taylor*

Aaron L. Casagrande (Bar No. 28518)
Morgan L. Taylor (Bar No. 31372)
**ICE MILLER LLP**
100 Light Street, Suite 2700
Baltimore, Maryland 21202
Phone: 410-951-5874
Aaron.Casagrande@IceMiller.com
Morgan.Taylor@IceMiller.com

*Counsel for Interested Parties*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the *Motion for Limited Examination of United Bankshares, Inc. Pursuant to Bankruptcy Rule 2004* will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| Brian E. Barkley | bbarkley@barkenlaw.com |
| Jill D. Caravaggio | jill@jill-lawoffice.net, paralegal@jill-lawoffice.net |
| Aaron L. Casagrande | aaron.casagrande@icemiller.com |
| Darrell William Clark | darrell.clark@stinson.com, catherine.scott@stinson.com |
| David V. Fontana | dfont@gebsmith.com |
| Jason J. Giguere | jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| Richard Marc Goldberg | rmg@shapirosher.com, ejd@shapirosher.com |
| Zvi Guttman | zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com |
| Kyle Steven Kushner | kyle@lawrencelawllc.com |
| Jeffery Thomas Martin | jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com;brittany@martinlawgroup.com;Diana@martinlawgroup.com |
| Frank J. Mastro | fmastro@schlosslaw.com |
| Tracey Michelle Ohm | tracey.ohm@stinson.com, porsche.barnes@stinson.com |
| John E Reid | jack@martinlawgroup.com, brittany@martinlawgroup.com;Diana@martinlawgroup.com |
| Roger Schlossberg | bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com |
| Roger Schlossberg | trustee@schlosslaw.com, MD20@ecfcbis.com |
| Robert G. Shuster | rob@shusterlaw.com, courts@shusterlaw.com |
| Brent C. Strickland | bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com;brent-strickland-3227@ecf.pacerpro.com |
| US Trustee - Baltimore | USTPRegion04.BA.ECF@USDOJ.GOV |
| Gerard R. Vetter | gerard.r.vetter@usdoj.gov |
| Shawn C. Whittaker | shawn@whittaker-law.com |
| Heather Kirkwood Yeung | hyeung@darslaw.com |

I hereby further certify that on the 21st day of August, 2025, a copy of the *Motion for Limited Examination of United Bankshares, Inc. Pursuant to Bankruptcy Rule 2004* was also mailed first class mail, postage prepaid to:

Chasen Construction LLC
Attn: Brandon Chasen
12 W. Montgomery St.
Baltimore, MD 21230

Robert L. Patrick
SC&H Group, Inc.
910 Ridgebrook Road
Sparks-Glencoe, MD 21152

      */s/ Morgan L. Taylor*
        Morgan L. Taylor