IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| CHASEN CONSTRUCTION, LLC, | ) Case No. 25-12356-NVA |
| | ) |
| Debtor. | ) (Chapter 11) |
| | ) |
| In re: | ) |
| | ) |
| BRANDON M. CHASEN SR. | ) Case No. 25-15437-NVA |
| | ) |
| Debtor. | ) (Chapter 7) |
| | ) |

## MOTION FOR RULE 2004 EXAMINATION OF GOOGLE, LLC

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Motion for Rule 2004 Examination of Google, LLC* (the "*Motion*"), hereby respectfully represents as follows:

### Background

1.     On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2.     On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356]. Following the

conduct of expedited proceedings on that *Emergency Motion* commencing on March 24, 2025, this Court orally announced its ruling on March 25, 2025 and subsequently caused to be issued on March 26, 2025 its *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3.      Mr. Schlossberg thereafter was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4.      On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction, upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-12437].

5.      On July 11, 2025, Mr. Chasen moved to convert Case No. 25-12437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-12437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-12437].

6.      Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate.  Following the convening of that meeting of creditors required to be conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

**Jurisdiction, Venue, Etc.**

7.    This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

8.    Your Movants jointly seek authority by the instant *Motion* to conduct an examination pursuant to the provisions of Bankruptcy Rule 2004.

**Parties**

9.    The party as to whom your Movants seek to examine pursuant to the provisions of Bankruptcy Rule 2004 is Google, LLC ("Google"), believed to be a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway Mountain View, CA 94043.

**Legal Authority for Rule 2004 Examination**

10.    Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004 permits the "examination of an entity . . . relat[ing] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" *Id.* The term "entity" includes any governmental unit. 11 U.S.C. §101(15).

11.    Bankruptcy Rule 2004 uniformly has been held to provide a broad power to investigate *any* matter that may affect the administration of the estate, particularly regarding the discovery of assets of estate and exposure of any fraudulent conduct. *See In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28

(Bankr. N.D.N.Y. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). The Rule is designed to provide a "sweeping general examination" of debtors, the scope of which is "unfettered and broad." *In re Symington*, 209 B.R. at 683; *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The scope of a Bankruptcy Rule 2004 examination, in fact, is so broad it has been characterized as a "fishing expedition." *In re Szadkowski*, 198 B.R. 140, 140 (Bankr. D. Md. 1996); *In re Duratech Indus.*, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (N.D.N.Y. 1999).

**<u>Factual Predicate for the Instant Rule 2004 Examination</u>**

12.     Upon investigation into the assets and business operations of Chasen Construction, the Trustees discovered that Chasen Construction and its numerous affiliated business entities (hereinafter referred to as the "Chasen Related Entities"), as well as for the individual members of Chasen Construction and the various Chasen Related Entities, including Mr. Chasen and Paul Davis, used Google's enterprise cloud productivity suite — originally launched in 2006 as Gmail for Your Domain/Google Apps for Your Domain, rebranded as G Suite (2016), and rebranded again in 2020 as Google Workspace. The Google productivity suite includes Gmail (hosted email), Google Drive (cloud file storage), Google Docs/Sheets/Slides (online document editors), an Admin Console for domain and user management, and optional services such as Google Vault for retention and eDiscovery.

13.     A domain administrator for the company controls user accounts, creates and deletes users, configures Gmail/Drive settings, and manages security and retention policies through the Google Workspace Admin Console. Administrative actions (for example, deleting users or purging data) are performed by the domain admin or automated by policies set in the Admin Console. Based upon the testimony of Debtor, Brandon Chasen, he was the domain administrator for Chasen

Construction and, in that capacity he purports to have deleted email accounts and documents.

14.     By default, data remains in user accounts until an admin or user deletes it. If Google Vault is enabled and configured, Vault retention rules or holds can preserve copies of email and Drive content even if users delete items from their own accounts; otherwise, deleted items move to Trash and are purged according to Google's retention/deletion processes.

15.     Because Chasen Construction's email and documents were hosted on Google's cloud platform, the primary custodians of the live data were (a) the company's Google Workspace administrators, and (b) Google as the service provider. The best evidence of preserved or deleted material will be (i) any Vault matters/retention rules in effect, (ii) the Admin Console and account-deletion logs, (iii) exported Vault archives (if any), and (iv) Google's production in response to appropriately served legal process.

16.     The Trustees desire to examine Google to learn more and obtain the documents, data, records, electronically stored information, and logs, hosted on Google's cloud platform by Chasen Construction, the Chasen Related Entities, Mr. Chasen, and Mr. Davis.  These include:

> a.  any associated Gmail, Google Drive, Google Vault, or Google Admin Console data.
>
> b.  Emails and attachments sent to or from the Workspace accounts between January 1, 1018 and the present, including any items retained in Google Vault or archived under retention policies or legal holds.
>
> c.  Google Drive documents (including Docs, Sheets, Slides, PDFs, and other stored files) owned by or shared, during the same date range.
>
> d.  Account deletion or suspension logs, showing:
>
>> i.  Dates on which user accounts were deleted or deactivated;

  ii. The method of deletion (manual, policy-based, or automated); and

  iii. Whether such accounts were subject to any retention policies or Vault holds.

  iv. Google Vault retention settings and any active or historical holds applicable to the domain during the requested period.

  v. Administrative activity logs reflecting actions taken by Workspace administrators to delete or purge email or Drive data.

 e. Confirmation whether any of the above data still exists in Google's possession, custody, or control, including in system backups or Vault archives and if such data has been permanently deleted, deletion confirmation records showing when and how the data was purged.

17. Accordingly, your Movants now seek leave by the instant *Motion* to take the Rule 2004 examination of Google and to request the production of documents from said examinee pursuant to a standard *Subpoena for Rule 2004 Examination*.

18. Movants respectfully urge that the requested Rule 2004 examination is in the best interests of all parties-in-interest in the above-captioned bankruptcy cases.

19. Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

### Conclusion

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant

*Motion* and order that a Rule 2004 examination of Google, LLC be conducted herein.

Respectfully submitted,

SCHLOSSBERG | MASTRO

  */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

  */s/ Zvi Guttman*
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **28th** day of **October 2025**, a copy of the foregoing *Motion for Rule 2004 Examination of Google, LLC* together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served upon all parties listed on the attached *CM-ECF Mailing Information* for each case:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon; and

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice Lists* as follows:

Chasen Construction LLC
Attn: Brandon Chasen
12 W. Montgomery Street
Baltimore, MD 21230

Larry Strauss
Larry Strauss ESQ CPA & Assoc., Inc.
2310 Smith Avenue
Baltimore, MD 21209

Robert L. Patrick
SC&H Group, Inc.
910 Ridgebrook Road
Sparks-Glencoe, MD 21152

Shepherd Electric Co., Inc.
c/o Douglas H. Seitz, Esq.
1 Olympic Place, Suite 800
Towson, MD 21204

Further, additional copies of the *Service Set* were served via first-class mail, postage prepaid, upon:

Google LLC
c/o CSC-Lawyers Incorporating Service
  Company, Resident Agent
7 St. Paul Street, Suite 820
Baltimore MD 21202

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*/s/ Frank J. Mastro*
Frank J. Mastro