IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br>CHASEN CONSTRUCTION, LLC,<br>    Debtor. | Case No. 25-12356-NVA<br>(Chapter 11) |
| In re:<br>BRANDON M. CHASEN SR.,<br>    Debtor. | Case No. 25-15437-NVA<br>(Chapter 7) |
| ROGER SCHLOSSERG, TRUSTEE<br>P.O. Box 2067<br>Hagerstown, MD 21742<br><br>and<br><br>ZVI GUTTMAN, TRUSTEE<br>P.O. Box 32308<br>Baltimore, MD 21282<br><br>    Movants<br><br>v.<br><br>SAUL EWING LLP<br>1001 Fleet Street, 9th Floor<br>Baltimore MD, 21202<br>    <u>Serve</u>:<br>    ATA Services of Maryland, Inc., Res. Agent<br>    1001 Fleet Street, 9th Floor<br>    Baltimore, MD 21202<br><br>    Respondent. | |

**MOTION FOR TURNOVER OF INFORMATION AND RECORDS RELATED TO
<u>DEBTORS' PROPERTY AND FINANCIAL AFFAIRS</u>**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the

bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Motion for Turnover of Information and Records Related to Debtors' Property and Financial Affairs* (the "*Motion*"), hereby respectfully represent as follows:

### Jurisdiction, Venue, *Etc.*

1. This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

2. Venue of this contested matter in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

### Parties

3. On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356]. Shortly thereafter, the Acting United States Trustee for Region Four appointed Movant Roger Schlossberg to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment as Chapter 11 Trustee on March 27, 2025. [Dkt. #26 in Case No. 25-12356].

4. On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of

Chasen Construction, upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-12437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert Case No. 25-12437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23, 29 in Case No. 25-12437]. Movant Zvi Guttman thereafter was appointed Chapter 7 Trustee of Mr. Chasen's bankruptcy estate.

5.  Respondent Saul Ewing LLP is a limited liability partnership organized under the laws of the State of Delaware with a principal place of business in Baltimore, Maryland.

## Legal Authority

6.  Section 542(e) of the Bankruptcy Code provides: "Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e).

7.  Congress's purpose in adding § 542(e) to the Code was "to restrict . . . the ability of accountants and attorneys to withhold information from the trustee." *Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1265 (10th Cir. 1999) (quoting *Commodities Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351 (1985)). Thus, for example, "under § 542(e), subject to any applicable privilege, the Trustee may make a request for turnover to the Debtor's pre-petition attorney that holds recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs." *In re Gregory*, Case No. 18-50243 at Dkt. #70, slip op. at 10 (Bankr. S.D.W. Va. Dec. 18, 2019).

8.  A motion for turnover under § 542(e) does not require that the information sought by the trustee be property of the bankruptcy estate. *Grant, Konvalinka & Harrison, PC v. Banks*

3

*(In re McKenzie)*, 716 F.3d 404, 419 (6th Cir. 2013); *American Metrocomm Corp. v. Duane, Morris & Hecksher LLP (In re American Metrocomm Corp.)*, 274 B.R. 641, 652 (Bankr. D. Del. 2002) (observing that question of "whether [a]ttorney [f]iles constitute property of the estate is irrelevant to the Court's determination of whether turnover is proper under § 542(e)."). Further, "[n]othing in [§ 542(e)] requires a showing that [the] materials be necessary to the administration of the estate, nor is that section limited to pre-bankruptcy attorneys." *In re Highland Park Assocs. L.P.*, 132 B.R. 358, 358 (Bankr. N.D. Ill. 1991).

## Demand for Turnover

9.  On October 3, 2025, Movants made a written demand upon Respondent for turnover of all recorded information, including books, documents, records, and papers, relating to the property or financial affairs of Chasen Construction and Brandon M. Chasen Sr. Movants' demand included, without limitation, a request for the production of:

- All client files, whether physical or electronic;

- All emails, text messages, correspondence, memoranda, and other communications;

- All billing records, engagement letters, termination letters, and related materials; and

- Complete information regarding all retainers, trust account balances, and all payments received in the past four (4) years, including the source of each payment.

*See* October 3, 2025 email and letter from Roger Schlossberg and Zvi Guttman to Jason M. St. John, Esq., attached hereto as ***Exhibit 1***.

10.  As of the filing of this motion, despite repeated requests by Movants, Respondent has failed and refused to turn over any of the information and records sought by Movants,

4

notwithstanding that such information and records clearly relate to the property and/or financial affairs of the Debtors, Chasen Construction and Brandon M. Chasen Sr., and no privilege applies.[1]

11. Accordingly, your Movants now request that the Court enter an Order compelling Respondent to turn over the information and records sought by Movants.

12. Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

## Conclusion

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant *Motion* and order Respondent to turn over the requested information and records forthwith.

Respectfully submitted,

SCHLOSSBERG | MASTRO

*/s/ Frank J. Mastro*
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

*/s/ Zvi Guttman*
Zvi Guttman #06902
P.O. Box 3208
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*

---

[1] Upon the filing of Chasen Construction's bankruptcy case, the attorney-client privilege held by Chasen Construction passed to the Chapter 11 trustee as a matter of law. *See Weintraub*, *supra*, 471 U.S. at 354. As a result, the trustee, and only the trustee, has the power to assert or waive the attorney-client privilege. *Id*. at 358. Further, Mr. Chasen testified under oath at his meeting of creditors on Nov. 13, 2025 that he was not aware of any matter in which Saul Ewing represented him, individually, as opposed to: (i) a corporate entity; or (ii) him and a corporate entity in common.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th** day of **December 2025**, a copy of the foregoing *Motion for Turnover of Information and Records Related to Debtors' Property and Financial Affairs* together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served upon all parties listed on the attached *CMECF Mailing Information* for each case:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice Lists* at those email addresses noted thereon; and

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice Lists* as follows:

| | |
|---|---|
| Chasen Construction LLC<br>Attn: Brandon Chasen<br>12 W. Montgomery Street<br>Baltimore, MD 21230 | Larry Strauss<br>Larry Strauss ESQ CPA & Assoc., Inc.<br>2310 Smith Avenue<br>Baltimore, MD 21209 |
| Robert L. Patrick<br>SC&H Group, Inc.<br>910 Ridgebrook Road<br>Sparks-Glencoe, MD 21152 | Shepherd Electric Co., Inc.<br>c/o Douglas H. Seitz, Esq.<br>1 Olympic Place, Suite 800<br>Towson, MD 21204 |

Further, additional copies of the *Service Set* were served via first-class mail, postage prepaid, upon:

| | |
|---|---|
| Saul Ewing LLP<br>c/o ATA Services of Maryland, Inc., Res. Agent<br>1001 Fleet Street, 9th Floor<br>Baltimore, MD 21202 | Office of the U.S. Trustee<br>6305 Ivy Lane, Suite 600<br>Greenbelt, MD 20770 |

                                                          */s/ Frank J. Mastro*
                                                            Frank J. Mastro