IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>CHASEN CONSTRUCTION, LLC,<br><br>    Debtor. | Case No. 25-12356-NVA<br><br>(Chapter 11) |
| In re:<br><br>BRANDON M. CHASEN SR.<br><br>    Debtor. | Case No. 25-15437-NVA<br><br>(Chapter 7) |

**MOTION FOR RULE 2004 EXAMINATION**
**(American Express National Bank)**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Motion for Rule 2004 Examination of American Express National Bank* (the "*Motion*"), hereby respectfully represents as follows:

**Background**

1.    On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2. On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356]. Following the conduct of expedited proceedings on that *Emergency Motion* commencing on March 24, 2025, this Court orally announced its ruling on March 25, 2025 and subsequently caused to be issued on March 26, 2025 its *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3. Mr. Schlossberg thereafter was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11 Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4. On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction,[1] upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-12437].

5. On July 11, 2025, Mr. Chasen moved to convert Case No. 25-12437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-12437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-12437].

6. Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate. Following the convening of that meeting of creditors required to be

---

[1] Mr. Chasen owns 50% of the membership interest in Chasen Construction, LLC. Paul W. Davis owns the remaining 50% membership interest in Chasen Construction.

2

conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

## Jurisdiction, Venue, *Etc.*

7.This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

## Parties

8.Your Movants jointly seek authority by the instant *Motion* to conduct an examination pursuant to the provisions of Bankruptcy Rule 2004.

9.The party as to whom your Movants seek to examine pursuant to the provisions of Bankruptcy Rule 2004 is American Express National Bank (hereinafter referred to as "AMEX"), a national bank organized and existing under the regulation of the Office of the Comptroller of the Currency which maintains its principal office at 115 W. Towne Ridge Parkway, Sandy, UT 84070. AMEX is engaged, *inter alia*, in the business of extension of credit and provision of credit card services. including to the Debtors herein.[2]

## Legal Authority for Rule 2004 Examination

10.Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004 permits the "examination of an entity . . . relat[ing] only to the acts, conduct, or property or to the liabilities

---

[2] AMEX is a creditor in Case No. 25-15437, having filed two proofs of claim totaling $34,550.44 and $906,833.51, respectively. *See* Proof of Claim Nos. 3-1 and 4-1 therein.

3

and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" *Id.* The term "entity" includes any governmental unit. 11 U.S.C. §101(15).

11. Bankruptcy Rule 2004 uniformly has been held to provide a broad power to investigate *any* matter that may affect the administration of the estate, particularly regarding the discovery of assets of estate and exposure of any fraudulent conduct. *See In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). The Rule is designed to provide a "sweeping general examination" of debtors, the scope of which is "unfettered and broad." *In re Symington*, 209 B.R. at 683; *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The scope of a Bankruptcy Rule 2004 examination, in fact, is so broad it has been characterized as a "fishing expedition." *In re Szadkowski*, 198 B.R. 140, 140 (Bankr. D. Md. 1996); *In re Duratech Indus.*, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (N.D.N.Y. 1999).

## Factual Predicate for the Instant Rule 2004 Examination

12. Upon investigation into the assets, business operations, and financial affairs of Chasen Construction and its numerous affiliated business entities (hereinafter referred to as the "Chasen Related Entities") and Mr. Chasen, the Trustees discovered that Chasen Construction maintained a credit card account with AMEX through which various employees, including Mr. Chasen and Mr. Davis, were issued corporate credit cards. Over the last three years, Chasen Construction's AMEX cardholders charged several million dollars to the account, which Chasen Construction paid.

13. The Trustees' investigation also revealed that AMEX issued personal credit cards to Mr. Chasen and Mr. Davis as well as to Catherine Chasen, the estranged wife of the Debtor. In

addition, AMEX issued corporate credit cards to STJ Investments, LLC, one of the aforementioned Chasen Related Entities, and to STJ, LLC, a related entity owned by Mr. Davis. Chasen Construction, meanwhile, made payments to AMEX in respect to the charges made on these AMEX accounts.

14. The Trustees desire to examine AMEX to learn more about all of the aforementioned transactions.

15. The Trustees seek to obtain documents, including ESI, from AMEX regarding: (a) each of credit cards issued by AMEX to Chasen Construction, Mr. Chasen, Mrs. Chasen, Mr. Davis, and/or any Chasen Related Entities (including STJ Investments, LLC and STJ, LLC) and the usage thereof; (b) monthly account statements for such credit cards; (c) account notices and correspondence; (d) documents evidencing payments on those accounts; and (e) transaction records and credit applications for those accounts.

16. Accordingly, your Movants now seek leave by the instant *Motion* to take the Rule 2004 examination of AMEX and to request the production of documents from said examinee pursuant to a standard *Subpoena for Rule 2004 Examination*.

