IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>CHASEN CONSTRUCTION, LLC,<br><br>  Debtor. | Case No. 25-12356-NVA<br><br>(Chapter 11) |
| In re:<br><br>BRANDON M. CHASEN SR.<br><br>  Debtor. | Case No. 25-15437-NVA<br><br>(Chapter 7) |

**MOTION FOR ISSUANCE OF SHOW CAUSE ORDER TO GOOGLE, LLC
FOR FAILURE TO OBEY SUBPOENAS FOR RULE 2004 EXAMINATION**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and hereby move this Court to issue an *Order* directing non-party witness Google, LLC ("Google" or "Respondent") to show cause why it should not be held in contempt for failing to appear in response to *Subpoenas for Rule 2004 Examination* (the "*Rule 2004 Subpoenas*") duly served upon it by the Trustees. In support of this motion, the Trustees respectfully state:

1. On October 28, 2025, the Trustees filed a *Motion for Rule 2004 Examination of Google, LLC* (the "*Motion*"), in which they sought authority to examine Google to, *inter alia*, learn more and obtain documents, data, records, electronically stored information, and logs, hosted on Google's cloud platform by Debtor Chasen Construction, its numerous affiliated business entities

(the "Chasen Related Entities"), Debtor Brandon Chasen, and Paul Davis, a co-owner of Chasen Construction, including email accounts and documents deleted by Mr. Chasen.

2.  On November 20, 2025, this Court entered an *Order Granting Trustees' Motion for Rule 2004 Examination of Google, LLC* in each case (the "*Rule 2004 Orders*"), as no timely opposition had been interposed by any person.

3.  On December 1, 2025, the Trustees issued identical *Rule 2004 Subpoenas to Google, LLC* in each of the above-captioned cases. The *Rule 2004 Subpoenas* sought to compel Google, LLC to appear for examination on January 7, 2026 at 11:00 am. at the offices of SC&H Group, 11000 Broken Land Parkway, 5th Floor, Columbia, MD 21044, and to produce documents at such examination.[1]

4.  On December 2, 2025, the Trustees served the *Rule 2004 Subpoenas* along with a cover letter, copies of the *Rule 2004 Orders*, and a check for the statutory witness and mileage fees (the "*Subpoena Package*") via Federal Express overnight delivery upon Google's resident agent in Maryland, the CSC-Lawyers Incorporating Service Company, located at 7 St. Paul Street, Suite 820, Baltimore, MD 21202. A true and accurate copy of the *Subpoena Package* is attached hereto as **Exhibit 1**.

5.  Google's resident agent accepted service of the *Subpoena Package* on December 3, 2025. *See* Proof of Service, attached hereto as **Exhibit 2**.

6.  On January 7, 2026, the Trustees convened the Rule 2004 examination of Google in accordance with the *Rule 2004 Subpoenas*. However, a representative of Google did not appear

---

[1] The Trustees selected SC&H Group's Columbia office as the location of the examination because it is less than 100 miles from Google's physical office locations at 25 Massachusetts Ave. NW, Washington, DC 20001 and 1900 Reston Metro Plaza, Reston, VA 20190. *See* https://about.google/company-info/locations/; Fed. R. Civ. P. 45(c)(1)(A) (subpoena may command a person to attend deposition within 100 miles of where the person regularly transacts business in person).

at the examination, nor did Google produce any documents. The Trustees placed a statement on the record memorializing Google's failure to obey the *Rule 2004 Subpoena*. *See* Statement on the Record in Lieu of Deposition of Google, LLC, attached hereto as **Exhibit 3**.

7. Rule 45(g) of the Federal Rules of Civil Procedure, which is incorporated herein by Federal Rule of Bankruptcy Procedure 9016, provides that a court "may hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." *See* Fed. R. Civ. P. 45(g).

8. The *Rule 2004 Subpoenas* to Google satisfied all of the technical requirements of Rules 45(a) and (c). *See* Fed. R. Civ. P. 45. The Trustees properly served the *Rule 2004 Subpoenas* in accordance with Rule 45(b). *See* Fed. R. Civ. P. 45(b).

9. Google did not file any motion to modify or quash the *Rule 2004 Subpoenas* pursuant to Rule 45(d), *see* Fed. R. Civ. P. 45(d), nor did it make any claim of privilege pursuant to Rule 45(e). *See* Fed. R. Civ. P. 45(e).

10. "Absent a timely motion to quash or modify or an assertion of privilege, the Court may exercise its discretion and direct [the person served with the subpoena] to appear before the Court to provide adequate excuse for his failure to comply with the subpoena." *See Anderson v. Prince George's County*, 2014 WL 2926537, *2 (D. Md. June 26, 2014) (citing *Dunkin' Donuts, Inc. v. Three Rivers Entm't & Travel*, 42 F. App'x 573, 575, 2002 WL 1733832, *1 (4th Cir. July 29, 2002) ("[A]lthough there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner'") (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975)).

3

11.     Accordingly, the Trustees respectfully request that a representative of Google be ordered to appear before the Court to explain why Google should not be held in contempt for its failure to obey the *Rule 2004 Subpoenas*. *See Anderson*, 2014 WL 2926537 at *2.

12.     Pursuant to Local Rule 9013-2, the Trustee states that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

WHEREFORE, the Trustees respectfully request that the Court issue an *Order to Show Cause* commanding a representative of Google, LLC to appear before the Court to show cause why it should not be held in contempt for failing to respond to the *Rule 2004 Subpoenas* served on it by the Trustees.

    Respectfully submitted,

    SCHLOSSBERG | MASTRO

    */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

    */s/ Zvi Guttman*
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of **February 2026**, a copy of the foregoing *Motion for Issuance of Show Cause Order to Google, LLC for Failure to Obey Subpoenas for Rule 2004 Examination* together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served upon all parties listed on the attached *CM-ECF Mailing Information* for each case:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon; and

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice Lists* as follows:

Chasen Construction LLC
Attn: Brandon Chasen
12 W. Montgomery Street
Baltimore, MD 21230

Larry Strauss
Larry Strauss ESQ CPA & Assoc., Inc.
2310 Smith Avenue
Baltimore, MD 21209

Robert L. Patrick
SC&H Group, Inc.
226 Schilling Circle, Suite 300
Hunt Valley, MD 21031

Shepherd Electric Co., Inc.
c/o Douglas H. Seitz, Esq.
1 Olympic Place, Suite 800
Towson, MD 21204

Further, additional copies of the *Service Set* were served via first-class mail, postage prepaid, upon:

Google LLC
c/o CSC-Lawyers Incorporating Service
  Company, Resident Agent
7 St. Paul Street, Suite 820
Baltimore MD 21202

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

　　　　　　　　　　　　　　　　　　*/s/ Frank J. Mastro*
　　　　　　　　　　　　　　　　　　Frank J. Mastro