IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| CHASEN CONSTRUCTION, LLC, | ) Case No. 25-12356-NVA |
| | ) |
| Debtor. | ) (Chapter 11) |
| | ) |
| In re: | ) |
| | ) |
| BRANDON M. CHASEN SR., | ) Case No. 25-15437-NVA |
| | ) |
| Debtor. | ) (Chapter 7) |
| | ) |

**AMENDED MOTION FOR RULE 2004 EXAMINATION**
**(Catherine Chasen)**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Amended Motion for Rule 2004 Examination of Catherine Chasen* (the "*Motion*"), hereby respectfully represents as follows:

**Background**

1.      On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2.     On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356]. Following the conduct of expedited proceedings on that *Emergency Motion* commencing on March 24, 2025, this Court orally announced its ruling on March 25, 2025 and subsequently caused to be issued on March 26, 2025 its *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3.     Mr. Schlossberg thereafter was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11 Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4.     On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction,[1] upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-12437].

5.     On July 11, 2025, Mr. Chasen moved to convert Case No. 25-12437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-12437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-12437].

6.     Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate.  Following the convening of that meeting of creditors required to be

---

[1] Mr. Chasen owns 50% of the membership interest in Chasen Construction, LLC. Paul W. Davis owns the remaining 50% membership interest in Chasen Construction.

conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

### Jurisdiction, Venue, *Etc.*

7.     This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

### Parties

8.     Your Movants jointly seek authority by the instant *Motion* to conduct an examination pursuant to the provisions of Bankruptcy Rule 2004.

9.     The party as to whom your Movants seek to examine pursuant to the provisions of Bankruptcy Rule 2004 is Catherine Chasen (hereinafter referred to as "Mrs. Chasen"), a resident of Phoenix, Maryland and the estranged spouse of Debtor Brandon Chasen.

### Legal Authority for Rule 2004 Examination

10.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004 permits the "examination of an entity . . . relat[ing] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" *Id.* The term "entity" includes any governmental unit. 11 U.S.C. §101(15).

11.     Bankruptcy Rule 2004 uniformly has been held to provide a broad power to investigate *any* matter that may affect the administration of the estate, particularly regarding the

discovery of assets of estate and exposure of any fraudulent conduct. *See In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). The Rule is designed to provide a "sweeping general examination" of debtors, the scope of which is "unfettered and broad." *In re Symington*, 209 B.R. at 683; *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The scope of a Bankruptcy Rule 2004 examination, in fact, is so broad it has been characterized as a "fishing expedition." *In re Szadkowski*, 198 B.R. 140, 140 (Bankr. D. Md. 1996); *In re Duratech Indus.*, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (N.D.N.Y. 1999).

### **Factual Predicate for the Instant Rule 2004 Examination**

12.     Upon investigation into the assets, business operations, and financial affairs of Chasen Construction and its numerous affiliated business entities (hereinafter referred to as the "Chasen Related Entities") and Mr. Chasen, the Trustees learned that Catherine Chasen has been intimately intertwined with the financial affairs of both Chasen Construction and Mr. Chasen. For example, between March 2022 and April 2024, Chasen Construction transferred more than $2.7 million to an account at Bank of America ("BOA") titled jointly in the names of Mr. and Mrs. Chasen ("the BOA Joint Account"). Approximately $1.3 million of the aforementioned sum transferred by Chasen Construction to the BOA Joint Account was then transferred to a personal account at BOA belonging to Mrs. Chasen. Thereafter, Mrs. Chasen utilized these funds to pay more than $350,000 to various third parties via VENMO.

13.     In the course of their investigation, the Trustees further learned that more than $1 million of the aforementioned sum transferred by Chasen Construction to the BOA Joint Account

was then paid to JP Morgan Chase Bank ("Chase Bank") for the benefit of Mrs. Chasen's personal credit card account with Chase Bank.

14.     Accordingly, the Trustees desire to examine Mrs. Chasen to learn more about the aforementioned transactions and accounts. The Trustees also desire to explore Mrs. Chasen's financial relationships with Mr. Chasen, Chasen Construction, and various Chasen Related Entities. The Trustees also desire to probe Mrs. Chasen's knowledge regarding various matters pertaining to the Debtors' estates, including but not limited to the potential assets of the Debtors as well as the unexplained dissipation of certain assets formerly held by the Debtors.

