IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHASEN CONSTRUCTION, LLC, | ) | Case No. 25-12356-NVA |
| | ) | |
| Debtor. | ) | (Chapter 11) |
| | ) | |
| In re: | ) | |
| | ) | |
| BRANDON M. CHASEN SR., | ) | Case No. 25-15437-NVA |
| | ) | |
| Debtor. | ) | (Chapter 7) |
| | ) | |

**TRUSTEES' JOINT APPLICATION FOR AUTHORITY TO EMPLOY
GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL**

Roger Schlossberg, Chapter 11 Trustee ("Mr. Schlossberg" or the "Chapter 11 Trustee") in the case of *In re Chasen Construction, LLC*, Case No. 25-12356-NVA, and Zvi Guttman, Chapter 7 Trustee ("Mr. Guttman" or the "Chapter 7 Trustee") in the case of *In re Brandon M. Chasen, Sr.*, Case No. 25-15437-NVA (the Chapter 11 Trustee and the Chapter 7 Trustee are referred to herein collectively as the "Trustees"), by and through their respective undersigned counsel, and hereby jointly apply (this "Joint Application") for authority to employ and retain Greenberg Traurig, LLP ("GT") as special counsel to the Trustees, pursuant to 11 U.S.C. § 327(e). In support of this Joint Application, the Trustees respectfully represent as follows:

**I. BACKGROUND**

1.　　On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2.　　On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356] and on March 26, 2025 the Court entered an *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3.        Thereafter, Mr. Schlossberg was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction (the "LLC Estate"). [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11 Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4.        On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction, upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-15437].

5.        On July 11, 2025, Mr. Chasen moved to convert Case No. 25-15437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-15437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-15437].

6.        Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate (the "Individual Estate").  Following the convening of that meeting of creditors required to be conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11  U.S.C. § 702(d).

### Jurisdiction, Venue, *Etc*.

7.        This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

8.         The Debtor, Brandon M. Chasen, Sr., was the majority owner and managing member of Chasen Construction and more than one hundred (100) affiliated entities. These entities operated with a high degree of financial interrelationship, maintained shared books and records, and engaged in a dense and complex web of inter-party transfers. Their financial transactions cannot reasonably be understood in isolation; the same body of data and financial activity must be reviewed and analyzed across all entities and the Debtor's personal estate.

9.        This Court has previously authorized the joint retention of SC&H Group, Inc. ("SC&H") as financial advisors to both Trustees.  [Dkt. #138 in Case No. 25-12356; Dkt. #147 in Case No. 25-

ACTIVE 724099993v3

15437]. This joint retention was expressly contemplated, vetted, and approved with input from the United States Trustee. The rationale for that joint retention—the inextricable intertwining of the two estates' financial records and the inefficiency of duplicative parallel investigations—applies with equal force to the proposed engagement of GT.

## II. SCOPE OF EMPLOYMENT

10.     In order to discharge their duties as Trustees, including conducting broad-ranging investigations and pursuing recoveries for the benefit of the respective bankruptcy estates (collectively, the "Estates"), the Trustees require experienced litigation and special counsel to pursue legal actions.

11.     Specifically, the Trustees seek to employ GT as special counsel to represent the Trustees jointly in pursuing the "Actions," as that term is defined in the Engagement Agreement between GT and the Trustees dated as of May 14, 2026 (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit 1** and incorporated herein by reference. As described in the Engagement Agreement, the Actions include any right, claim or remedy, including fraudulent transfer actions, avoidance actions, breaches of fiduciary duties, unlawful dividends, tort claims, and all actions derivative of such claims belonging to the Estates or which the Estates would have the right to assert, directly or indirectly, against any party, as agreed to between GT and the Trustees. If GT has a conflict with respect to any potential litigation defendant, GT will advise the Trustee of the existence of such conflict, and the Trustees would (subject to Bankruptcy Court approval) retain separate conflicts counsel to pursue such claims.

12.     It is currently contemplated that the parties will seek confirmation of a chapter 11 plan of liquidation and, as part of such plan, contribute all Actions to one or more litigation/liquidating trusts. It is further contemplated that any such plan will incorporate the terms of GT's engagement as special counsel.

## III. GT'S QUALIFICATIONS

13.     GT is a leading international law firm with extensive experience in complex commercial litigation, fraudulent transfer and avoidance actions, and bankruptcy matters. The attorneys primarily responsible for this engagement—Michael Fisco, Peter Kieselbach, and Michael Krauss—have substantial experience in complex litigation and bankruptcy-related recovery actions of the type contemplated here.

3

14. Their credentials and relevant experience are set forth in the Verified Statement of Peter D. Kieselbach in Support of Application for Authority to Employ Greenberg Traurig, LLP as Special Counsel attached hereto as **Exhibit 2** and incorporated herein by reference.

## IV. BASIS FOR JOINT RETENTION

15. The Bankruptcy Code provides that, with the Court's approval, a trustee "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." *See* 11 U.S.C. § 327(a).

