Entered: June 22nd, 2026
Signed: June 18th, 2026

**SO ORDERED**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 25-12356-NVA |
| CHASEN CONSTRUCTION, LLC, | ) |
| | ) |
| Debtor. | ) (Chapter 11) |
| | ) |
| | ) |
| In re: | ) |
| | ) |
| | ) |
| BRANDON M. CHASEN SR., | ) Case No. 25-15437-NVA |
| | ) |
| Debtor. | ) (Chapter 7) |
| | ) |

**ORDER AUTHORIZING TRUSTEES TO JOINTLY EMPLOY AND RETAIN GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL TO THE TRUSTEES**

Upon consideration of the *Trustees' Joint Application for Authority to Employ Greenberg Traurig, LLP as Special Counsel* (the "Joint Application"), filed jointly by Roger Schlossberg, Chapter 11 Trustee (the "Chapter 11 Trustee") in *In re Chasen Construction, LLC*, Case No. 25-12356-NVA, and Zvi Guttman, Chapter 7 Trustee (the "Chapter 7 Trustee") in *In re Brandon M. Chasen, Sr.*, Case No. 25-15437-NVA (the Chapter 11 Trustee and the Chapter 7 Trustee are referred to herein collectively as the "Trustees"); and upon the Verified Statement of Peter D. Kieselbach filed in support thereof; and the Court being satisfied that Greenberg Traurig, LLP ("GT") does not hold or represent any interest adverse to the bankruptcy estates and is disinterested, and that the proposed employment is in the best interests of the respective bankruptcy estates; and sufficient notice of the Joint Application having been given, and no objection having been filed or any objection having been considered and overruled; and good cause appearing therefore; it is hereby:

**ORDERED**, that the Joint Application is GRANTED; and it is further

**ORDERED**, that the Trustees are hereby authorized to jointly employ and retain Greenberg Traurig, LLP as special counsel to the Trustees, effective as of the date of the filing of the Joint Application, pursuant to 11 U.S.C. § 327(a) and the terms and conditions of the Engagement Agreement dated as of May 14, 2026, and subject to the following conditions and limitations; and it is further

ACTIVE 724099994v3

**ORDERED**, that the following conditions and limitations shall apply to GT's joint employment:

(a)     **Adverse Proceedings.** In the event there is any proceeding in which the estate of Brandon Chasen (the "Individual Estate) and the estate of Chasen Construction LLC (the "LLC Estate" and together with the Individual Estate, the "Estates") are adverse to each other, neither GT nor any of its attorneys or representatives may serve as or testify as an expert witness in connection with the proceeding.

(b)     **Allocation of Costs and Expenses; Administrative Insolvency.** From and after the date of entry of this Order, there shall be a rebuttable presumption that any costs and expenses of GT, to the extent not paid out of gross recoveries from GT's efforts, shall appropriately be split evenly between the Individual Estate and the LLC Estate. Any party-in-interest, including the Trustees, the Individual Estate, the LLC Estate and the United States Trustee, may object to and present evidence to rebut this presumption with respect to any such costs and expenses of GT.  In the event one of the two Estates is or becomes administratively insolvent, the presumption described above shall be deemed rebutted. In such event, the solvent estate shall pay the allowed portion of GT's costs and expenses that is not paid by the administratively insolvent estate, unless, with respect to said portion of GT's costs and expenses, a party in interest objects and presents clear and convincing evidence that a different allocation between the Estates is appropriate. Notwithstanding the foregoing, both Estates shall be jointly and severally liable for reimbursement of costs and expenses due to GT, and any disputes or issues concerning allocation between the Estates shall not impact GT's right, subject to an Order of this Court, to reimbursement of such costs and expenses out of gross recoveries from GT's efforts.

(c)     **Actual Conflict.** In the event an actual conflict arises between the Individual Estate and the LLC Estate regarding the joint employment of GT, the Trustees shall promptly inform the Court and the Office of the United States Trustee of such actual conflict and shall propose a resolution consistent with the intentions of the Trustees of those estates as set forth in the Joint Application.

**ORDERED**, that GT shall be compensated for its services as special counsel in accordance with the Engagement Agreement and applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 327, 330, and 331, subject to further Order of this Court; and it is further

**ORDERED**, that the terms and conditions of this Order shall apply in both Case No. 25-12356-NVA and Case No. 25-15437-NVA; and it is further

2

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

cc:     Zvi Guttman
        Roger Schlossberg
        Frank J. Mastro, Esq.

**END OF ORDER**