IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>CHASEN CONSTRUCTION, LLC,<br><br>　　　Debtor. | )<br>)<br>) Case No. 25-12356-NVA<br>)<br>)<br>) (Chapter 11)<br>) |
| In re:<br><br>BRANDON M. CHASEN SR.,<br><br>　　　Debtor. | )<br>)<br>)<br>) Case No. 25-15437-NVA<br>)<br>) (Chapter 7)<br>) |

**MOTION FOR RULE 2004 EXAMINATION**
**(Truist Bank)**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Motion for Rule 2004 Examination of Truist Bank* (the "*Motion*"), hereby respectfully represents as follows:

**Background**

1.　　On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2.	On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356]. Following the conduct of expedited proceedings on that *Emergency Motion* commencing on March 24, 2025, this Court orally announced its ruling on March 25, 2025 and subsequently caused to be issued on March 26, 2025 its *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3.	Mr. Schlossberg thereafter was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11 Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4.	On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction,[1] upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-15437].

5.	On July 11, 2025, Mr. Chasen moved to convert Case No. 25-15437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-15437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-15437].

6.	Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate.  Following the convening of that meeting of creditors required to be

---

[1] Mr. Chasen owns 50% of the membership interest in Chasen Construction, LLC. Paul W. Davis owns the remaining 50% membership interest in Chasen Construction.

conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

## Jurisdiction, Venue, *Etc.*

7.      This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

## Parties

8.      Your Movants jointly seek authority by the instant *Motion* to conduct an examination pursuant to the provisions of Bankruptcy Rule 2004.

9.      The party as to whom your Movants seek to examine pursuant to the provisions of Bankruptcy Rule 2004 is Truist Bank (hereinafter referred to as "Truist"), a state bank chartered and existing under the laws of the State of North Carolina which maintains its principal office at 214 North Tryon Street, Charlotte, NC 28202. Truist is a full-service financial institution with more than 1,900 branch locations across 16 jurisdictions, including the State of Maryland. Truist provides, *inter alia*, consumer and small business banking, commercial and corporate banking, investment banking and wealth management services.

## Legal Authority for Rule 2004 Examination

10.      Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004 permits the "examination of an entity . . . relat[ing] only to the acts, conduct, or property or to the liabilities

3

and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" *Id.* The term "entity" includes any governmental unit. 11 U.S.C. §101(15).

11.     Bankruptcy Rule 2004 uniformly has been held to provide a broad power to investigate *any* matter that may affect the administration of the estate, particularly regarding the discovery of assets of estate and exposure of any fraudulent conduct. *See In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). The Rule is designed to provide a "sweeping general examination" of debtors, the scope of which is "unfettered and broad." *In re Symington*, 209 B.R. at 683; *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The scope of a Bankruptcy Rule 2004 examination, in fact, is so broad it has been characterized as a "fishing expedition." *In re Szadkowski*, 198 B.R. 140, 140 (Bankr. D. Md. 1996); *In re Duratech Indus.*, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (N.D.N.Y. 1999).

### Factual Predicate for the Instant Rule 2004 Examination

12.     Upon investigation into the assets, business operations, and financial affairs of Chasen Construction and its numerous affiliated business entities (hereinafter referred to as the "Chasen Related Entities") and Mr. Chasen, the Trustees learned that Mr. Chasen currently maintains one or more bank accounts at Truist. The Trustees have been advised by Mr. Chasen that he funded the Truist account(s) from the proceeds of a purported loan from the Chasen 2022 Family Irrevocable Trust (hereafter the "Chasen Trust"), and also from alleged post-petition earnings.

13.     The Trustees desire to examine Truist to verify the representations made by Mr. Chasen and to learn more about the aforementioned account(s), including their creation and

funding, as well as to ascertain whether Mr. Chasen maintained any other accounts at Truist, either individually or jointly with another person or entity. The Trustees also wish to examine Truist to discover whether Chasen Construction and/or any Chasen Related Entities presently maintain, or previously maintained, any financial accounts at Truist.

14.     The Trustees also seek to obtain documents, including ESI, from Truist regarding: (a) all account(s) maintained at Truist by Mr. Chasen; (b) all account(s) maintained at Truist by Chasen Construction and/or any Chasen Related Entity; (c) monthly statements for all accounts at Truist maintained by any of the foregoing persons and entities; (d) related account notices and correspondence; and (e) records of individual transactions.

