IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>CHASEN CONSTRUCTION, LLC,<br><br>Debtor. | )<br>)<br>) Case No. 25-12356-NVA<br>)<br>)<br>) (Chapter 11)<br>) |
| In re:<br><br>BRANDON M. CHASEN SR.,<br><br>Debtor. | )<br>)<br>)<br>)<br>) Case No. 25-15437-NVA<br>)<br>) (Chapter 7)<br>) |

**MOTION FOR RULE 2004 EXAMINATION**
**(Chasen 2022 Family Irrevocable Trust)**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Motion for Rule 2004 Examination of the Chasen 2022 Irrevocable Trust* (the "*Motion*"), hereby respectfully represents as follows:

**Background**

1.      On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2.      On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356]. Following the conduct of expedited proceedings on that *Emergency Motion* commencing on March 24, 2025, this Court orally announced its ruling on March 25, 2025 and subsequently caused to be issued on March 26, 2025 its *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3.      Mr. Schlossberg thereafter was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11 Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4.      On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction,[1] upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-15437].

5.      On July 11, 2025, Mr. Chasen moved to convert Case No. 25-15437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-15437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-15437].

6.      Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate.  Following the convening of that meeting of creditors required to be

---

[1] Mr. Chasen owns 50% of the membership interest in Chasen Construction, LLC. Paul W. Davis owns the remaining 50% membership interest in Chasen Construction.

conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

### Jurisdiction, Venue, *Etc.*

7.      This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

### Parties

8.      Your Movants jointly seek authority by the instant *Motion* to conduct an examination pursuant to the provisions of Bankruptcy Rule 2004.

9.      The party as to whom your Movants seek to examine pursuant to the provisions of Bankruptcy Rule 2004 is the Chasen 2022 Family Irrevocable Trust (hereinafter referred to as the "Chasen Trust"), a common law irrevocable trust settled by Mr. Chasen on or about August 12, 2022. Matthew A. Mace, Esq., an attorney at the law firm of Baker Donelson in Baltimore, Maryland, is alleged to be the current trustee of the Chasen Trust.

### Legal Authority for Rule 2004 Examination

10.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004 permits the "examination of an entity . . . relat[ing] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" *Id.* The term "entity" includes any governmental unit. 11 U.S.C. §101(15).

11. Bankruptcy Rule 2004 uniformly has been held to provide a broad power to investigate *any* matter that may affect the administration of the estate, particularly regarding the discovery of assets of estate and exposure of any fraudulent conduct. *See In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). The Rule is designed to provide a "sweeping general examination" of debtors, the scope of which is "unfettered and broad." *In re Symington*, 209 B.R. at 683; *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The scope of a Bankruptcy Rule 2004 examination, in fact, is so broad it has been characterized as a "fishing expedition." *In re Szadkowski*, 198 B.R. 140, 140 (Bankr. D. Md. 1996); *In re Duratech Indus.*, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (N.D.N.Y. 1999).

**<u>Factual Predicate for the Instant Rule 2004 Examination</u>**

12. Upon investigation into the assets, business operations, and financial affairs of Chasen Construction and its numerous affiliated business entities (hereinafter referred to as the "Chasen Related Entities") and Mr. Chasen, the Trustees learned that Mr. Chasen allegedly transferred more than $1.4 million of his personal assets to the Chasen Trust upon its creation in 2022, including $1 million in cash, $400,000 in unspecified personal property, and membership interests in several limited liability companies. During the course of the Trustees' investigation, Mr. Chasen advised the Trustees that the Chasen Trust also allegedly owns certain items of personal property currently housed in a storage unit in Florida, which items are believed to be worth hundreds of thousands of dollars in the aggregate.

13. The Trustees' investigation also revealed several transfers of assets between the Chasen Trust and financial accounts maintained and/or controlled by Mr. Chasen and/or Chasen

Construction. For example, in 2024, Chasen Construction transferred more than $500,000.00 to a bank account maintained by the Chasen Trust and, thereafter, the Chasen Trust wired more than $700,000.00 from that same bank account to a brokerage account at MV Capital Management, Inc. ("MV Capital") maintained by the Chasen Trust. Additionally, in 2025, the Chasen Trust transferred $180,000.00 from its brokerage account at MV Capital to an account at Truist Bank believed to be in the name of Mr. Chasen, who has testified that the foregoing transfer evidences a purported loan he obtained from the Chasen Trust. Mr. Chasen further testified that he did not recall the stated purpose for the loan or any terms for repayment.

14. The Trustees desire to examine the Chasen Trust to learn more about its creation and assets, and to determine whether the Trustees may have any claims to the assets purported to be held by the Chasen Trust. The Trustees also desire to verify the representations made by Mr. Chasen regarding the Chasen Trust and to further investigate the aforementioned transfers (and any other transfers that might be unearthed which involve the Chasen Trust and Mr. Chasen, Chasen Construction and/or any Chasen Related Entity).

