UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| CHASEN CONSTRUCTION, LLC | * | Case No. 25-12356-NVA<br>Chapter 11 |
| Debtor | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| In re: | * | |
| BRANDON M. CHASEN, SR. | * | Case No. 25-15437-NVA<br>Chapter 11 |
| Debtor | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OBJECTIONS TO REQUESTS FOR PRODUCTION OF**
**DOCUMENTS INCLUDED IN SUBPOENAS FOR RULE 2004 EXAMINATIONS**

PAUL DAVIS ("Mr. Davis"), by JEFFREY M. ORENSTEIN and WOLFF & ORENSTEIN, LLC, pursuant to Fed.R.Civ.P. 45(d)(2)(B), as incorporated by Bankruptcy Rule 9016, hereby objects (1) to the production of documents required by the Subpoena (the "Schlossberg Subpoena") issued on behalf of Roger Schlossberg ("Trustee Schlossberg"), Chapter 11 Trustee for the bankruptcy estate of Chasen Construction, LLC ("Chasen Construction") and (2) to the production of documents required by the Subpoena (the "Guttman Subpoena") issued on behalf of Zvi Guttman ("Trustee Guttman"), Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen, Sr. ("Mr. Chasen"). For his objection, Mr. Davis states as follows:

1. In connection with the obligation to respond to the Schlossberg Subpoena and the Guttman Subpoena (collectively the "Subpoenas"), Mr. Davis engaged undersigned counsel to

assist with the response. Counsel reviewed the subpoenas and initially noted that the documents requested in the two Subpoenas was identical.

2. In reviewing the Subpoeans and the list of requested documents, and following a review of the dockets in the two bankruptcy cases, counsel learned that a significant majority of the documents had already been obtained by Trustee Schlossberg and Trustee Guttman (collectively the "Trustees") either through Mr. Chasen himself, the records of Chasen Construction, or through banks in which the subject accounts were maintained.

3. Having learned this information, counsel sought a conference with counsel for the Trustees and engaged in a conference to review the scope of the document requests.

4. In that conference, the Trustees' counsel confirmed that they had received documents from Mr. Chasen and Chasen Construction. These are documents that Mr. Davis himself does not have access to without going through Mr. Chasen and obtaining Mr. Chasen's cooperation.

5. In that conference, the Trustees' counsel was asked about the scope of documents that they were looking for from Mr. Davis personal e-mail and text accounts. The purpose of the discussion was to confirm that they were only looking for documents related to business communications. To the contrary, the Trustees' counsel indicated that they wanted all communications even if it solely related to scheduling golf games and attending family birthday parties.

6. The statement by the Trustees' counsel was concerning because, while generally thought of as being broad in scope, Bankruptcy Rule 2004 has its limitations. Specifically, Bankruptcy Rule 2004 provides, in relevant part:

(b) Scope of the Examination.

(1) In General. The examination of an entity under this Rule 2004, or of a debtor under §343, may relate only to:

(A) the debtor's acts, conduct, or property;

(B) the debtor's liabilities and financial condition;

(C) any matter that may affect the administration of the debtor's estate; or

(D) the debtor's right to a discharge.

(2) Other Topics in Certain Cases. In a Chapter 12 or 13 case, or in a Chapter 11 case that is not a railroad reorganization, the examination may also relate to:

(A) the operation of any business and the desirability of its continuing;

(B) the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered; and

(C) any other matter relevant to the case or to formulating a plan.

7. As discussed in more detail below, a number of the requests stray far from the scope of Bankruptcy Rule 2004.

8. Given the scope of the over-broad discovery requests, the Trustees' counsel was asked whether the Trustees, on behalf of the estates of their respective debtors, would bear the cost of gathering and producing these documents. They affirmatively stated they would not.

