**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **In re:**<br><br>**Chasen Construction LLC,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 25-12356-NVA** |

**MOTION FOR EXAMINATION OF DEVIN MCCREERY**
**PURSUANT TO BANKRUPTCY RULE 2004**

Pursuant to Fed. R. Bankr. P. 2004 and 9016, creditors Family Pension Corp. 401k Plan ("Family Pension"), Four Kids Investment Fund, LLC ("Four Kids"), Jonathan Honig, as Trustee (the "Trustee") by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019 (the "Trust"), and Jacob Honig ("Jacob"), and collectively with Family Pension, Four Kids, the Trustee, and the Trust, the ("Interested Parties"), by and through their undersigned counsel, Ice Miller LLP, hereby submit this *Motion for Examination of Devin McCreery Pursuant to Bankruptcy Rule 2004* (the "Motion") in the above-captioned Chapter 11 case (the "Chapter 11 Case") of Chasen Construction LLC (the "Debtor"). In support of this Motion, the Interested Parties respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Maryland (the "Court") has jurisdiction over this Chapter 11 Case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of these Chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bankruptcy Rule 9016, and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

**Relief Requested**

**4.** By this Motion, the Interested Parties seek entry of an order, substantially in the form attached hereto, authorizing them to conduct a Rule 2004 examination of Devin McCreery ("McCreery"), an employee of United Bankshares, Inc. ("United Bank") and who was the primary point of contact with the Debtor and related-Debtor Brandon M. Chasen, Sr. ("Chasen"). The Interested Parties seek testimony and documents concerning the relationships and communications among United Bank, McCreery, the Debtor, Chasen, and their affiliated entities and individuals; their business operations and dealings; the administration and use of their United Bank accounts; the transactions conducted through those accounts; and McCreery's and United Bank's understanding, communications, and analysis regarding any suspicious or unusual account activity.

**Background**

5. On March 19, 2025, an involuntary case was filed against the Debtor under Chapter 11 of the Bankruptcy Code.

6. On June 16, 2025, an involuntary case was filed against Chasen under Chapter 7 of the Bankruptcy Code in proceedings styled *In re Brandon M. Chasen, Sr.*, Case No. 25-15437 (Bankr. D. Md.).

7. The Interested Parties made a series of loans, each documented by a promissory note and related agreements (collectively the "Loan Documents") to a related entity of the Debtor,

Chasen Acquisitions LLC, a Maryland limited liability company ("Chasen Acquisitions"), including a series of unpaid loans for the purposes of acquisition and/or development of eight (8) different real properties (the "Real Properties").

8. Currently, the Debtor owes the Interested Parties in excess of $35,000,000. *See* Proof of Claim Nos. 21-25.

9. Based upon documentation the Interested Parties have reviewed to date, it appears that upon receipt of funds advanced by the Interested Parties, Chasen Acquisitions transferred such funds to the Debtor and/or related entities and/or individuals, including Chasen. Those funds were then disbursed to other related entities and individuals. It remains unclear to the Interested Parties, however, the basis for the Debtor's subsequent transfers of funds for purposes other than their designated allocation to develop the Real Properties.

10. On August 21, 2025, the Interested Parties filed a limited Rule 2004 Motion that sought the production of bank statements from United Bank related to the Debtor and its affiliated entities and/or individuals. Dkt. No. 83. That Rule 2004 Motion was granted by order dated September 8, 2025. Dkt. No. 88.

11. On April 30, 2026, the Interested Parties filed a Supplemental Rule 2004 Motion that sought further production of documentation from United Bank relating to its relationship with the Debtor and its affiliated entities and/or individuals. Dkt. No. 180 (the "Supplemental Motion"). The Supplemental Rule 2004 Motion was granted by order dated May 20, 2026. Dkt. No. 187. The Interested Parties served a subpoena on United Bank on or about June 1, 2026, in connection with the Supplemental Rule 2004 Motion.

12. Devin McCreery, a United Bank employee, was heavily involved with the Debtor and Chasen in his role as Market President at United Bank. From records already received and

Chasen's testimony, McCreery was the Debtor's and Chasen's primary point of contact with United Bank. The communications between McCreery and the Debtor and Chasen concern the administration and instructions from the Debtor, Chasen and related entities and individuals for nearly 110 separate accounts maintained by the Debtor, Chasen and related entities and/or individuals with United Bank.

13. While United Bank and the Interested Parties continue discussions with respect to United Bank's compliance with the subpoena served in connection with the Supplemental Motion, United Bank recently disclosed, for the first time, that it would not produce documents and communications between McCreery and the Debtor because United Bank now asserts it is not in the possession, custody or control of McCreery's mobile device communications relating to the Debtor, Chasen and their affiliated entities and/or individuals. United Bank recently made this assertion despite that information falling squarely within the scope of the subpoena served by the Interested Parties on United Bank on or about June 1, 2026.[1]

14. The Interested Parties require additional information to continue to investigate the Debtor's and Chasen's business and transactions, their understanding as to why the Debtor, Chasen, and their affiliated entities and individuals, required nearly110 accounts at United Bank, the transactions conducted by and through those accounts, and United Bank's identification and understanding of the suspicious activity that occurred within the many accounts that it maintained for the Debtor and its affiliated entities and individuals.

[1] Notably, United Bank refuses to produce a copy of the bring your own device policy (or "BYOD Policy") that it contends supports its position that it does not have possession, custody or control of its employee's communications regarding a United Bank client relationship, including the communications between McCreery, the Debtor and/or Chasen.

