IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| CHASEN CONSTRUCTION, LLC, | ) | Case No. 25-12356-NVA |
| Debtor. | ) | (Chapter 11) |
| In re: | ) | |
| BRANDON M. CHASEN SR. | ) | Case No. 25-15437-NVA |
| Debtor. | ) | (Chapter 7) |

**MOTION FOR ISSUANCE OF SHOW CAUSE ORDER**
**FOR CHASEN 2022 FAMILY IRREVOCABLE TRUST'S**
**FAILURE TO OBEY SUBPOENAS FOR RULE 2004 EXAMINATION**

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and hereby move this Court to issue an *Order* directing non-party witness Matthew A. Mace, Esq., in his capacity as trustee of the Chasen 2022 Family Irrevocable Trust ("Chasen Trust" or "Respondent"), to show cause why he should not be held in contempt for failing to obey the *Subpoenas for Rule 2004 Examination* (the "*Rule 2004 Subpoenas*") duly served upon the Chasen Trust by the Trustees herein. In support of this motion, the Trustees respectfully state:

1. On July 27, 2026, the Trustees filed a *Motion for Rule 2004 Examination of the Chasen 2022 Family Irrevocable Trust* (the "*Motion*"), in which they sought authority to examine the Chasen Trust to, *inter alia*, learn more about its creation and assets, to verify representations made by Debtor Brandon Chasen that the Chasen Trust allegedly owns certain items of personal

property currently housed in a storage unit in Florida which is believed to be worth hundreds of thousands of dollars in the aggregate, to determine whether the Trustees may have any claims to the assets purported to be held by the Chasen Trust, and to investigate certain transfers of assets between the Chasen Trust and financial accounts maintained and/or controlled by Mr. Chasen and/or Debtor Chasen Construction, LLC.

2. On August 13, 2026, this Court entered an *Order Granting Trustees' Motion for Rule 2004 Examination of Chasen 2022 Family Irrevocable Trust* in each case (the "*Rule 2004 Orders*"), as no timely opposition had been interposed by any person.

3. On August 28, 2026, the Trustees issued identical *Rule 2004 Subpoenas* to the Chasen Trust in each of the above-captioned cases. The *Rule 2004 Subpoenas* sought to compel the Chasen Trust to appear for examination on September 28, 2026 at 10:00 am. at the offices of SC&H Group, 226 Schilling Circle, Suite 300, Hunt Valley, MD 21031, and to produce documents at such examination.

4. On August 31, 2026, the Trustees served *Rule 2004 Subpoenas* in each case along with copies of the Court's *Rule 2004 Orders* and a cover letter (collectively the "*Subpoena Package*") via Federal Express overnight delivery upon Matthew A Mace, Esq., the trustee of the Chasen Trust, at the office of the Baker Donelson law firm where Mr. Mace is employed, which is located at 100 Light Street, 19th Floor, Baltimore, MD 21202. A true and accurate copy of the *Subpoena Package* served upon the Chasen Trust is attached hereto as ***Exhibit 1***.

5. The cover letter to the *Subpoena Package* advised Mr. Mace that, if responsive documents were provided to the Trustees by the examination date set forth in the *Rule 2004 Subpoenas*, it would not be necessary for a representative of the Chasen Trust to appear for

examination on said date (although the Trustees reserved the right to seek testimony from the Chasen Trust at a later date, if necessary).

6. The *Subpoena Package* was delivered to Mr. Mace on August 31, 2026. *See* FedEx Proof of Delivery and Tracking History, attached hereto as ***Exhibit 2***. The Chasen Trust did not thereafter serve any objections to the *Rule 2004 Subpoenas* pursuant to Rule 45(d)(2)(B).

7. In fact, it appears that the Chasen Trust disregarded the *Rule 2004 Subpoenas* altogether, as the Chasen Trust did not produce any documents to the Trustees, or otherwise respond to the *Rule 2004 Subpoenas*, by the September 28, 2026 return date set forth therein.

8. Rule 45 of the Federal Rules of Civil Procedure, which is incorporated herein by Federal Rule of Bankruptcy Procedure 9016, provides that a court "may hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." *See* Fed. R. Bankr. P. 9016; Fed. R. Civ. P. 45(g).

