ORIGIN ID:HGRA (301) 739-8610
ANNA REIBER
SCHLOSSBERG & ASSOCIATES PA
18421 HENSON BLVD

HAGERSTOWN, MD 21742
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 0.50 LB
CAD: 113316638/INET4535

BILL SENDER

TO **CHASEN 2022 FAMILY IRREVOCABL TRUST**
**C/O MATTHEW A. MACE, ESQ, TRUSTEE**
**BAKER DONELSON**
**100 LIGHT STREET, 19TH FLOOR**
**BALTIMORE MD 21202**

(301) 739-8610 REF: CHASEN CONSTRUCTION
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

J261026012001uv

TRK# 0201 **8763 6290 0604**

**MON - 31 AUG 5:00P**
**STANDARD OVERNIGHT**

**18 MFVA** **21202**
**MD-US BWI**

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742
(301) 739-8610 FAX: (301) 791-6302

Roger Schlossberg
Frank J. Mastro

Please Respond Via Email To:
fmastro@schlosslaw.com
Or Via United States Mail To:
P.O. Box 2067
Hagerstown, MD 21742-2067

August 28, 2026

**Via FedEx**
Chasen 2022 Family Irrevocable Trust
c/o Matthew A. Mace, Esq., Trustee
Baker Donelson
100 Light Street, 19th Floor
Baltimore, MD 21202

**RE: *In re Chasen Construction, LLC*,**
**U.S. Bankruptcy Court for the District of Maryland, Case No. 25-12356**

***In re Brandon M. Chasen, Sr.*,**
**U.S. Bankruptcy Court for the District of Maryland, Case No. 25-15437**

Dear Mr. Mace:

Enclosed please find identical *Subpoenas for Rule 2004 Examination* directed to the Chasen 2022 Family Irrevocable Trust (hereafter the "Chasen Trust") in connection with the above bankruptcy cases.

Please note that if the requested documents are provided to the Bankruptcy Trustees by the examination date set forth in the *Subpoenas*, it will not be necessary for a representative of the Chasen Trust to appear for examination on said date. Because the *Subpoenas* are identical, we will consider your response to one *Subpoena* as being a response to both *Subpoenas*.

Although the Trustees, at this time, anticipate only requiring the production of documents from Chasen Trust, should an examination of a corporate designee become necessary, the Trustees will issue new subpoenas to Chasen Trust.

Thank you in advance for your anticipated cooperation. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Frank J. Mastro

Enclosures

# UNITED STATES BANKRUPTCY COURT

District of Maryland

In re Chasen Construction, LLC
Debtor

Case No. 25-12356

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Chasen 2022 Family Irrevocable Trust
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| SC&H Group<br>226 Schilling Circle, Suite 300<br>Hunt Valley MD 21031 | 09/28/26 10:00 am |

The examination will be recorded by this method: Stenographic means

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/28/26

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Roger Schlossberg, Trustee , who issues or requests this subpoena, are:
Frank J. Mastro, Esq., Schlossberg | Mastro, P.O. Box 2017, Hagerstown, MD 21742;
fmastro@schlosslaw.com; (301) 739-8610

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☒ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT TO SUBPOENA

DEFINITIONS

For the purposes of this *Attachment to Subpoena*, the following words shall have the following definitions:

1. The terms "Document" or "Documents" shall be construed in their broadest and most liberal sense and, includes, without limitation: any written, typed, printed, recorded, coded, or graphic matter of any kind, however produced or reproduced; any electronically, digitally or magnetically recorded or stored matter of any kind or character; and any other matter or thing of any kind or character that stores, memorializes, or records information, whether transcribed by hand or by some mechanical, photographic or other means – and whether or not the original of said item now is in existence. Said terms further include, without limitation: advertisements; agreements; analyses; announcements; appointment books, articles; audiotapes; bills; books; books of account; brochures; bulletins; calendars; cancelled tickets; catalogues; cables; calendars or desk pads; cancelled checks; certificates; charts; compilations; computer diskettes; computer records; computer tapes; contracts; control sheets; correspondence; data processing media, forms, and records; deposition transcripts; diaries; directions; drafts; drawings; electronic mail; Electronically Stored Information; facsimiles; files; film; fliers; forms; graphs; handwritten notes; instructions; inter-office or intra-office communications; journals; labels; ledgers; letters; mailgrams; memoranda (including any type or form of notes; memoranda or sound recordings of personal thoughts, recollections or reminders, agreements, meetings or conferences); microfiche; microfilm; minutes; motion pictures; newsletters; newspapers; notes; notebooks; papers; records; records of meetings conferences and telephone conversations; reports; packaging; pamphlets; phono-records; photocopies; photographs, photostats; pictures; publications; receipts; reports; slides and still films; paper and computerized or electronic spreadsheets; statistical compilations; stenographic notes; studies; statements; sound and/or tape recordings; surveys; telecopies and tele-faxes; telegrams; telephonic messages; teletypes; telexes; technical reports; text messages; transcripts; transmittal slips; working papers; writings; videotapes; all ESI; and all electromagnetic storage media, including computer tapes, disks, and diskettes, and other data compilations from which information can be obtained decoded, and/or translated, as necessary, through the use of playback or detection devices into reasonably usable form; and other items, papers or matters similar to any of the foregoing, however denominated.

