**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **In re:**<br><br>**Chasen Construction LLC,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 25-12356-NVA** |

**MOTION FOR EXAMINATION OF KEVIN TEHAN**
**PURSUANT TO BANKRUPTCY RULE 2004**

Pursuant to Fed. R. Bankr. P. 2004 and 9016, creditors Family Pension Corp. 401k Plan ("Family Pension"), Four Kids Investment Fund, LLC ("Four Kids"), Jonathan Honig, as Trustee (the "Trustee") by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019 (the "Trust"), and Jacob Honig, and collectively with Family Pension, Four Kids, the Trustee, and the Trust, the ("Interested Parties"), by and through their undersigned counsel, Ice Miller LLP, hereby submit this *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* (the "Motion") in the above-captioned Chapter 11 case (the "Chapter 11 Case") of Chasen Construction LLC (the "Debtor"). In support of this Motion, the Interested Parties respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Maryland (the "Court") has jurisdiction over this Chapter 11 Case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this Chapter 11 case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bankruptcy Rule 9016, and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the District of Maryland.

**Relief Requested**

4. By this Motion, the Interested Parties seek entry of an order, substantially in the form attached hereto, authorizing them to conduct a Rule 2004 examination of Kevin Tehan ("Tehan"), an employee of ColumbiaNational Real Estate Finance, LLC ("ColumbiaNational"), who was the primary point of contact with the Debtor and related-Debtor Brandon M. Chasen, Sr. ("Chasen"). The Interested Parties seek testimony and documents concerning the relationships and communications among ColumbiaNational, Tehan, the Debtor, Chasen, and their affiliated entities and individuals; their business operations and dealings; how Tehan and Columbia National identified and obtained investors for the Debtor and its related entities; and Tehan's and ColumbiaNational's understanding, communications, and analysis regarding any suspicious or unusual activity. The Interested Parties sought this information from ColumbiaNational, who is the recipient of a Rule 2004 subpoena in these proceedings in June 2026, but ColumbiaNational recently appears to have taken the position that it does not have possession, custody or control of communications, including work related communications, maintained by its employees on personal devices.

**Background**

5. On March 19, 2025, an involuntary case was filed against the Debtor under Chapter 11 of the Bankruptcy Code.

6. On June 16, 2025, an involuntary case was filed against Chasen under Chapter 7 of the Bankruptcy Code in proceedings styled *In re Brandon M. Chasen, Sr.*, Case No. 25-15437 (Bankr. D. Md.).

7. The Interested Parties made a series of loans, each documented by a promissory note and related agreements to a related entity of the Debtor, Chasen Acquisitions LLC, a Maryland limited liability company ("Chasen Acquisitions"), including a series of unpaid loans for the purposes of acquisition and/or development of eight (8) different real properties (the "Real Properties").

8. Currently, the Debtor owes the Interested Parties in excess of $35,000,000. *See* Proof of Claim Nos. 21-25.

9. Based upon documentation the Interested Parties have reviewed to date, it appears that upon receipt of funds advanced by the Interested Parties, Chasen Acquisitions transferred such funds to the Debtor and/or related entities and/or individuals, including Chasen. Those funds were then disbursed to other related entities and individuals. It remains unclear to the Interested Parties, however, the basis for the Debtor's subsequent transfers of funds for purposes other than their designated allocation to develop the Real Properties.

10. On April 30, 2026, the Interested Parties filed a limited Rule 2004 Motion that sought the production of bank statements from ColumbiaNational related to the Debtor and its affiliated entities and/or individuals. Dkt. No. 177. That Rule 2004 Motion was granted by order dated May 19, 2026. Dkt. No. 184.

11. Kevin Tehan, a ColumbiaNational employee, was heavily involved with the Debtor and Chasen in his role as Managing Director-Principal at ColumbiaNational. From records already received and Chasen's testimony, Tehan was the Debtor's and Chasen's primary point of contact

with ColumbiaNational. The communications between Tehan and the Debtor and Chasen concern the administration and instructions from the Debtor, Chasen and related entities and/or individuals with ColumbiaNational.

12. While ColumbiaNational and the Interested Parties continue discussions with respect to ColumbiaNational's compliance with the subpoena served in connection with the prior Rule 2004 Motion,[1] ColumbiaNational recently disclosed that it would not produce documents and communications between Tehan and the Debtor. According to ColumbiaNational, Tehan was the only ColumbiaNational custodian who regularly communicated with Chasen by text message, Tehan's personal mobile device was configured to automatically delete messages after 30 days, and no ColumbiaNational server or backup system contains those messages. ColumbiaNational has not, however, confirmed whether Tehan maintains any personal backup of those communications, such as iCloud despite multiple requests for such confirmation. Those communications fall squarely within the scope of the subpoena served by the Interested Parties on Columbia on June 2, 2026.Even if such backup information does exist, ColumbiaNational has also recently taken the apparent position that it is not in the possession, custody or control of work related communications on Tehan's personal devices.

13. The Interested Parties require additional information to continue to investigate the Debtor's and Chasen's business and transactions, including how ColumbiaNational worked with the Debtor and Chasen to identify and attract lenders on behalf of the Debtor to finance real estate properties, what financial and valuation information the Debtor and Chasen provided to

---

[1] ColumbiaNational has yet to produce a single document in response to the Rule 2004 subpoena.

ColumbiaNational and Tehan to obtain that financing, and whether ColumbiaNational identified any discrepancies or concerns regarding that information.

