Entered: October 26th, 2026
Signed: October 23rd, 2026

**SO ORDERED**

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>CHASEN CONSTRUCTION, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12356-NVA |
| In re:<br><br>BRANDON M. CHASEN, SR.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-15437-NVA |

**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

This Stipulated Protective Order (the "Order") is entered into by and among: (a) Roger Schlossberg, the Chapter 11 Trustee for Chasen Construction, LLC (the "Chapter 11 Trustee"); (b) Zvi Guttman, the Chapter 7 Trustee for Brandon Chasen (the "Chapter 7 Trustee" and collectively with the Chapter 11 Trustee, the "Trustees"); and (c) Cushman & Wakefield U.S., Inc., Cushman & Wakefield of Maryland, LLC, and Cushman & Wakefield of Virginia, LLC (collectively, "C&W"). Each of the persons or entities identified in the foregoing clauses (a)

through (c) shall be referred to herein individually as a "Party" and, collectively, as the "Parties". The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b), Rules 7026, 9014, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable by Bankruptcy Rule 7026.

Accordingly, it is by the United States Bankruptcy Court for the District of Maryland, hereby **ORDERED**:

1. Scope of Order:

(a) This Order shall apply to all information, documents and things exchanged including, without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, initial and supplemental disclosures, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information designated as confidential produced or otherwise disclosed (the "Discovery Materials") by any Party or a third party ("Producing Party"), to any other Party or third party (each a "Receiving Party") in connection with the Bankruptcy Proceedings (defined below).

(b) This Stipulation and Order has no effect upon, and its scope shall not extend to, any Party's use of its own Discovery Materials that it produces.

(c) Confidential Information, as defined herein, disclosed by any Producing Party to a Receiving Party in connection with the Bankruptcy Proceedings, shall be used by the Receiving Party solely for purposes of the Bankruptcy Proceedings and for investigating, litigating or settling claims and contested matters, including any appeals thereof, of matters: (i) arising in or

related to the Bankruptcy Proceedings; and/or (ii) arising in, arising out of or relating to any Party's relationship, transactions, dealings and/or interactions with the Debtors or the Chasen Parties (defined below), including with respect to third-parties (collectively, the "Other Matters").

(d) Except as otherwise provided herein, Confidential Information (defined below) shall not be used or disclosed in any other proceeding or for any other purpose, including, but not limited to, any business or commercial purpose.

2. Definitions:

(a) "Bankruptcy Proceedings" shall mean and refer to any litigation, bankruptcy case, adversary proceeding, contested matter, arbitration, or other proceeding, whether now pending or commenced in the future, arising out of, relating to, involving, or connected with the Chasen Parties (defined below), their assets, liabilities, operations, transactions, conduct, or affairs, including matters arising out of or relating to the above-captioned bankruptcy proceedings and the bankruptcy proceedings styled as *In re Brandon M. Chasen, Sr.*, Case No. 25-15437 (Bankr. D. Md.) and *In re Chasen Construction, LLC*, Case No. 25-12356-NVA (Bankr. D. Md.), including any future actions or claims asserted by a Party arising from similar facts, transactions, conduct, or circumstances that are the subject of the Bankruptcy Proceedings.

(b) "Chasen Parties" means those entities or individuals affiliated with the Debtors Chasen Construction, LLC and/or Brandon M. Chasen, Sr, including the entities identified on the attached "List of Chasen Related Entities."

(c) The "Rule 2004 Examination Requests" shall mean and refer to the various requests for permission to conduct examinations under Bankruptcy Rule 2004 sought by the Parties hereto in the Bankruptcy Proceedings.

3. Designation of Discovery Materials as Confidential:

(a) Any Producing Party, or any third party subpoenaed by one of the Parties, may designate as confidential and subject to this Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Party asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available (collectively, ("Confidential Information"). The designation of materials as Confidential Information pursuant to the terms of this Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Confidential Information shall not include information that (a) is or becomes generally available to the public through no violation of this Order; (b) was lawfully known to the Receiving Party before its disclosure by the Producing Entity; (c) is lawfully obtained by the Receiving Party from a source that is not subject to a legal, contractual, or fiduciary obligation prohibiting disclosure; or (d) is independently developed by the Receiving Party without use of or reference to Confidential Information.

(b) *Documents And Written Materials*. The Producing Party shall designate any document or other written materials as Confidential Information pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

(c) *Electronically Stored Information ("ESI")*: If a production response includes ESI that is or contains Confidential Information, the Producing Party shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Producing Party shall designate in a transmittal letter or email to the Receiving Party using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

(d) *Deposition Testimony*. Deposition testimony will be deemed Confidential Information only if designated as such when the deposition is taken or within 20 days after receipt of the final deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be Confidential Information under this Order without further designation.

4. <u>Persons to Whom Confidential Information May Be Disclosed:</u> Except for the persons listed below, disclosure of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who have agreed to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a) counsel to the Parties and their staff;

(b) the Parties and their officers, directors, employees, or agents, provided they sign Attachment A to this Order;

(c) professional advisors, experts, or consultants retained by a Party, provided they sign Attachment A to this Order;

(d) court reporters and litigation support vendors;

(e) the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties;

(f) employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties;

(g) potential witnesses in the Bankruptcy Proceedings and/or any Other Matters, provided they sign Attachment A to this Order;

(h) any person who was an author, addressee, or actual recipient of the Discovery Material;

(i) any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Discovery Material is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced;

(j) interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this Action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this Action (as long as the disclosure occurs in the presence of counsel - in-person or electronically - and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided they sign Attachment A to this Order; and

(k) any other person with the Producing Party's written consent.