17. Movants respectfully urge that the requested Rule 2004 examination is in the best interests of creditors and all parties-in-interest in the above-captioned bankruptcy cases.

18. Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

## Conclusion

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant *Motion* and order that a Rule 2004 examination of *American Express National Bank* be conducted herein.

       Respectfully submitted,

       SCHLOSSBERG | MASTRO

       */s/ Frank J. Mastro*
       Frank J. Mastro #24679
       Roger Schlossberg
       P.O. Box 2067
       Hagerstown, MD 21742-2067
       (301) 739-8610
       fmastro@schlosslaw.com
       rschlossberg@schlosslaw.com
       *Attorneys for Roger Schlossberg, Ch. 11 Trustee*

       THE LAW OFFICES OF ZVI GUTTMAN, P.A.

       */s/ Zvi Guttman*
       Zvi Guttman #06902
       P.O. Box 32308
       Baltimore, MD 21282
       (410) 580-0500
       zvi@zviguttman.com
       *Attorneys for Zvi Guttman, Ch. 7 Trustee*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **13th day of January 2026**, a copy of the foregoing *Motion for Rule 2004 Examination of American Express National Bank* together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon as follows;

| 25-12356 Notice will be electronically mailed to: | 25-15437 Notice will be electronically mailed to: |
|---|---|
| Brian E. Barkley bbarkley@barkenlaw.com<br><br>Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov<br><br>Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net<br><br>Aaron L. Casagrande Aaron.casagrande@Icemiller.com<br><br>Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com<br><br>Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com<br><br>David V. Fontana dfont@gebsmith.com<br><br>Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com<br><br>Richard Marc Goldberg rmg@shapirosher.com, ejd@shapirosher.com<br><br>Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com<br><br>Kyle Steven Kushner kyle@lawrencelawllc.com<br><br>Jeffery Thomas Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com<br><br>Frank J. Mastro fmastro@schlosslaw.com<br><br>Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com | Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov<br><br>Joshua D. Bradley jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com<br><br>Richard C. Burch rcb@mhblaw.com<br><br>Aaron L. Casagrande Aaron.casagrande@Icemiller.com<br><br>Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com<br><br>Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com<br><br>Scott W. Foley swf@shapirosher.com, ajs@shapirosher.com, ens@shapirosher.com, blr@shapirosher.com, LAR@shapirosher.com<br><br>Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com<br><br>Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com<br><br>Jeffrey Greenberg jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com,<br><br>Zvi Guttman zguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com<br><br>Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com<br><br>Andrew Janquitto aj@mhblaw.com<br><br>Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com |

| | |
|---|---|
| John E Reid jack@martinlawgroup.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com<br><br>Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com<br><br>Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com<br><br>Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com<br><br>Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com, brent-strickland-3227@ecf.pacerpro.com<br><br>Morgan Taylor morgan.taylor@icemiller.com<br><br>US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV<br><br>Gerard R. Vetter gerard.r.vetter@usdoj.gov<br><br>Shawn C Whittaker shawn@whittaker-law.com<br><br>Heather Kirkwood Yeung hyeung@darslaw.com | Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com<br><br>Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com<br><br>Benjamin Smith bsmith@shulmanrogers.com, vdeguzman@shulmanrogers.com, mzawalick@shulmanrogers.com, tlong@shulmanrogers.com, cwarren@shulmanrogers.com rparadis@shulmanrogers.com<br><br>Morgan Taylor morgantaylor@icemiller.com<br><br>Andre' R Weitzman aequityhouse@aol.com<br><br>Heather Kirkwood Yeung hyeung@darslaw.com |

(b) via first-class mail, postage prepaid, as follows:

| | |
|---|---|
| Chasen Construction LLC<br>Attn: Brandon Chasen<br>Brandon M. Chasen, Sr.<br>12 W. Montgomery Street<br>Baltimore, MD 21230<br><br>Robert L. Patrick<br>SC&H Group, Inc.<br>226 Schilling Circle, Suite 300<br>Hunt Valley, MD 21031<br><br>Shepherd Electric Co., Inc.<br>c/o Douglas H, Seitz, Esq.<br>1 Olympic Place, Suite 800<br>Towson, MD 21204 | Larry Strauss<br>Larry Strauss ESQ CPA & Assoc., Inc.<br>2310 Smith Avenue<br>Baltimore, MD 21209<br><br>American Express National Bank<br>115 W. Towne Ridge Parkway<br>Sandy, UT 84070<br>   serve: Anré Williams, Chief Executive Officer<br>       200 Vesey Street<br>       New York, NY 10285 |

                                    */s/ Frank J. Mastro*

                                    /s/ Zvi Guttman