15.     The Trustees also seek to obtain documents, including ESI, from Mrs. Chasen regarding, *inter alia*: (a) Mrs. Chasen's joint accounts with Mr. Chasen; (b) accounts titled in the name of Mrs. Chasen that received transfers of funds from Mr. Chasen, Chasen Construction or any Chasen Related Entity; (c) accounts titled in the name of Mrs. Chasen that made transfers of funds to Mr. Chasen, Chasen Construction or any Chasen Related Entity; (d) monthly statements for all identified accounts in which such transfers were made; (e) records of individual transactions; and (f) various other matters pertaining to the estates of the Debtors.

16.     Accordingly, your Movants now seek leave by the instant *Motion* to take the Rule 2004 examination of Mrs. Chasen and to request the production of documents from said examinee pursuant to a standard *Subpoena for Rule 2004 Examination*.

17.     Movants respectfully urge that the requested Rule 2004 examination is in the best interests of creditors and all parties-in-interest in the above-captioned bankruptcy cases.

18.     Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

## Conclusion

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant *Motion* and order that a Rule 2004 examination of Catherine Chasen be conducted herein.

Respectfully submitted,

SCHLOSSBERG | MASTRO


 */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

and

THE LAW OFFICES OF ZVI GUTTMAN, P.A.


 */s/ Zvi Guttman*
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*


*Certificate of Service appears on the following page*

6

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this *1st* day of ***April 2026***, a copy of the foregoing *Amended Motion for Rule 2004 Examination of Catherine Chasen*, together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon as follows;

| 25-12356 Notice will be electronically mailed to: | 25-15437 Notice will be electronically mailed to: |
|---|---|
| Brian E. Barkley bbarkley@barkenlaw.com | Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov |
| Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov | Joshua D. Bradley jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com |
| Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net | Richard C. Burch rcb@mhblaw.com |
| Aaron L. Casagrande Aaron.casagrande@Icemiller.com | Aaron L. Casagrande Aaron.casagrande@Icemiller.com |
| Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com | Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com |
| Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com | Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com |
| David V. Fontana dfont@gebsmith.com | Scott W. Foley swf@shapirosher.com, ajs@shapirosher.com, ens@shapirosher.com, blr@shapirosher.com, LAR@shapirosher.com |
| Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com | Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com |
| Richard Marc Goldberg rmg@shapirosher.com, ejd@shapirosher.com | Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com | Jeffrey Greenberg jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com, |
| Jeffery Thomas Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com | Zvi Guttman zguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Frank J. Mastro fmastro@schlosslaw.com | Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com | Andrew Janquitto aj@mhblaw.com |
| John E Reid jack@martinlawgroup.com, brittany@martinlawgroup.com, | Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com |

| | |
|---|---|
| Diana@martinlawgroup.com | Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com |
| Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com | Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com |
| Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com | Benjamin Smith bsmith@shulmanrogers.com, vdeguzman@shulmanrogers.com, mzawalick@shulmanrogers.com, tlong@shulmanrogers.com, cwarren@shulmanrogers.com rparadis@shulmanrogers.com |
| Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com | |
| Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com, brent-strickland-3227@ecf.pacerpro.com | |
| Morgan Taylor morgan.taylor@icemiller.com | Morgan Taylor morgantaylor@icemiller.com |
| US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV | Andre' R. Weitzman aequityhouse@aol.com |
| Maurice Belmont VerStandig mac@mbvesq.com, lisa@mvbesq.com, mahlon@dcbankruptcy.com, mac@dcbankruptcy.com, verstandiglaw@recap.email, verstandig.mauricer1104982@notify.bestcase.com | Heather Kirkwood Yeung hyeung@darslaw.com |
| Gerard R. Vetter gerard.r.vetter@usdoj.gov | |
| Shawn C Whittaker shawn@whittaker-law.com | |
| Heather Kirkwood Yeung hyeung@darslaw.com | |

(b) via first-class mail, postage prepaid, as follows:

| | |
|---|---|
| Chasen Construction LLC c/o Brandon M. Chasen, Sr. 1501 Yamato Road, Suite 3007 Boca Raton, FL 33431 | Larry Strauss Larry Strauss ESQ CPA & Assoc., Inc. 2310 Smith Avenue Baltimore, MD 21209 |
| Robert L. Patrick SC&H Group, Inc. 226 Schilling Circle, Suite 300 Hunt Valley, MD 21031 | Catherine Lawrence Lawrence Law, LLC 32 W. Camden Street, Suite 700 Baltimore, MD 21201 |
| Shepherd Electric Co., Inc. c/o Douglas H, Seitz, Esq. 1 Olympic Place, Suite 800 Towson, MD 21204 | Catherine Chasen 13916 Green Branch Drive Phoenix, MD 21131 |

*/s/ Frank J. Mastro*

*/s/ Zvi Guttman*

8