16. As set forth in the attached Verified Statement, GT (a) does not hold or represent an interest adverse to the estate and (b) is disinterested. Accordingly, GT is eligible for employment under 11 U.S.C. § 327(a) to represent the Estates as special counsel in pursuing the Actions.

17. The Trustees and GT have carefully considered the implications of joint retention and have concluded, consistent with this Court's prior approval of the SC&H joint retention, that joint retention of GT is appropriate and beneficial to both Estates. The same conditions and limitations that this Court imposed with respect to SC&H's joint retention should apply to GT's employment, with appropriate modifications to reflect the nature of the legal services being provided.

18. First, unlike counsel serving in an advocacy role on matters specific to one estate, GT will be representing both Trustees jointly in pursuing the Actions, which arise from the very same complex web of transactions, entities, and transfers that must be unraveled to benefit both Estates. The function here is analogous to—and indeed, complementary to—the joint financial advisory services being provided by SC&H.

19. Second, at this juncture the interests of the two Estates are aligned with respect to the Actions. The Trustees share the goal of identifying, investigating, and recovering assets that flowed through the Debtors and their affiliates. The Trustees' interests are further aligned in that they seek to determine where the Debtors' assets went and whether they can be recovered for the benefit of creditors in both cases. Should the answers to those inquiries give rise to an actual conflict between the Estates, the Trustees and GT are duty-bound to report such conflict to the Court and make such other arrangements as may be required.

20. Third, separate independent trustees have been appointed in each of these cases and each has retained separate independent general counsel. This structure—which mirrors the SC&H arrangement—addresses the principal policy concerns regarding dual representation by ensuring that

4

independent fiduciaries are monitoring the engagement and that GT's services as special counsel are not substituting for independent professional judgment by either Trustee.

21.     Finally, the parties note that they are operating under a common interest understanding and that all documents, communications, and disclosures by and among the Trustees and their professionals, including GT, do not constitute a waiver of the attorney-client privilege, the work product privilege, the joint defense privilege, or any other privilege or immunity available to them.

## V. TERMS OF COMPENSATION

22.     GT has agreed to represent the Trustees jointly in pursuing the Actions on a contingency fee basis equal to one-third (1/3) of any gross recoveries to the Estates, whether from cash payments or the value of any property returned to the Estates (the "Contingency Fee").  All costs incurred or advanced  by GT (including any advances for expert witness fees/expenses) will be paid from recoveries achieved from GT's efforts and in addition to the Contingency Fee. If there are insufficient funds to pay GT's costs from recoveries, the Estates will pay such costs from funds otherwise distributable by the Estates.  GT may advance funds to pay expert witness fees and expenses, subject to further agreement between GT and the Trustees as to the terms of any such advance and, if applicable, Bankruptcy Court approval.

23.     All compensation to be paid to GT for its services as counsel in these cases is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331 and applicable Bankruptcy Rules.

## VI. CONDITIONS AND LIMITATIONS ON JOINT EMPLOYMENT

24.     To effectuate the Trustees' agreement regarding the terms of GT's joint employment and consistent with this Court's order regarding SC&H's joint employment, the Trustees propose that the following conditions and limitations apply to GT's joint employment:

      a.   **Adverse Proceedings.** In the event there is any proceeding in which the Individual Estate and the LLC Estate are adverse to each other, neither GT nor any of its attorneys or representatives may serve as or testify as an expert witness in connection with the proceeding.

      b.   **Allocation of Costs and Expenses; Administrative Insolvency.** From and after the date of entry of the Order approving this Joint Application, there shall be a rebuttable presumption that any costs and expenses of GT, to the extent not paid out of gross recoveries from GT's efforts, shall appropriately be split evenly between the Individual Estate and the LLC Estate. Any party-in-interest, including the Trustees, the Individual

5

Estate, the LLC Estate and the United States Trustee, may object to and present evidence to rebut this presumption with respect to any such costs and expenses of GT.  In the event one of the two Estates is or becomes administratively insolvent, the presumption described above shall be deemed rebutted. In such event, the solvent estate shall pay the allowed portion of GT's costs and expenses that is not paid by the administratively insolvent estate, unless, with respect to said portion of GT's costs and expenses, a party in interest objects and presents clear and convincing evidence that a different allocation between the Estates is appropriate. Notwithstanding the foregoing, both Estates shall be jointly and severally liable for reimbursement of costs and expenses due to GT, and any disputes or issues concerning allocation between the Estates shall not impact GT's right, subject to an Order of this Court, to reimbursement of such costs and expenses out of gross recoveries from GT's efforts.

c. **Actual Conflict.** In the event an actual conflict arises between the Individual Estate and the LLC Estate regarding the joint employment of GT, the Trustees shall promptly inform the Court and the Office of the United States Trustee of such actual conflict and shall propose a resolution consistent with the intentions of the Trustees as set forth in this Joint Application.

## VII. NOTICE

25.     Notice of this Joint Application has been provided to all parties requesting notice in both cases and to the United States Trustee. The Trustees submit that such notice is appropriate and adequate under the circumstances.