15.     Accordingly, your Movants now seek leave by the instant *Motion* to take the Rule 2004 examination of Truist Bank and to request the production of documents from said examinee pursuant to a standard *Subpoena for Rule 2004 Examination*.

16.     Movants respectfully urge that the requested Rule 2004 examination is in the best interests of creditors and all parties-in-interest in the above-captioned bankruptcy cases.

17.     Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

### Conclusion

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant *Motion* and order that a Rule 2004 examination of Truist Bank be conducted herein.

Respectfully submitted,

SCHLOSSBERG | MASTRO

  _/s/ Frank J. Mastro_
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

and

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

  _/s/ Zvi Guttman_
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*


*Certificate of Service appears on the following page*

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **24th** day of **July 2026**, a copy of the foregoing *Motion for Rule 2004 Examination of Truist Bank* together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon as follows;

| 25-12356 Notice will be electronically mailed to: | 25-15437 Notice will be electronically mailed to: |
|---|---|
| Brian E. Barkley bbarkley@barkenlaw.com | Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov |
| Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov | Joshua D. Bradley jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com |
| Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net | Richard C. Burch rcb@mhblaw.com |
| Aaron L. Casagrande Aaron.casagrande@Icemiller.com | Aaron L. Casagrande Aaron.casagrande@Icemiller.com |
| Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com | Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com |
| Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com | Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com |
| David V. Fontana dfont@gebsmith.com | Scott W. Foley swf@shapirosher.com, ajs@shapirosher.com, ens@shapirosher.com, blr@shapirosher.com, LAR@shapirosher.com |
| Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com | Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com |
| Richard Marc Goldberg rmg@shapirosher.com, ejd@shapirosher.com | Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com | Jeffrey Greenberg jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com, |
| Jeffery Thomas Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com | Zvi Guttman zguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Frank J. Mastro fmastro@schlosslaw.com | Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Stephen A. Metz smetz@offitkurma.com, mmargulies@offitkurman.com | Andrew Janquitto aj@mhblaw.com |
| Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com | Frank J. Mastro fmastro@schlosslaw.com |

7

| | |
|---|---|
| John E Reid jack@martinlawgroup.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com<br><br>Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com<br><br>Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com<br><br>Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com<br><br>Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com, brent-strickland-3227@ecf.pacerpro.com<br><br>Morgan Taylor morgan.taylor@icemiller.com<br><br>US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV<br><br>Maurice Belmont Verstandig mac@mvbesq.com, lisa@mvbesq.com, mahlon@dcbankruptcy.com, mac@dcbankruptcy.com, verstandig.mauricer104982 @notify.bestcase.com, verstandiglaw@recap.email<br><br>Shawn C Whittaker shawn@whittaker-law.com | Aaron Drew Neal aneal@mhlawyers.com, byoung@mhlawyers.com<br><br>Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com<br><br>Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com<br><br>Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com<br><br>Benjamin Smith bsmith@shulmanrogers.com, vdeguzman@shulmanrogers.com, mzawalick@shulmanrogers.com, tlong@shulmanrogers.com, cwarren@shulmanrogers.com rparadis@shulmanrogers.com<br><br>Morgan Taylor morgantaylor@icemiller.com<br><br>Andre' R. Weitzman aequityhouse@aol.com |

(b) via first-class mail, postage prepaid, as follows:

| | |
|---|---|
| Chasen Construction LLC<br>c/o Brandon M. Chasen<br>1501 Yamato Road, Suite 3007<br>Boca Raton, FL 33431<br><br>Peter Kieselbach<br>Greenberg Traurig, LLP<br>90 South 7th Street, Suite 3500<br>Minneapolis, MN 55402<br><br>Catherine Lawrence<br>Lawrence Law LLC<br>323 W. Camden Street, Suite 700<br>Baltimore, MD 21201<br><br>Shepherd Electric Co., Inc.<br>c/o Douglas H, Seitz, Esq.<br>1 Olympic Place, Suite 800<br>Towson, MD 21204 | Robert L. Patrick<br>SC&H Group, Inc.<br>226 Schilling Circle, Suite 300<br>Hunt Valley, MD 21031<br><br>Larry Strauss<br>Larry Strauss ESQ CPA & Assoc., Inc.<br>2310 Smith Avenue<br>Baltimore, MD 21209<br><br>Truist Bank<br>c/o CSC-Lawyers Incorporating Service Co.,<br>Resident Agent<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202 |

*/s/ Frank J. Mastro*

/s/ Zvi Guttman