15. The Trustees also seek to obtain documents, including ESI, from the Chasen Trust regarding or related to: (a) all transactions involving the transfer of assets to or from the Chasen Trust; (b) monthly statements for all financial accounts maintained by the Chasen Trust; (c) all contracts and agreements, including all loan agreements, between the Chasen Trust and Mr. Chasen and/or any third parties; (d) all communications between the Chasen Trust and Mr. Chasen and/or any third parties; and (e) any assets to which the Trustees have, or may have, a claim.

16. Accordingly, your Movants now seek leave by the instant *Motion* to take the Rule 2004 examination of the Chasen Trust and to request the production of documents from said examinee pursuant to a standard *Subpoena for Rule 2004 Examination*.

17. Movants respectfully urge that the requested Rule 2004 examination is in the best interests of creditors and all parties-in-interest in the above-captioned bankruptcy cases.

18. Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

### Conclusion

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant *Motion* and order that a Rule 2004 examination of the Chasen 2022 Family Irrevocable Trust be conducted herein.

Respectfully submitted,

SCHLOSSBERG | MASTRO

*/s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

and

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

*/s/ Zvi Guttman*
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*

6

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **27th** day of **July 2026**, a copy of the foregoing *Motion for Rule 2004 Examination of the Chasen 2022 Family Irrevocable Trust* together with all: (i) attachments or exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served:

    (a)  via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon as follows;

| 25-12356 Notice will be electronically mailed to: | 25-15437 Notice will be electronically mailed to: |
|---|---|
| Brian E. Barkley bbarkley@barkenlaw.com | Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov |
| Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov | Joshua D. Bradley jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com |
| Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net | Richard C. Burch rcb@mhblaw.com |
| Aaron L. Casagrande Aaron.casagrande@Icemiller.com | Aaron L. Casagrande Aaron.casagrande@Icemiller.com |
| Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com | Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com |
| Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com | Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com |
| David V. Fontana dfont@gebsmith.com | Scott W. Foley swf@shapirosher.com, ajs@shapirosher.com, ens@shapirosher.com, blr@shapirosher.com, LAR@shapirosher.com |
| Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com | Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com |
| Richard Marc Goldberg rmg@shapirosher.com, ejd@shapirosher.com | Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com | Jeffrey Greenberg jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com, |
| Jeffery Thomas Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com | Zvi Guttman zguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Frank J. Mastro fmastro@schlosslaw.com | Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com |
| Stephen A. Metz smetz@offitkurma.com, mmargulies@offitkurman.com | Andrew Janquitto aj@mhblaw.com |
| Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com | Frank J. Mastro fmastro@schlosslaw.com |

7

| | |
|---|---|
| John E Reid jack@martinlawgroup.com, brittany@martinlawgroup.com, Diana@martinlawgroup.com | Aaron Drew Neal aneal@mhlawyers.com, byoung@mhlawyers.com |
| Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com | Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com |
| Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com | Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com |
| Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com | Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com |
| Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com, brent-strickland-3227@ecf.pacerpro.com | Benjamin Smith bsmith@shulmanrogers.com, vdeguzman@shulmanrogers.com, mzawalick@shulmanrogers.com, tlong@shulmanrogers.com, cwarren@shulmanrogers.com rparadis@shulmanrogers.com |
| Morgan Taylor morgan.taylor@icemiller.com | |
| US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV | Morgan Taylor morgantaylor@icemiller.com |
| Maurice Belmont Verstandig mac@mvbesq.com, lisa@mvbesq.com, mahlon@dcbankruptcy.com, mac@dcbankruptcy.com, verstandig.mauricer104982 @notify.bestcase.com, verstandiglaw@recap.email | Andre' R. Weitzman aequityhouse@aol.com |
| Shawn C Whittaker shawn@whittaker-law.com | |

(b) via first-class mail, postage prepaid, as follows:

| | |
|---|---|
| Chasen Construction LLC c/o Brandon M. Chasen 1501 Yamato Road, Suite 3007 Boca Raton, FL 33431 | Robert L. Patrick SC&H Group, Inc. 226 Schilling Circle, Suite 300 Hunt Valley, MD 21031 |
| Peter Kieselbach Greenberg Traurig, LLP 90 South 7th Street, Suite 3500 Minneapolis, MN 55402 | Larry Strauss Larry Strauss ESQ CPA & Assoc., Inc. 2310 Smith Avenue Baltimore, MD 21209 |
| Catherine Lawrence Lawrence Law LLC 323 W. Camden Street, Suite 700 Baltimore, MD 21201 | Chasen 2022 Family Irrevocable Trust c/o Matthew A. Mace, Esq., Trustee Baker Donelson 100 Light Street, 19th Floor Baltimore, MD 21202 |
| Shepherd Electric Co., Inc. c/o Douglas H, Seitz, Esq. 1 Olympic Place, Suite 800 Towson, MD 21204 | |

/s/ Frank J. Mastro

/s/ Zvi Guttman

8