9. In light of the positions espoused by the Trustees' counsel, Mr. Davis, in accordance with Fed.R.Civ.P. 45(d)(2)(B), as incorporated by Bankruptcy Rule 9016, hereby objects to the two Subpoena's list of documents to be produced as follows:

OBJECTIONS TO ENUMERATED REQUESTS

1. All Documents and Communications Concerning the Debtors and/or any Chasen Related Entities.

OBJECTION: The term "Chasen Related Entities" is defined in the Subpoena as being "any of the numerous business entities which are affiliated with the Debtors **and/or** which are owned, in whole or in part, by at least the **one of the individual members of Chasen Construction** (Brandon Chasen and **Paul Davis**). A listing of the various known "Chasen Related Entities" is attached hereto." (Emphasis added). That list of 106 entities includes entities in which neither Mr. Chasen nor Chasen Construction have any interest. By way of example only, STJ, LLC, an entity included on the list of "Chasen Related Entities", is an entity in which Mr. Chasen and Chasen Construction have no ownership interest whatsoever. That list of 106 entities also includes entities in which Mr. Chasen made a small investment and has or had a minority/non-controlling interest in a business that is and remains completely independent of Chasen Construction. STJBurnley, LLC and STJ Monaco, LLC are two such entities. In that sense, it is as if the Trustees are aware of Mr. Chasen's hypothetical interest in McDonalds Corporation and are seeking from other shareholders information about their communications with McDonalds Corporation or its other small shareholders without regard to time frame or subject matter. The mere fact that the Trustees define "Chasen Related Entities" as such does not mean they are entities that have any substantive connection with Mr. Chasen or Chasen Construction. For that reason, the request is overbroad, seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and which would be overly burdensome for Mr. Davis to sort and produce. A party

issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

2. All Financial Records Concerning the Debtors and/or any Chasen Related Entities.

OBJECTION: The Trustees have already obtained the financial records of Chasen Construction and Mr. Chasen from third parties including Chasen Construction and Mr. Chasen. Mr. Davis would not have access to those records without obtaining them from Mr. Chasen. In addition, the request is not limited to any time period. Finally, while Mr. Davis does not object to providing documents relating to investments that Mr. Chasen made into entities that Mr. Chasen did not control, Mr. Davis objects to the request to provide documents beyond documents reflecting those investments and any returns to Mr. Chasen on account of those investments. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

3. All Financial Records Concerning any bank account or entity that directly or indirectly received money from a Debtor and/or any Chasen Related Entities, including any Financial Records pertaining to any bank accounts owned by a foreign entity that You have a direct or indirect ownership interest in.

OBJECTION: The Trustees have already obtained the financial records of Chasen Construction and Mr. Chasen from banks in which those accounts were maintained. Mr. Davis would not have access to those records unless the accounts were his own or entities that are

owned by Mr. Davis. In addition, the request is not limited to any time period. Hypothetically, the request seeks bank accounts related to Mr. Davis for 2007 even if Mr. Davis did not meet Mr. Chasen or have any dealings with him for many, many years afterwards. Finally, and as above, while Mr. Davis does not object to providing documents relating to investments that Mr. Chasen made into entities that Mr. Chasen did not control, Mr. Davis objects to the request to provide documents beyond documents reflecting those investments and any returns to Mr. Chasen on account of those investments. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

4. All Documents and Communications Concerning any money You received from the Debtor and/or any Chasen Related Entities, and all related Financial Records.

Objection: The term "Financial Records" is defined in the Subpoena as follows:

> with respect to a person or entity, any document which pertains in any way to the financial condition, business, or business operations of that person or entity, including, without limitation, the cash flows, profit-making operations, revenues, or overall financial condition of such person or entity. For the avoidance of doubt, Financial Records shall include, but not be limited to, any income statements, balance sheets, bank statements, check registers, ledgers, cashflow statements, profit-and-loss statements, audit reports, compilations, account statements, tax returns, and reports on or reflecting any business operations of such person or entity, whether in draft or final form.