**Authority and Information Sought Pursuant to Rule 2004 Examination**

15. Federal Rule of Bankruptcy Procedure 2004(a) authorizes any party in interest to move the Court for an order to conduct the examination of any entity. Rule 2004(b) provides that the scope of this examination may relate to "the debtor's acts, conduct, or property [or to] the debtor's liabilities and financial condition, [or to] any matter that may affect the administration of the debtor's estate, or [to] the debtor's right to a discharge." FED. R. BANKR. P. 2004(b).

16. It is well established that the scope of a Rule 2004 examination is exceptionally broad. "A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate." *In re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996).

17. In addition, as this Court noted in *In re Symington*, a Rule 2004 examination is "an investigatory tool, its nature is inquisitory rather than accusatory[.]" 209 B.R. 678, 684 (Bankr. D. Md. 1997). Indeed, "[i]t represents a threshold inquiry into the assets and conduct of debtors bankruptcy." *Id.*

18. By this Motion, the Interested Parties seek to examine the relationship between the Debtor, Chasen and McCreery, McCreery's understanding of the Debtor's and Chasen's businesses and operations, including transactions with them and related entities and individuals, and McCreery's analysis and conduct in response to the suspicious and unusual activity occurring in the accounts held by the Debtor and its affiliated entities and individuals at United Bank. The discovery sought is tailored to discover documents and information relating to assets and claims of the Debtor's and Chasen's estate, as well as to expose any fraudulent conduct. This request is

necessary because of United Bank's recent position with respect to communications made through McCreery's personal accounts and devices.[2]

19. The Interested Parties urge that the requested Rule 2004 examination is in the best interest of creditors and parties-in-interest in the Debtor's bankruptcy case.

**Local Rule 9013-2**

20. Pursuant to Local Rule 9013-2, the Interested Parties state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Interested Parties respectfully request that this Court enter an order, substantially in the form attached hereto (a) permitting the Interested Parties to conduct a Rule 2004 examination of Devin McCreery, and (b) granting such other further relief that this case may require, and the Court deems just and proper.

Dated: October 8, 2026

---

[2] This Motion should not be construed as an admission or acknowledgement that United Bank is not in the possession, custody or control of communications made by its employees on personal devices, which argument is expressly preserved.

Respectfully submitted,

*/s/ Aaron Casagrande*

Aaron L. Casagrande (Bar No. 28518)
**ICE MILLER LLP**
100 Light Street, Suite 2700
Baltimore, Maryland 21202
Phone: 410-951-5874
Aaron.Casagrande@IceMiller.com

*Counsel for Interested Parties*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the *Motion for Examination of Devin McCreery Pursuant to Bankruptcy Rule 2004* will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| • Brian E. Barkley | bbarkley@barkenlaw.com |
| • Hugh M. (UST) Bernstein | hugh.m.bernstein@usdoj.gov |
| • Jill D. Caravaggio | jill@jill-lawoffice.net, paralegal@jill-lawoffice.net |
| • Aaron L. Casagrande | Aaron.casagrande@Icemiller.com |
| • Darrell William Clark | darrell.clark@stinson.com, catherine.scott@stinson.com |
| • Alan D. Eisler | aeisler@e-hlegal.com, alaneisler@gmail.com |
| • David V. Fontana | dfont@gebsmith.com |
| • Jason J. Giguere | jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| • Richard Marc Goldberg | rmg@shapirosher.com, ejd@shapirosher.com |
| • Zvi Guttman | zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com |
| • Jeffery Thomas Martin | jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com; brittany@martinlawgroup.com; Diana@martinlawgroup.com |
| • Frank J. Mastro | fmastro@schlosslaw.com |
| • Stephen A. Metz | smetz@offitkurman.com |
| • Tracey Michelle Ohm | tracey.ohm@stinson.com, porsche.barnes@stinson.com |
| • Jeffrey M. Orenstein | jorenstein@wolawgroup.com |
| • John E Reid | jack@martinlawgroup.com, brittany@martinlawgroup.com; Diana@martinlawgroup.com |
| • Roger Schlossberg | bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com |
| • Roger Schlossberg | trustee@schlosslaw.com, MD20@ecfcbis.com |
| • Robert G. Shuster | rob@shusterlaw.com, courts@shusterlaw.com |
| • Brent C. Strickland | bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com; brent-strickland-3227@ecf.pacerpro.com |
| • US Trustee - Baltimore | USTPRegion04.BA.ECF@USDOJ.GOV |
| • Maurice Belmont VerStandig | mac@mbvesq.com; |

lisa@mbvesq.com; mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

- Shawn C Whittaker shawn@whittaker-law.com

I hereby further certify that on the 8th day of October, 2026, a copy of the *Motion for Examination of Devin McCreery Pursuant to Bankruptcy Rule 2004* was also mailed first class mail, postage prepaid to:

Chasen Construction LLC
Attn: Brandon Chasen
12 W. Montgomery St.
Baltimore, Maryland 21230

Michael A. Collyard
Greenberg Traurig, LLP.
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Michael B. Fisco
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter C. Ihrig
Greenberg Traurig, LLP.
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter D. Kiesbelbach
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter D. Kieselbach
Greenberg Traurig, LLP
90 South 7th Street
Suite 3500
Minneapolis, MN 55402

Catherine Lawrence
Lawrence Law, LLC
323 W. Camden Street
Suite 700
Baltimore, MD 21201

Shepherd Electric Co., Incorporated
c/o Douglas H. Seitz, Esq.
1 Olympic Place, Suite 800
Towson, MD 21204

*/s/ Aaron Casagrande*
Aaron Casagrande