9. The *Rule 2004 Subpoenas* served upon the Chasen Trust satisfied all of the technical requirements of Rules 45(a) and (c).[1] *See* Fed. R. Civ. P. 45(a), (c). The Trustees properly served the *Rule 2004 Subpoenas* in accordance with Rule 45(b). *See* Fed. R. Civ. P. 45(b).

10. The Chasen Trust did not file any motion to modify or quash the *Rule 2004 Subpoenas* pursuant to Rule 45(d), nor did it make any claim of privilege pursuant to Rule 45(e). *See* Fed. R. Civ. P. 45(d)-(e).

11. "Absent a timely motion to quash or modify or an assertion of privilege, the Court may exercise its discretion and direct [the person served with the subpoena] to appear before the Court to provide adequate excuse for his failure to comply with the subpoena." *See Anderson v.*

---

[1] SC&H Group's Hunt Valley office is less than 100 miles from the location where the trustee of the Chasen Trust is employed and from the location where the trustee, upon information and belief, resides. *See* Fed. R. Civ. P. 45(c)(1)(A) (subpoena may command a person to attend deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person).

*Prince George's County*, 2014 WL 2926537, *2 (D. Md. June 26, 2014) (citing *Dunkin' Donuts, Inc. v. Three Rivers Entm't & Travel*, 42 F. App'x 573, 575, 2002 WL 1733832, *1 (4th Cir. July 29, 2002) ("[A]lthough there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner'") (quoting *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1343 (8th Cir. 1975)).

12. Accordingly, the Trustees respectfully request that Matthew A. Mace, Esq., the trustee of the Chasen Trust, be ordered to appear before the Court to explain why he should not be held in contempt for the Chasen Trust's failure to obey the *Rule 2004 Subpoenas* served on it. *See Anderson*, 2014 WL 2926537 at *2.

13. Pursuant to Local Rule 9013-2, the Trustees state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

WHEREFORE, the Trustees respectfully request that the Court issue an *Order to Show Cause* commanding Matthew A. Mace, Esq., in his capacity as trustee of the Chasen Trust, to appear before the Court to show cause why he should not be held in contempt for failing to respond to the *Rule 2004 Subpoenas* served on the Chasen Trust by the Trustees.

Respectfully submitted,

SCHLOSSBERG | MASTRO

*/s/ Frank J. Mastro*

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

/s/ Zvi Guttman
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ***14th*** day of ***October 2026***, a copy of the foregoing *Motion for Issuance of Show Cause Order for Chasen 2022 Family Irrevocable Trust's Failure to Obey Subpoenas for Rule 2004 Examination* together with all: (i) exhibits referenced therein or attached thereto; and (ii) a proposed form of Order (collectively, the "*Service Set*") was served upon all parties listed on the attached *CM-ECF Mailing Information* for each case as follows:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon; and

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice Lists* as follows:

Chasen Construction LLC
c/o Brandon Chasen
1501 Yamato Road, Suite 3007
Boca Raton, FL 33431

Michael Fisco
Greenberg Traurig, LLP
90 South 7th Street, Suite 3500
Minneapolis, MN 55402

Peter Kieselbach
Greenberg Traurig, LLP
90 South 7th Street, Suite 3500
Minneapolis, MN 55402

Robert L. Patrick
SC&H Group, Inc.
226 Schilling Circle, Suite 300
Hunt Valley, MD 21031

Larry Strauss
Larry Strauss ESQ CPA & Assoc., Inc.
2310 Smith Avenue
Baltimore, MD 21209

Shepherd Electric Co., Inc.
c/o Douglas H. Seitz, Esq.
1 Olympic Place, Suite 800
Towson, MD 21204

Catherine Lawrence
Lawrence Law LLC
323 W. Camden Street, Suite 700
Baltimore, MD 21201

Duque Construction LLC
777 Briggs Chaney Road
Silver Spring, MD 20905

Further, additional copies of the *Service Set* were served via first-class mail, postage prepaid, upon:

Chasen 2022 Family Irrevocable Trust
c/o Matthew A. Mace, Trustee
Baker Donelson
100 Light Street, 19th Floor
Baltimore, MD 21202

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

*/s/ Frank J. Mastro*
Frank J. Mastro