The terms "Document" and "Documents" further includes all drafts of the same and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

2. The terms "Electronically Stored Information" and "ESI" mean, in addition to that information contemplated by Federal Rule 34(a)(1)(A), any information on operational systems including, without limitation; accounting, financial, distribution, or manufacturing systems; E-

mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel or other spreadsheets and underlying formulae; metadata; computer databases (*i.e.*, Access, *etc*.), erased, fragmented or damages data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to: cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (back-up drives; hard drives, floppy disks, jump drives; USB drives; *etc*.); PDAs, iPhones, Androids, Blackberries; Palm Pilots; cell phones; *etc*. Electronically Stored Information shall be produced in its native format with all associated metadata intact, or in single-page TIFF format with a corresponding load file, extracted text, and metadata, in each case in a manner that preserves the integrity and usability of the information.

3. The terms “Communication” or “Communications” mean the transmittal of information by any means, unless otherwise specified below.

4. The term “Concerning” means relating to, referring to, describing, evidencing, or constituting.

5. The term “Chasen Trust” refers to the examinee, Chasen 2022 Family Irrevocable Trust, the party to whom this *Subpoena* is directed and includes the Chasen Trustees (defined below).

6. The term “Chasen Trustees” refers to all current and former trustees of the Chasen Trust, including but not limited to Paul W. Davis, Blake D. Chasen, and Matthew A. Mace.

7. The term “Trust Agreement” refers to the Irrevocable Trust Agreement executed on August 12, 2022 by Brandon M. Chasen Sr. which created the Chasen Trust.

8. The term “Grantor” refers to Brandon M. Chasen Sr., the grantor of the Chasen Trust and the Debtor in Case No. 25-15437.

9. The term “Beneficiary” refers, collectively, to all beneficiaries of the Chasen Trust, including but not limited to Catherine Chasen and the children of the Grantor identified in Section 2 of the Trust Agreement.

10. The term “Trust Protector” refers, collectively, to Blake Chasen and all other persons occupying the position of “trust protector” under Section 13.J of the Trust Agreement.

11. The term “Disinterested Party” refers, collectively, to all persons occupying the position of “disinterested party” under Section 8.E of the Trust Agreement.

12. The term “Chasen Construction” refers to Chasen Construction, LLC, the debtor in one of the bankruptcy cases from which this *Subpoena* is issued.

13. The term “Chasen Related Entity” refers to any of the numerous business entities which are affiliated with Chasen Construction and/or which are owned, in whole or in part, by at least the one of the individual members of Chasen Construction (Brandon M. Chasen Sr. and Paul W. Davis). A listing of the various known “Chasen Related Entities” is attached hereto.

14. The term "Review Period" refers to the period of time from August 1, 2022 to the date of the Chasen Trust's response to this *Subpoena*.

<u>DOCUMENTS TO BE PRODUCED</u>:

1. All Communications during the Review Period between or among the Chasen Trust and the Grantor, and all Documents Concerning such Communications.

2. All Communications during the Review Period between or among the Chasen Trust and any Beneficiary, and all Documents Concerning such Communications.

3. All Communications during the Review Period between or among the Chasen Trust and any current, former, or prospective Chasen Trustee, and all Documents Concerning such Communications.

4. All Communications during the Review Period between or among the Chasen Trust and any Trust Protector, and all Documents Concerning such Communications.

5. All Communications during the Review Period between or among the Chasen Trust and any Disinterested Party, and all Documents Concerning such Communications.

6. All Communications during the Review Period between or among the Chasen Trust and Chasen Construction and/or any Chasen Related Entity, and all Documents Concerning such Communications.

7. All Communications during the Review Period between or among the Chasen Trust and any third party Concerning any Document produced by the Chasen Trust pursuant to these Requests.

8. All Documents and Communications that identify the current Chasen Trustee(s), the current Trust Protector(s) of the Chasen Trust, and the current Disinterested Party(ies) under the Chasen Trust.

9. All Documents and Communications during the Review Period Concerning the appointment, resignation and/or removal of any Chasen Trustee.

10. All Documents and Communications during the Review Period Concerning the appointment, resignation and/or removal of any Trust Protector.

11. All Documents and Communications during the Review Period Concerning the appointment, resignation and/or removal of any Disinterested Party.

12. All Documents and Communications during the Review Period Concerning all compensation and reimbursements paid to any Chasen Trustee and/or to any Trust Protector by, or at the direction of, the Chasen Trust.

13. All Documents Concerning the establishment of escrow accounts for the Chasen Trust at the Baker Donelson law firm, including but not limited to all account opening records, account agreements, and deposit records.

14. All Documents Concerning the assets enumerated in the Schedule of Property in the Trust Agreement, which were transferred into the Chasen Trust at its inception, including but not limited to: (a) all Documents Concerning the source of the $1,000,000.00 in cash transferred to the Chasen Trust; (b) all Documents Concerning the individual items of personal property worth $400,000.00 transferred to the Chasen Trust; (c) all Documents Concerning the 90% membership interest in FS 2601 LLC transferred to the Chasen Trust; (d) all Documents Concerning the 90% membership interest in FS 2402 LLC transferred to the Chasen Trust; and (e) all Documents Concerning the 40% membership interest in CC 116 Princess Lona LLC transferred to the Chasen Trust.