14. The discovery sought is tailored to discover documents and information relating to assets and claims of the Debtor's estate, as well as to expose any fraudulent conduct.

**Authority and Information Sought Pursuant to Rule 2004 Examination**

15. Federal Rule of Bankruptcy Procedure 2004(a) authorizes any party in interest to move the Court for an order to conduct the examination of any entity. Rule 2004(b) provides that the scope of this examination may relate to "the debtor's acts, conduct, or property [or to] the debtor's liabilities and financial condition, [or to] any matter that may affect the administration of the debtor's estate, or [to] the debtor's right to a discharge." FED. R. BANKR. P. 2004(b).

16. It is well established that the scope of a Rule 2004 examination is exceptionally broad. "A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate." *In re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996).

17. In addition, as this Court noted in *In re Symington*, a Rule 2004 examination is "an investigatory tool, its nature is inquisitory rather than accusatory[.]" 209 B.R. 678, 684 (Bankr. D. Md. 1997). Indeed, "[i]t represents a threshold inquiry into the assets and conduct of debtors bankruptcy." *Id.*

18. By this Motion, the Interested Parties seek to examine the relationship between the Debtor, Chasen, and Tehan; Tehan's understanding of the Debtor's and Chasen's businesses and operations; and any discrepancies or concerns Tehan identified regarding that information and how he responded. The discovery sought is tailored to discover documents and information relating to assets and claims of the Debtor's and Chasen's estates, as well as to expose any fraudulent conduct.

This request is necessary because ColumbiaNational maintains that it cannot produce Tehan's text messages with Chasen, which were exchanged on his personal device, but has not addressed whether Tehan maintains personal backups of those communications.

19. The Interested Parties urge that the requested Rule 2004 examination is in the best interest of creditors and parties-in-interest in the Debtor's bankruptcy case.

**Local Rule 9013-2**

20. Pursuant to Local Rule 9013-2, the Interested Parties state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Interested Parties respectfully request that this Court enter an order, substantially in the form attached hereto (a) permitting the Interested Parties to conduct a Rule 2004 examination of Kevin Tehan, and (b) granting such other further relief that this case may require, and the Court deems just and proper.

Dated: October 14, 2026

Respectfully submitted,

*/s/ Aaron Casagrande*

Aaron L. Casagrande (Bar No. 28518)
**ICE MILLER LLP**
100 Light Street, Suite 2700
Baltimore, Maryland 21202
Phone: 410-951-5874
Aaron.Casagrande@IceMiller.com

*Counsel for Interested Parties*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| • Brian E. Barkley | bbarkley@barkenlaw.com |
| • Hugh M. (UST) Bernstein | hugh.m.bernstein@usdoj.gov |
| • Jill D. Caravaggio | jill@jill-lawoffice.net, paralegal@jill-lawoffice.net |
| • Aaron L. Casagrande | Aaron.casagrande@Icemiller.com |
| • Darrell William Clark | darrell.clark@stinson.com, catherine.scott@stinson.com |
| • Alan D. Eisler | aeisler@e-hlegal.com, alaneisler@gmail.com |
| • David V. Fontana | dfont@gebsmith.com |
| • Jason J. Giguere | jgiguere@zwickerpc.com, bknotices@zwickerpc.com |
| • Richard Marc Goldberg | rmg@shapirosher.com, ejd@shapirosher.com |
| • Zvi Guttman | zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com |
| • Jeffery Thomas Martin | jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com; brittany@martinlawgroup.com; Diana@martinlawgroup.com |
| • Frank J. Mastro | fmastro@schlosslaw.com |
| • Stephen A. Metz | smetz@offitkurman.com |
| • Tracey Michelle Ohm | tracey.ohm@stinson.com, porsche.barnes@stinson.com |
| • Jeffrey M. Orenstein | jorenstein@wolawgroup.com |
| • John E Reid | jack@martinlawgroup.com, brittany@martinlawgroup.com; Diana@martinlawgroup.com |
| • Roger Schlossberg | bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com |
| • Roger Schlossberg | trustee@schlosslaw.com, MD20@ecfcbis.com |
| • Robert G. Shuster | rob@shusterlaw.com, courts@shusterlaw.com |
| • Brent C. Strickland | bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com; brent-strickland-3227@ecf.pacerpro.com |
| • US Trustee - Baltimore | USTPRegion04.BA.ECF@USDOJ.GOV |
| • Maurice Belmont VerStandig | mac@mbvesq.com; |

lisa@mbvesq.com; mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

- Shawn C Whittaker shawn@whittaker-law.com

I hereby further certify that on the 8th day of October, 2026, a copy of the *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* was also mailed first class mail, postage prepaid to:

Chasen Construction LLC
Attn: Brandon Chasen
12 W. Montgomery St.
Baltimore, Maryland 21230

Michael A. Collyard
Greenberg Traurig, LLP.
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Michael B. Fisco
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter C. Ihrig
Greenberg Traurig, LLP.
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter D. Kiesbelbach
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter D. Kieselbach
Greenberg Traurig, LLP
90 South 7th Street
Suite 3500
Minneapolis, MN 55402

Catherine Lawrence
Lawrence Law, LLC
323 W. Camden Street
Suite 700
Baltimore, MD 21201

Shepherd Electric Co., Incorporated
c/o Douglas H. Seitz, Esq.
1 Olympic Place, Suite 800
Towson, MD 21204

*/s/ Aaron Casagrande*
Aaron Casagrande