5. Confidential Information Filed with Court. To the extent that any Confidential Information subject to this Order (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal. The Producing Party, as the party alleging confidentiality, bears the burden of demonstrating the basis for continued sealing.

6. All Trials Open To Public. All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any Confidential Information or documents or information derived therefrom that would disclose such Confidential Information. However, if a party intends to present at a Public Hearing any Confidential Information, the party intending to present such information, shall provide advance notice, to the extent practically feasible and without jeopardizing the party's attorney's work product or litigation strategy, to the Producing Party at least five (5) days before the Public Hearing by identifying the Confidential Information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.). Any person may then seek appropriate relief from the Court regarding restrictions on the use of Confidential Information at trial, or sealing of the courtroom, if appropriate.

7. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

8. Challenging Designation of Confidentiality. A designation of Confidential Information may be challenged upon motion. The burden of proving the confidentiality of designated Confidential Information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

9. Inadvertent Production of Discovery Material Subject to a Claim of Privilege:

(a) The Parties hereto acknowledge that regardless of the Producing Party's diligence, an inadvertent production documents or information protected by the attorney-client

privilege, the attorney work-product doctrine, the common-interest doctrine or any other legally cognizable privilege or protection ("Protected Information") may occur. Pursuant to subsections (d) and (e) of Fed. R. Evid. 502, the inadvertent production of Protected Information will not waive that privilege or protection in the Bankruptcy Proceedings or in any other federal or state proceeding.

(b) If a Producing Party produces or provides Discovery Material that it reasonably believes is privileged or otherwise immune from discovery, the Producing Party shall promptly so advise the Receiving Party in writing, state the basis for the alleged privilege or immunity, and request that the item or items or information or other Discovery Material be returned. If the conditions of this paragraph are met, then the Receiving Party shall return to the Producing Party the Discovery Material subject to the Producing Party's request and destroy all copies thereof within five (5) business days of receipt of the written request; provided, however, that the Receiving Party is entitled to retain copies of the Discovery Material for the purposes of challenging the assertion of any privilege or protection. Moreover, return of the Discovery Material shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of privilege or immunity from discovery, nor shall it foreclose any party from requesting the Court to order that such Discovery Material has been improperly designated, is not Protected Information, or should be produced in accordance with the Bankruptcy Rules and/or the Federal Rules, but only for reasons other than that the production caused a waiver.

10. Return of Confidential Material at Conclusion of Proceedings. Within 90 days after the conclusion of the Bankruptcy Proceedings and/or Other Matters, including all appeals, any and all originals and copies of Discovery Materials maintaining a designation of Confidential

Information shall, at the written option and request of the Producing Party, be returned to the Producing Party or destroyed, except that outside counsel for each Party may maintain copies of all pleadings, motion papers, transcripts, exhibits, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Upon request from any Party, a Party shall provide written certification that it has complied with this paragraph. Moreover, nothing in this Order requires any Party to access and extract and or delete any Confidential Information from any backup, archival or other disaster recovery systems.

11. Use of Artificial Intelligence. A Receiving Party shall not input, upload, or submit Confidential Information into any modern artificial intelligence platform, including any generative, analytical, or large language tool ("AI"), unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the Party or authorized recipient the ability to remove or delete all confidential information upon request. A Party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections. Nothing herein limits a Party's use of its own Discovery Materials.

*Signature blocks appear on the following page*

Stipulated and agreed to by:

SCHLOSSBERG | MASTRO

/s/ *Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Roger Schlossberg, Ch. 11 Trustee*

**MCGUIREWOODS LLP**

/s/ *Dion W. Hayes*
Dion W. Hayes #14685
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
dhayes@mcguirewoods.com

*Counsel to Cushman & Wakefield U.S., Inc., Cushman & Wakefield of Maryland, LLC, and Cushman & Wakefield of Virginia, LLC*

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

/s/ *Zvi Guttman*
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*

**Certification of Consent**
**(Administrative Order 03-02)**

I HEREBY CERTIFY that the terms of the copy of the foregoing *Stipulated Confidentiality Agreement and Protective Order* (the "*Protective Order*") submitted to the Court are identical to those set forth in the original *Protective Order*, and that the signatures represented by the */s/* on this copy reference the signatures of consenting parties on the original *Protective Order*.

/s/ *Frank J. Mastro*
Frank J. Mastro

**END OF ORDER**

**ATTACHMENT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>CHASEN CONSTRUCTION, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12356-NVA |
| In re:<br><br>BRANDON M. CHASEN, SR.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-15437-NVA |

**JOINDER TO STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States Bankruptcy Court for the District of Maryland in matters relating to the Order and understands that the terms of the Order obligate him/her to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: ________________________________

Job Title: ________________________________

Employer: ________________________________

Business Address: ________________________________

________________________________

________________________________

________________________________

Date: ____________________ ________________________________________

Signature