WHEREFORE, for the foregoing reasons, the Trustees respectfully request that this Honorable Court enter an Order:

(a)     GRANTING this Joint Application;

(b)     AUTHORIZING the Chapter 11 Trustee and the Chapter 7 Trustee to jointly employ and retain Greenberg Traurig, LLP as special counsel to the Trustees, effective as of the date of the filing of this Joint Application, upon the terms and conditions set forth in the Engagement Agreement and subject to the conditions and limitations set forth herein; and

(c)     GRANTING such other and further relief as the nature of the cause and the interests of justice may require.

ACTIVE 724099993v3

| SCHLOSSBERG \| MASTRO | THE LAW OFFICES OF ZVI GUTTMAN, P.A. |
|---|---|
| By:    /s/ Roger Schlossberg | By:    /s/ Zvi Guttman |
| Roger Schlossberg | Zvi Guttman, (06902) |
| Frank J. Mastro (24679) | The Law Offices of Zvi Guttman, P.A. |
| P.O. Box 2067 | Post Office Box 32308 |
| Hagerstown, MD 21742-2067 | Baltimore, Maryland 21282 |
| Telephone: (301) 739-8610 | Telephone: (410) 580-0500 |
| fmastro@schlosslaw.com | Zvi@ZviGuttman.com |
| rschlossberg@schlosslaw.com | |
| | |
| Attorneys for Chapter 11 Trustee | Attorney for Chapter 7 Trustee |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of May 2026, a copy of the foregoing *Trustees' Joint Application for Authority to Employ Greenberg Traurig, LLP as Special Counsel*, together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon as follows;

| 25-12356 Notice will be electronically mailed to: | 25-15437 Notice will be electronically mailed to: |
|---|---|
| Brian E. Barkley bbarkley@barkenlaw.com | Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov |
| Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov | Joshua D. Bradley jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com |
| Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net | Richard C. Burch rcb@mhblaw.com |
| Aaron L. Casagrande Aaron.casagrande@Icemiller.com | Aaron L. Casagrande Aaron.casagrande@Icemiller.com |
| Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com | Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com |
| Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com | Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com |
| David V. Fontana dfont@gebsmith.com | Scott W. Foley swf@shapirosher.com, ajs@shapirosher.com, ens@shapirosher.com, blr@shapirosher.com, LAR@shapirosher.com |
| Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com | Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com |
| Richard Marc Goldberg rmg@shapirosher.com, ejd@shapirosher.com | |
| Zvi Guttman zvi@zviguttman.com, | |

ACTIVE 724099993v3

| | |
|---|---|
| zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com | Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| Jeffery Thomas Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com | Jeffrey Greenberg jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com, |
| Frank J. Mastro fmastro@schlosslaw.com | Zvi Guttman zguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com | Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| John E Reid jack@martinlawgroup.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com | Andrew Janquitto aj@mhblaw.com |
| Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com | Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com |
| Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com | Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com |
| Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com | Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com |
| Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com, brent-strickland-3227@ecf.pacerpro.com | Benjamin Smith bsmith@shulmanrogers.com, vdeguzman@shulmanrogers.com, mzawalick@shulmanrogers.com, tlong@shulmanrogers.com, cwarren@shulmanrogers.com rparadis@shulmanrogers.com |
| Morgan Taylor morgan.taylor@icemiller.com | Morgan Taylor morgantaylor@icemiller.com |
| US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV | Andre' R. Weitzman aequityhouse@aol.com |
| Maurice Belmont VerStandig mac@mbvesq.com, lisa@mvbesq.com, mahlon@dcbankruptcy.com, mac@dcbankruptcy.com, verstandiglaw@recap.email, verstandig.mauricer1104982@notify.bestcase.com | Heather Kirkwood Yeung hyeung@darslaw.com |
| Gerard R. Vetter gerard.r.vetter@usdoj.gov | |
| Shawn C Whittaker shawn@whittaker-law.com | |
| Heather Kirkwood Yeung hyeung@darslaw.com | |

(b) via first-class mail, postage prepaid, as follows:

| | |
|---|---|
| Chasen Construction LLC c/o Brandon M. Chasen 1501 Yamato Road, Suite 3007 Boca Raton, FL 33431 | Larry Strauss Larry Strauss ESQ CPA & Assoc., Inc. 2310 Smith Avenue Baltimore, MD 21209 |
| Robert L. Patrick SC&H Group, Inc. 226 Schilling Circle, Suite 300 | Catherine Lawrence Lawrence Law, LLC 32 W. Camden Street, Suite 700 |

8

| | |
|---|---|
| Hunt Valley, MD 21031<br><br>Shepherd Electric Co., Inc.<br>c/o Douglas H, Seitz, Esq.<br>1 Olympic Place, Suite 800<br>Towson, MD 21204<br><br>Peter D. Kieselbach<br>Greenberg Traurig<br>90 South 7th St.<br>Suite 3500<br>Minneapolis, MN 55402 | Baltimore, MD 21201<br><br>Fidelity Brokerage Services LLC<br>c/o The Corporation Trust, Inc., Resident Agent<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093 |

*/s/ Frank J. Mastro*

*/s/ Zvi Guttman*

9

ACTIVE 724099993v3