As noted above, "Chasen Related Entities includes entities in which neither Mr. Chasen nor Chasen Construction have any interest and entities in which Mr. Chasen made a small investment and has or had a minority/non-controlling interest in a business that is and remains completely independent of Chasen Construction. The document request would require Mr. Davis

to identify every dollar he ever received from a Chasen Related Entity, whether it related to Mr. Chasen or not, and to account for the use of that dollar, whether for ordinary day-to-day expenses (i.e. mortgage, food, car payments, etc.), or whether Mr. Davis invested that money in McDonalds Corporation or any other non-Chasen Related Entity. For that reason, the request is overbroad, seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and which would be overly burdensome for Mr. Davis to sort and produce. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

5. All Documents and Communications Concerning any investments, purchases of ownership interests, or loans You, or any entity You own or control, made with money received directly or indirectly from the Debtors and/or any Chasen Related Entities.

Objection: The request is overbroad, seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and would be overly burdensome for Mr. Davis to sort and produce. The request is akin to a post-judgment request that a Judgment creditor would issue to a judgment debtor. While the request might be appropriate if made to a debtor, it is not appropriate to a non-debtor. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

6. All Documents Concerning Your applications for citizenship in any country other than the United States.

Objection: The request is overbroad and seeks information that is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and would be overly burdensome for Mr. Davis to sort and produce. It would be appropriate to ask Mr. Davis if he has placed any of Mr. Chasen's money or Chasen Construction's money outside of the United States. Post-Judgment, it might be appropriate to ask Mr. Davis if he has assets outside of the United States. Mr. Davis objects on these grounds.

7. All Documents and Communications between or among You and the Debtors and/or any Chasen Related Entities, including any of their representatives, agents, employees, advisors, attorneys, and anyone acting on their behalf.

Objection: The request is overbroad, seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and would be overly burdensome for Mr. Davis to sort and produce. There is no time frame and there is no limitation as to subject matter. The Trustees, through their counsel, were specifically asked, in jest, if the Trustees actually wanted communications about attendance at children's birthday parties and time and location of the same. Shockingly, the Trustees' counsel responded "yes." Such a request would be beyond any relevant scope of discovery. In addition, asking Mr. Davis to be responsible for the cost of what is and is not relevant would be cost prohibitive for this non-debtor individual. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

8. All Documents and Communications between or among You and any third party (including professional service providers, counsel, and financial advisors) Concerning the

Debtors and/or any Chasen Related Entities, including any of their representatives, agents, employees, advisors, attorneys, and anyone acting on their behalf.

Objection: As with No. 7, the request is overbroad, seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and would be overly burdensome for Mr. Davis to sort and produce. There is no time frame and there is no limitation as to subject matter. In addition, asking Mr. Davis to be responsible for the cost of what is and is not relevant would be cost prohibitive for this non-debtor individual. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

9. All Documents and Communications Concerning any offer to sell or issue securities, promissory notes, interests in limited liability companies or other entity types, joint venture agreements, or other debt or equity instruments by the Debtors, You, and/or any Chasen Related Entities.

Objection: The request is overbroad and seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates. There is no time frame and there is no limitation as to subject matter. The request literally would require Mr. Davis to provide information about his attempts to sell or issue securities, promissory notes, interests in limited liability companies or other entity types, joint venture agreements, or other debt or equity instruments in periods that were years before he met Mr. Chasen. It would likewise require him to disclose his activities since he became disassociated with Mr. Chasen and Chasen Construction and that had no connection with Mr. Chasen or Chasen Construction. A

party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

10. All Documents and Communications Concerning any concerns raised by any person regarding whether the Debtor, You, and/or any Chasen Related Entities were involved in fraud or other wrongdoing, such as abnormal, unusual, suspicious, fraudulent, or illegal activity, banking or otherwise, regardless of the weight or credibility given to such concerns.

Objection: The request is overbroad and seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates. There is no time frame and there is no limitation as to subject matter. The request would hypothetically require disclosure of allegations of fraud having nothing to do with any transaction or event involving Mr. Chasen or Chasen Construction. Mr. Davis objects on these grounds.