15. All Documents Concerning the current inventory of all property and assets held by the Chasen Trust, including any property or assets held in divided shares or sub-trusts.

16. All Documents Concerning the disposition of the assets enumerated in the Schedule of Property in the Trust Agreement, including but not limited to the current form and location of the $1,000,000.00 in cash and $400,000.00 of personal property transferred into the Chasen Trust at its inception.

17. All Documents Concerning the identity of the members of FS 2601 LLC, FS 2402 LLC, and CC 116 Princess Lona LLC, the percentage interests held by each member, and all related capitalization and ownership records for each LLC.

18. All Documents and Communications Concerning the operation and management of FS 2601 LLC, FS 2402 LLC, and CC 116 Princess Lona LLC, including but not limited to all operating agreements.

19. All Documents and Communications Concerning all distributions paid to the Chasen Trust by FS 2601 LLC, FS 2402 LLC, and CC 116 Princess Lona LLC, including all Form K-1's received by the Chasen Trust from each LLC.

20. All Documents and Communications Concerning any asset substitutions made pursuant to Section 8.B of the Trust Agreement, including an identification of the assets removed and added, the valuation of the assets removed and added, and all equivalent-value certifications provided with respect to such asset substitutions.

21. All Documents during the Review Period Concerning all monthly and periodic statements received by the Chasen Trust from any financial institution in which the Chasen Trust maintains (or formerly maintained) an account, including but not limited to all bank, brokerage and investment accounts.

22. All Documents during the Review Period Concerning all real estate transactions in which the Chasen Trust has been a party, including but not limited to all deeds and closing statements for such transactions.

23. All Documents and Communications Concerning all transfers of assets into the Chasen Trust since its inception, including but not limited to the identification of the transferor, the identification of the asset transferred, the value of the asset transferred, and the date of the transfer.

24. All Documents and Communications Concerning all distributions made by the Chasen Trust to any Beneficiary, including but not limited to the date, amount, recipient, and purpose of the distribution.

25. All Documents and Communications Concerning all loans made by the Chasen Trust to the Grantor, including but not limited to a description of the terms of the loan, all related promissory notes received from the Grantor, and all records of repayment by the Grantor.

26. All Documents and Communications Concerning all life insurance policies owned by the Chasen Trust during the Review Period, including but not limited, to for each such policy, the identification of: (a) the insurance carrier; (b) the insured live(s); (c) the face value; (d) cash surrender value, if any; (e) the beneficiary(ies); (f) the premium history; (g) any borrowing done against the policy; and (h) any surrender or transfer of the policy.

27. All Documents Concerning any life insurance premiums paid by the Chasen Trust on any policy insuring the life of the Grantor and/or the Grantor's wife pursuant to Section 8.A of the Trust Agreement.

28. All Documents Concerning any tax reimbursements paid by the Chasen Trust to the Grantor pursuant to Section 8.D of the Trust Agreement.

29. All Documents and Communications Concerning any payments made by the Chasen Trust to discharge a legal obligation of the Grantor, or any payments made to a Beneficiary for the benefit of the Grantor.

30. All Documents Concerning any withdrawal notices sent by the Chasen Trust to powerholders pursuant to Section 3.B of the Trust Agreement and any responses thereto.

31. All Documents Concerning any gift tax returns (IRS Form 709) filed by the Chasen Trust.

32. All Documents and Communications during the Review Period Concerning all income tax returns filed by the Chasen Trust and all grantor-trust reporting to taxing authorities.

33. All Documents and Communications during the Review Period Concerning all formal and informal accountings undertaken by the Chasen Trust.

34. All Documents and Communications during the Review Period identifying all accountants and accounting firms employed by the Chasen Trust.

35. All Documents and Communications Concerning any amendments to the Chasen Trust made by the Trust Protector pursuant to Section 13.J(3) of the Trust Agreement.

36. All Documents and Communications Concerning any change of the situs of the Chasen Trust made by any Disinterested Party pursuant to Section 15 of the Trust Agreement.

37. All Documents and Communications Concerning any changes to the name of the Chasen Trust, and/or any merger, division or decanting of trusts by the Chasen Trust.

38. All Documents and Communications Concerning the Trust Agreement, including all amendments, restatements, and modifications thereto, whether made by any Chasen Trustee, any Trust Protector, or any other person.

39. All Documents and Communications Concerning any transfer of money or property, in either direction, between the Chasen Trust and Chasen Construction and/or any Chasen Related Entity, including but not limited to the identification of the transferor and transferee, the asset transferred, the value of the asset, the date of the transfer, and any consideration exchanged.

40. All Documents and Communications Concerning the Grantor's use, possession, control, or enjoyment of, or benefit from, any asset held by or transferred to the Chasen Trust.

Certificate of Compliance with Fed. R. Civ. P. 45(a)(4)

I HEREBY CERTIFY that a copy of the foregoing subpoena has been served upon counsel for Chasen Construction LLC and Brandon M. Chasen Sr. prior to service upon the subpoenaed party herein.