11. All agreements, contracts, limitations of liability, or other relationship-governing Documents between or among You and the Debtors and/or any Chasen Related Entities, and all Communications relating to such Documents.

Objection: As above, the mere fact that the Trustees define "Chasen Related Entities" as they do does not mean such entities are entities that have any substantive connection with Mr. Chasen or Chasen Construction. For that reason, the request is overbroad and seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates. The Trustees have acknowledge having documents relating to Chasen Construction including access to its Google Drive. Requiring Mr. Davis to attempt to sort through documents that the Trustees already have would be overly burdensome.

A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

12. To the extent not produced in response to another document request, all of Your Communications directly or indirectly with (including with representatives, agents, employees, advisors, attorneys, and anyone acting on behalf of) Kevin Tehan, Devin McCreery, Devon Archer, Krista Archer, Barry Honig, Jonathan Honig, Alan Honig, Jacob Honig, Hartley Wasko, Tony Bobulinski, Catherine Chasen, and/or any representative or employee of Cherokee and Walker, United Bank, United Bankshares, Inc., Red Bridge Capital, and/or ColumbiaNational Real Estate Finance.

Objection: The request is overbroad, seeks information that, in many cases, is not relevant to any fact which would have any bearing on the administration of the debtors' estates, and would be overly burdensome for Mr. Davis to sort and produce. There is no time frame and there is no limitation as to subject matter. AS above, communications regarding family matters, sports events, and non-business communications in general would be covered by this request. In addition, asking Mr. Davis to be responsible for the cost of what is and is not relevant would be cost prohibitive for this non-debtor individual. A party issuing a Subpoena has an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the Subpoena. The Trustees have not done so. Mr. Davis objects on these grounds.

CONCLUSION

While Mr. Davis has literally objected to every request, he has done so because of the limitless scope of each request and because of the over-reaching definitions accompanying the document requests. Mr. Davis has no objection to producing documents that are relevant both in scope and in time frame to the extent that such requests are limited to entities in which Mr. Chasen would be considered an "insider" under the specific enumerated provisions of 11 U.S.C. 101(31)(A) (i, ii, iii, or iv) or in which Chasen Construction would be considered an "insider" under the specific enumerated provisions of 11 U.S.C. 101(31)(B) (i, ii, iii, iv, v, or vi). Further, to the extent that any "deep dive" is permitted, the cost of parsing out relevant and responsive documents should be borne by the parties seeking production and not by Mr. Davis.

Respectfully submitted,

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com

Attorneys for Paul Davis

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 14th day of September, 2026, a copy of the foregoing was sent via the Court's CM/ECF system to:

Roger Schlossberg, Trustee
P.O. Box 2067
Hagerstown, MD 21742-2067
trustee@schlosslaw.com

Frank J. Mastro, Esq.
Schlossberg / Mastro
P.O. Box 2067
Hagerstown, MD 21742-2067
fmastro@schlosslaw.com

Hugh M. Bernstein, Esq.
Office of U.S. Trustee
101 W. Lombard Street
Suite 2625
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

Adam M. Freiman, Esq.
115 McHenry Ave.
Suite B4
Baltimore, MD 21208
adam@pikesvillelaw.com

Zvi Guttman, Trustee
The Law Offices of Zvi Guttman, P.A.
P. O. Box 32308
Baltimore, MD 21282-2308
zguttman@gmail.com

Peter D. Kieselbach, Esq.
Greenberg Traurig, LLP
90 South 7th Street
Suite 3500
Minneapolis, MN 55402
kieselbachp@gtlaw.com

Peter C. Ihrig, Esq.
Greenberg Traurig, LLP.
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402
peter.ihrig@gtlaw.com

*** and all other parties requesting notice through ECF

\s\ Jeffrey M. Orenstein
Jeffrey M. Orenstein