*/s/ Frank J. Mastro*
Frank J. Mastro

# List of Chasen Related Entities

| Entity |
|---|
| CHASEN ACQUISITIONS LLC |
| CHASEN CONSTRUCTION LLC |
| CHASEN HOLDINGS LLC |
| CHASEN PROPERTIES LLC |
| HARBOR MANAGEMENT GROUP LLC |
| 12 W MONTGOMERY STREET LLC |
| 1702 LIGHT STREET PLACE LLC |
| 1719 EASTERN AVE LLC |
| 1742 FLEET STREET LLC |
| 2402 FOUR SEASONS LLC |
| 280 E PALMETTO PARK ROAD LLC |
| 415 ST PAUL PLACE LLC |
| 9 N HOWARD STREET LLC |
| CC 10 AND 12 W BIDDLE STREET LLC |
| CC 10 E BIDDLE STREET LLC |
| CC 10 W BIDDLE STREET LLC |
| CC 1005 NORTH CHARLES STREET LLC |
| CC 1012 N CALVERT STREET LLC |
| CC 1020 N CALVERT STREET LLC |
| CC 1022 N CALVERT STREET LLC |
| CC 1038 N CALVERT STREET LLC |
| CC 1114 SAINT PAUL STREET LLC |
| CC 115 E EAGER STREET LLC |
| CC 116 PRINCESS LONA LLC |
| CC 12 W BIDDLE STREET LLC |
| CC 1210 N CALVERT STREET LLC |
| CC 13 E READ STREET LLC |
| CC 1400 ALICEANNA STREET LLC |
| CC 1517 EASTERN AVE LLC |
| CC 1720 SAINT PAUL STREET LLC |
| CC 201 E BALTIMORE STREET LLC |
| CC 21 E EAGER STREET LLC |
| CC 2125 JACKSON BLUFF ROAD LLC |
| CC 2202 WEST PENSACOLA STREET LLC |
| CC 300 CATHEDRAL STREET LLC |
| CC 311 CATHEDRAL STREET LLC |

CC 330 N CHARLES STREET LLC
CC 3522 BEECH AVE LLC
CC 4 AND 10 E BIDDLE STREET LLC
CC 4000 LINKWOOD ROAD LLC
CC 417 SAINT PAUL PLACE LLC
CC 419 SAINT PAUL PLACE LLC
CC 517 SOUTH BROADWAY LLC
CC 523 S BROADWAY LLC
CC 523 SOUTH BROADWAY LLC
CC 600 SOUTH CAROLINE STREET LLC
CC 601 SOUTH BROADWAY LLC
CC 7 AND 9 E EAGER STREET LLC
CC 7 E EAGER STREET LLC
CC 8 AND 21 E EAGER STREET LLC
CC 8 E EAGER STREET LLC
CC 816 PARK AVE LLC
CC 9 E EAGER STREET LLC
CC 807 Park Ave LLC
CC 817 SAINT PAUL STREET LLC
CC 902 SAINT PAUL ST LLC
CC 906 AND 935 SAINT PAUL STREET LLC
CC 906 SAINT PAUL LLC
CC 921 AND 923 SAINT PAUL STREET LLC
CC 921 SAINT PAUL STREET LLC
CC 923 SAINT PAUL STREET LLC
CC 930 N CALVERT STREET LLC
CC 935 SAINT PAUL STREET LLC
CC 938 N CALVERT STREET LLC
CC BROWARD 110 LLC
CC CHATEAUS DE MOUNT VERNON LLC
CC HARGRAVE 101 LLC
CC PARK PLACE LLC
CC SERENITY COURT LLC
CC SHEEP RANCH LLC
CC THE BEAR LLC
CC THE BO LLC
CC THE BRANDON II LLC
CC THE BRANDON LLC
CC CHATEAUS II LLC
CC THE JIMMY LLC
CC THE LYN LLC

CC THE MOLLY LLC
CC THE REGENCY LLC
CC THE SEMINOLE LLC
CC THE WHITNEY LLC
CC WASHINGTON HOUSE LLC
CDA FX HOLDINGS LLC
CDA HOLDINGS LLC
CHASEN 2022 FAMILY IRRV TR
CS 1122 N CALVERT LLC
CS 1511 EASTERN AVE LLC
CS 1617 EASTERN AVE LLC
CS 1709 FLEET STREET LLC
CS 211 SAINT PAUL PLACE LLC
CS 421 SOUTH BROADWAY LLC
CS 500 SOUTH BOND STREET LLC
CS 520 SOUTH CAROLINE STREET LLC
CS 631 CONSTITUTION LLC
FS 2601 LLC
FS 2603 LLC
LIVE LOADS LLC
MM REVIVE LLC
PB7 INVESTMENTS LLC
PN7 INVESTMENTS LLC
STJ BURNLEY LLC
STJ INVESTMENTS LLC
STJ MONACO LLC
STONE HOUSE LENDING LLC
ZUCKERBURG MANAGEMENT LLC
STJ LLC

Entered: August 13th, 2026

Signed: August 12th, 2026

**SO ORDERED**




NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| CHASEN CONSTRUCTION, LLC, | ) | Case No. 25-12356-NVA |
| Debtor. | ) | (Chapter 11) |
| In re: | ) | |
| BRANDON M. CHASEN SR. | ) | Case No. 25-15437-NVA |
| Debtor. | ) | (Chapter 7) |

**ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION**
**(Chasen 2022 Family Irrevocable Trust)**

The above-captioned matter came before the Court upon the *Motion for Rule 2004 Examination of the Chasen 2022 Family Irrevocable Trust* (the "*Motion*") filed jointly by Roger Schlossberg, the Chapter 11 Trustee duly appointed and serving in Case No. 25-12356, and Zvi Guttman, the Chapter 7 Trustee duly appointed and serving in Case No. 25-15437, and upon any opposition or other response interposed in reply thereto. Upon careful consideration of the same, together with any evidence admitted or arguments advanced at any hearing

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Maryland

In re Brandon M. Chasen Sr.
Debtor

Case No. 25-15437

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Chasen 2022 Family Irrevocable Trust
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| SC&H Group<br>226 Schilling Circle, Suite 300<br>Hunt Valley MD 21031 | 09/28/26 10:00 am |

The examination will be recorded by this method: Stenographic means

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/28/26

CLERK OF COURT

_____________________________
*Signature of Clerk or Deputy Clerk*

OR

Zvi Guttman
Digitally signed by Zvi Guttman
Date: 2026.08.27 14:51:00 -04'00'
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Zvi Guttman, Trustee , who issues or requests this subpoena, are:
Zvi Guttman, Esq., Law Offices of Zvi Guttman, P.A., P.O. Box 32308, Baltimore, MD 21209
zvi@zviguttman.com; 410-550-0500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☒ I served the subpoena by delivering a copy to the named person as follows: __________________________________
______________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT TO SUBPOENA

DEFINITIONS

For the purposes of this *Attachment to Subpoena*, the following words shall have the following definitions:

1. The terms "Document" or "Documents" shall be construed in their broadest and most liberal sense and, includes, without limitation: any written, typed, printed, recorded, coded, or graphic matter of any kind, however produced or reproduced; any electronically, digitally or magnetically recorded or stored matter of any kind or character; and any other matter or thing of any kind or character that stores, memorializes, or records information, whether transcribed by hand or by some mechanical, photographic or other means – and whether or not the original of said item now is in existence. Said terms further include, without limitation: advertisements; agreements; analyses; announcements; appointment books, articles; audiotapes; bills; books; books of account; brochures; bulletins; calendars; cancelled tickets; catalogues; cables; calendars or desk pads; cancelled checks; certificates; charts; compilations; computer diskettes; computer records; computer tapes; contracts; control sheets; correspondence; data processing media, forms, and records; deposition transcripts; diaries; directions; drafts; drawings; electronic mail; Electronically Stored Information; facsimiles; files; film; fliers; forms; graphs; handwritten notes; instructions; inter-office or intra-office communications; journals; labels; ledgers; letters; mailgrams; memoranda (including any type or form of notes; memoranda or sound recordings of personal thoughts, recollections or reminders, agreements, meetings or conferences); microfiche; microfilm; minutes; motion pictures; newsletters; newspapers; notes; notebooks; papers; records; records of meetings conferences and telephone conversations; reports; packaging; pamphlets; phono-records; photocopies; photographs, photostats; pictures; publications; receipts; reports; slides and still films; paper and computerized or electronic spreadsheets; statistical compilations; stenographic notes; studies; statements; sound and/or tape recordings; surveys; telecopies and tele-faxes; telegrams; telephonic messages; teletypes; telexes; technical reports; text messages; transcripts; transmittal slips; working papers; writings; videotapes; all ESI; and all electromagnetic storage media, including computer tapes, disks, and diskettes, and other data compilations from which information can be obtained decoded, and/or translated, as necessary, through the use of playback or detection devices into reasonably usable form; and other items, papers or matters similar to any of the foregoing, however denominated.

The terms "Document" and "Documents" further includes all drafts of the same and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

2. The terms "Electronically Stored Information" and "ESI" mean, in addition to that information contemplated by Federal Rule 34(a)(1)(A), any information on operational systems including, without limitation; accounting, financial, distribution, or manufacturing systems; E-

mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel or other spreadsheets and underlying formulae; metadata; computer databases (*i.e.*, Access, *etc*.), erased, fragmented or damages data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to: cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (back-up drives; hard drives, floppy disks, jump drives; USB drives; *etc*.); PDAs, iPhones, Androids, Blackberries; Palm Pilots; cell phones; *etc*. Electronically Stored Information shall be produced in its native format with all associated metadata intact, or in single-page TIFF format with a corresponding load file, extracted text, and metadata, in each case in a manner that preserves the integrity and usability of the information.

3. The terms "Communication" or "Communications" mean the transmittal of information by any means, unless otherwise specified below.

4. The term "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5. The term "Chasen Trust" refers to the examinee, Chasen 2022 Family Irrevocable Trust, the party to whom this *Subpoena* is directed and includes the Chasen Trustees (defined below).

6. The term "Chasen Trustees" refers to all current and former trustees of the Chasen Trust, including but not limited to Paul W. Davis, Blake D. Chasen, and Matthew A. Mace.

7. The term "Trust Agreement" refers to the Irrevocable Trust Agreement executed on August 12, 2022 by Brandon M. Chasen Sr. which created the Chasen Trust.

8. The term "Grantor" refers to Brandon M. Chasen Sr., the grantor of the Chasen Trust and the Debtor in Case No. 25-15437.

9. The term "Beneficiary" refers, collectively, to all beneficiaries of the Chasen Trust, including but not limited to Catherine Chasen and the children of the Grantor identified in Section 2 of the Trust Agreement.

10. The term "Trust Protector" refers, collectively, to Blake Chasen and all other persons occupying the position of "trust protector" under Section 13.J of the Trust Agreement.

11. The term "Disinterested Party" refers, collectively, to all persons occupying the position of "disinterested party" under Section 8.E of the Trust Agreement.

12. The term "Chasen Construction" refers to Chasen Construction, LLC, the debtor in one of the bankruptcy cases from which this *Subpoena* is issued.

13. The term "Chasen Related Entity" refers to any of the numerous business entities which are affiliated with Chasen Construction and/or which are owned, in whole or in part, by at least the one of the individual members of Chasen Construction (Brandon M. Chasen Sr. and Paul W. Davis). A listing of the various known "Chasen Related Entities" is attached hereto.

14. The term "Review Period" refers to the period of time from August 1, 2022 to the date of the Chasen Trust's response to this *Subpoena*.

<u>DOCUMENTS TO BE PRODUCED</u>:

1. All Communications during the Review Period between or among the Chasen Trust and the Grantor, and all Documents Concerning such Communications.

2. All Communications during the Review Period between or among the Chasen Trust and any Beneficiary, and all Documents Concerning such Communications.

3. All Communications during the Review Period between or among the Chasen Trust and any current, former, or prospective Chasen Trustee, and all Documents Concerning such Communications.

4. All Communications during the Review Period between or among the Chasen Trust and any Trust Protector, and all Documents Concerning such Communications.

5. All Communications during the Review Period between or among the Chasen Trust and any Disinterested Party, and all Documents Concerning such Communications.

6. All Communications during the Review Period between or among the Chasen Trust and Chasen Construction and/or any Chasen Related Entity, and all Documents Concerning such Communications.

7. All Communications during the Review Period between or among the Chasen Trust and any third party Concerning any Document produced by the Chasen Trust pursuant to these Requests.

8. All Documents and Communications that identify the current Chasen Trustee(s), the current Trust Protector(s) of the Chasen Trust, and the current Disinterested Party(ies) under the Chasen Trust.

9. All Documents and Communications during the Review Period Concerning the appointment, resignation and/or removal of any Chasen Trustee.

10. All Documents and Communications during the Review Period Concerning the appointment, resignation and/or removal of any Trust Protector.

11. All Documents and Communications during the Review Period Concerning the appointment, resignation and/or removal of any Disinterested Party.

12. All Documents and Communications during the Review Period Concerning all compensation and reimbursements paid to any Chasen Trustee and/or to any Trust Protector by, or at the direction of, the Chasen Trust.

13. All Documents Concerning the establishment of escrow accounts for the Chasen Trust at the Baker Donelson law firm, including but not limited to all account opening records, account agreements, and deposit records.

14. All Documents Concerning the assets enumerated in the Schedule of Property in the Trust Agreement, which were transferred into the Chasen Trust at its inception, including but not limited to: (a) all Documents Concerning the source of the $1,000,000.00 in cash transferred to the Chasen Trust; (b) all Documents Concerning the individual items of personal property worth $400,000.00 transferred to the Chasen Trust; (c) all Documents Concerning the 90% membership interest in FS 2601 LLC transferred to the Chasen Trust; (d) all Documents Concerning the 90% membership interest in FS 2402 LLC transferred to the Chasen Trust; and (e) all Documents Concerning the 40% membership interest in CC 116 Princess Lona LLC transferred to the Chasen Trust.

15. All Documents Concerning the current inventory of all property and assets held by the Chasen Trust, including any property or assets held in divided shares or sub-trusts.

16. All Documents Concerning the disposition of the assets enumerated in the Schedule of Property in the Trust Agreement, including but not limited to the current form and location of the $1,000,000.00 in cash and $400,000.00 of personal property transferred into the Chasen Trust at its inception.

17. All Documents Concerning the identity of the members of FS 2601 LLC, FS 2402 LLC, and CC 116 Princess Lona LLC, the percentage interests held by each member, and all related capitalization and ownership records for each LLC.

18. All Documents and Communications Concerning the operation and management of FS 2601 LLC, FS 2402 LLC, and CC 116 Princess Lona LLC, including but not limited to all operating agreements.

19. All Documents and Communications Concerning all distributions paid to the Chasen Trust by FS 2601 LLC, FS 2402 LLC, and CC 116 Princess Lona LLC, including all Form K-1's received by the Chasen Trust from each LLC.

20. All Documents and Communications Concerning any asset substitutions made pursuant to Section 8.B of the Trust Agreement, including an identification of the assets removed and added, the valuation of the assets removed and added, and all equivalent-value certifications provided with respect to such asset substitutions.

21. All Documents during the Review Period Concerning all monthly and periodic statements received by the Chasen Trust from any financial institution in which the Chasen Trust maintains (or formerly maintained) an account, including but not limited to all bank, brokerage and investment accounts.

22. All Documents during the Review Period Concerning all real estate transactions in which the Chasen Trust has been a party, including but not limited to all deeds and closing statements for such transactions.

23. All Documents and Communications Concerning all transfers of assets into the Chasen Trust since its inception, including but not limited to the identification of the transferor, the identification of the asset transferred, the value of the asset transferred, and the date of the transfer.

24. All Documents and Communications Concerning all distributions made by the Chasen Trust to any Beneficiary, including but not limited to the date, amount, recipient, and purpose of the distribution.

25. All Documents and Communications Concerning all loans made by the Chasen Trust to the Grantor, including but not limited to a description of the terms of the loan, all related promissory notes received from the Grantor, and all records of repayment by the Grantor.

26. All Documents and Communications Concerning all life insurance policies owned by the Chasen Trust during the Review Period, including but not limited, to for each such policy, the identification of: (a) the insurance carrier; (b) the insured live(s); (c) the face value; (d) cash surrender value, if any; (e) the beneficiary(ies); (f) the premium history; (g) any borrowing done against the policy; and (h) any surrender or transfer of the policy.

27. All Documents Concerning any life insurance premiums paid by the Chasen Trust on any policy insuring the life of the Grantor and/or the Grantor's wife pursuant to Section 8.A of the Trust Agreement.

28. All Documents Concerning any tax reimbursements paid by the Chasen Trust to the Grantor pursuant to Section 8.D of the Trust Agreement.

29. All Documents and Communications Concerning any payments made by the Chasen Trust to discharge a legal obligation of the Grantor, or any payments made to a Beneficiary for the benefit of the Grantor.

30. All Documents Concerning any withdrawal notices sent by the Chasen Trust to powerholders pursuant to Section 3.B of the Trust Agreement and any responses thereto.

31. All Documents Concerning any gift tax returns (IRS Form 709) filed by the Chasen Trust.

32. All Documents and Communications during the Review Period Concerning all income tax returns filed by the Chasen Trust and all grantor-trust reporting to taxing authorities.

33. All Documents and Communications during the Review Period Concerning all formal and informal accountings undertaken by the Chasen Trust.

34. All Documents and Communications during the Review Period identifying all accountants and accounting firms employed by the Chasen Trust.

35. All Documents and Communications Concerning any amendments to the Chasen Trust made by the Trust Protector pursuant to Section 13.J(3) of the Trust Agreement.

36. All Documents and Communications Concerning any change of the situs of the Chasen Trust made by any Disinterested Party pursuant to Section 15 of the Trust Agreement.

37. All Documents and Communications Concerning any changes to the name of the Chasen Trust, and/or any merger, division or decanting of trusts by the Chasen Trust.

38. All Documents and Communications Concerning the Trust Agreement, including all amendments, restatements, and modifications thereto, whether made by any Chasen Trustee, any Trust Protector, or any other person.

39. All Documents and Communications Concerning any transfer of money or property, in either direction, between the Chasen Trust and Chasen Construction and/or any Chasen Related Entity, including but not limited to the identification of the transferor and transferee, the asset transferred, the value of the asset, the date of the transfer, and any consideration exchanged.

40. All Documents and Communications Concerning the Grantor's use, possession, control, or enjoyment of, or benefit from, any asset held by or transferred to the Chasen Trust.

Certificate of Compliance with Fed. R. Civ. P. 45(a)(4)

I HEREBY CERTIFY that a copy of the foregoing subpoena has been served upon counsel for Chasen Construction LLC and Brandon M. Chasen Sr. prior to service upon the subpoenaed party herein.

*/s/ Frank J. Mastro*
Frank J. Mastro

# List of Chasen Related Entities

| Entity |
|---|
| CHASEN ACQUISITIONS LLC |
| CHASEN CONSTRUCTION LLC |
| CHASEN HOLDINGS LLC |
| CHASEN PROPERTIES LLC |
| HARBOR MANAGEMENT GROUP LLC |
| 12 W MONTGOMERY STREET LLC |
| 1702 LIGHT STREET PLACE LLC |
| 1719 EASTERN AVE LLC |
| 1742 FLEET STREET LLC |
| 2402 FOUR SEASONS LLC |
| 280 E PALMETTO PARK ROAD LLC |
| 415 ST PAUL PLACE LLC |
| 9 N HOWARD STREET LLC |
| CC 10 AND 12 W BIDDLE STREET LLC |
| CC 10 E BIDDLE STREET LLC |
| CC 10 W BIDDLE STREET LLC |
| CC 1005 NORTH CHARLES STREET LLC |
| CC 1012 N CALVERT STREET LLC |
| CC 1020 N CALVERT STREET LLC |
| CC 1022 N CALVERT STREET LLC |
| CC 1038 N CALVERT STREET LLC |
| CC 1114 SAINT PAUL STREET LLC |
| CC 115 E EAGER STREET LLC |
| CC 116 PRINCESS LONA LLC |
| CC 12 W BIDDLE STREET LLC |
| CC 1210 N CALVERT STREET LLC |
| CC 13 E READ STREET LLC |
| CC 1400 ALICEANNA STREET LLC |
| CC 1517 EASTERN AVE LLC |
| CC 1720 SAINT PAUL STREET LLC |
| CC 201 E BALTIMORE STREET LLC |
| CC 21 E EAGER STREET LLC |
| CC 2125 JACKSON BLUFF ROAD LLC |
| CC 2202 WEST PENSACOLA STREET LLC |
| CC 300 CATHEDRAL STREET LLC |
| CC 311 CATHEDRAL STREET LLC |

CC 330 N CHARLES STREET LLC
CC 3522 BEECH AVE LLC
CC 4 AND 10 E BIDDLE STREET LLC
CC 4000 LINKWOOD ROAD LLC
CC 417 SAINT PAUL PLACE LLC
CC 419 SAINT PAUL PLACE LLC
CC 517 SOUTH BROADWAY LLC
CC 523 S BROADWAY LLC
CC 523 SOUTH BROADWAY LLC
CC 600 SOUTH CAROLINE STREET LLC
CC 601 SOUTH BROADWAY LLC
CC 7 AND 9 E EAGER STREET LLC
CC 7 E EAGER STREET LLC
CC 8 AND 21 E EAGER STREET LLC
CC 8 E EAGER STREET LLC
CC 816 PARK AVE LLC
CC 9 E EAGER STREET LLC
CC 807 Park Ave LLC
CC 817 SAINT PAUL STREET LLC
CC 902 SAINT PAUL ST LLC
CC 906 AND 935 SAINT PAUL STREET LLC
CC 906 SAINT PAUL LLC
CC 921 AND 923 SAINT PAUL STREET LLC
CC 921 SAINT PAUL STREET LLC
CC 923 SAINT PAUL STREET LLC
CC 930 N CALVERT STREET LLC
CC 935 SAINT PAUL STREET LLC
CC 938 N CALVERT STREET LLC
CC BROWARD 110 LLC
CC CHATEAUS DE MOUNT VERNON LLC
CC HARGRAVE 101 LLC
CC PARK PLACE LLC
CC SERENITY COURT LLC
CC SHEEP RANCH LLC
CC THE BEAR LLC
CC THE BO LLC
CC THE BRANDON II LLC
CC THE BRANDON LLC
CC CHATEAUS II LLC
CC THE JIMMY LLC
CC THE LYN LLC

CC THE MOLLY LLC
CC THE REGENCY LLC
CC THE SEMINOLE LLC
CC THE WHITNEY LLC
CC WASHINGTON HOUSE LLC
CDA FX HOLDINGS LLC
CDA HOLDINGS LLC
CHASEN 2022 FAMILY IRRV TR
CS 1122 N CALVERT LLC
CS 1511 EASTERN AVE LLC
CS 1617 EASTERN AVE LLC
CS 1709 FLEET STREET LLC
CS 211 SAINT PAUL PLACE LLC
CS 421 SOUTH BROADWAY LLC
CS 500 SOUTH BOND STREET LLC
CS 520 SOUTH CAROLINE STREET LLC
CS 631 CONSTITUTION LLC
FS 2601 LLC
FS 2603 LLC
LIVE LOADS LLC
MM REVIVE LLC
PB7 INVESTMENTS LLC
PN7 INVESTMENTS LLC
STJ BURNLEY LLC
STJ INVESTMENTS LLC
STJ MONACO LLC
STONE HOUSE LENDING LLC
ZUCKERBURG MANAGEMENT LLC
STJ LLC

Entered: August 13th, 2026

Signed: August 12th, 2026

**SO ORDERED**

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| CHASEN CONSTRUCTION, LLC, | ) | Case No. 25-12356-NVA |
| Debtor. | ) | (Chapter 11) |
| In re: | ) | |
| BRANDON M. CHASEN SR. | ) | Case No. 25-15437-NVA |
| Debtor. | ) | (Chapter 7) |

**ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION**
**(Chasen 2022 Family Irrevocable Trust)**

The above-captioned matter came before the Court upon the *Motion for Rule 2004 Examination of the Chasen 2022 Family Irrevocable Trust* (the "*Motion*") filed jointly by Roger Schlossberg, the Chapter 11 Trustee duly appointed and serving in Case No. 25-12356, and Zvi Guttman, the Chapter 7 Trustee duly appointed and serving in Case No. 25-15437, and upon any opposition or other response interposed in reply thereto. Upon careful consideration of the same, together with any evidence admitted or arguments advanced at any hearing

conducted thereon, and it appearing that the relief requested in said *Motion* should be granted, it is therefore by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the *Motion* be, and the same hereby is, **GRANTED**; and it is further

**ORDERED**, that the Movants may examine the above-named party pursuant to Federal Bankruptcy Rule 2004; and it is further

**ORDERED**, that, as provided by Federal Bankruptcy Rule 2004(c), the attendance of such entity for examination and the production of documentary evidence may be compelled in the manner provided in Federal Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial, or as otherwise provided by applicable law.

cc:

Roger Schlossberg, Chapter 11 Trustee

Zvi Guttman, Chapter 7 Trustee

Frank J. Mastro, Esquire

Chasen 2022 Family Irrevocable Trust
c/o Matthew A. Mace, Esq., Trustee
Baker Donelson
100 Light Street, 19th Floor
Baltimore, MD 21202

**END OF ORDER**

conducted thereon, and it appearing that the relief requested in said *Motion* should be granted, it is therefore by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the *Motion* be, and the same hereby is, **GRANTED**; and it is further

**ORDERED**, that the Movants may examine the above-named party pursuant to Federal Bankruptcy Rule 2004; and it is further

**ORDERED**, that, as provided by Federal Bankruptcy Rule 2004(c), the attendance of such entity for examination and the production of documentary evidence may be compelled in the manner provided in Federal Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial, or as otherwise provided by applicable law.

cc:

Roger Schlossberg, Chapter 11 Trustee

Zvi Guttman, Chapter 7 Trustee

Frank J. Mastro, Esquire

Chasen 2022 Family Irrevocable Trust
c/o Matthew A. Mace, Esq., Trustee
Baker Donelson
100 Light Street, 19th Floor
Baltimore, MD 21202

**END OF ORDER**