# EXHIBIT 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Maryland (Baltimore Division)

In re Chasen Construction LLC
Debtor

Case No. 25-12356-NVA

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ColumbiaNational Real Estate Finance, LLC c/o The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: ______________________

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 1, 2026

CLERK OF COURT

______________________ OR Aaron L. Casagrande

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Creditor Interested Parties , who issues or requests this subpoena, are:

Aaron Casagrande - Email: Aaron.Casagrande@icemiller.com; Tel: 410-951-5876
Address: 100 Light Street, Suite 2700, Baltimore, MD, 21202

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1. The term "document" shall be construed to the broadest extent permitted by the Federal Rule of Civil Procedure 34(a). "Document" means and includes without limitation all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise, including without limitation, correspondence, e-mails, text messages, WhatsApp messages, memoranda, notes (handwritten, typed or otherwise), evidence, affidavits, statements, letters, diaries, journals, date-books, day-timers, calendars, minutes, agendas, contracts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, ledgers, offers, performance evaluations, notations of any sort of conversation (including without limitation telephone conversations or meetings) and all drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic, audiotape, videotape or electronic recordings or reproductions of any kind of any of the foregoing which are in the possession, custody or control of the respondent and/or its present or former attorneys, agents or representatives. "Document" also includes data stored or contained in computers, databases, servers, software applications, computer tapes, computer discs or any other computer-related device and videotapes and audiotapes.

2. "Referring to" or "relating to" means containing, constituting, evidencing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

3. "Communicate," "communicating," "communication" or "communications" means the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise, as well as any oral or written utterance, notation, statement or transmittal of any information of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, facsimile, correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understanding between or among two or more persons.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. "Case" or "Action" means the Debtor's Chapter 11 bankruptcy case under Case No. 25-12356 and Brandon Chasen, Sr.'s Chapter 7 bankruptcy case under No. 25-15437.

7. "You" or "Your" shall refer to the person to whom this subpoena is directed, his agents, employees, representatives, and/or any affiliated entity.

8. "Debtor" means Brandon Chasen, Sr. and Chasen Construction LLC, together with its affiliates.

9. “Financial Record” means, with respect to a person, any document which pertains in any way to the financial condition, business, or business operations of that person, including, without limitation, the cash flows, profit-making operations, revenues, or overall financial condition of such person. For the avoidance of doubt, Financial Records shall include, but not be limited to, any income statements, balance sheets, bank statements, check registers, ledgers, cashflow statements, profit-and-loss statements, audit reports, compilations, account statements, tax returns, and reports on or reflecting any of the Debtor’s business operations, whether in draft or final form.

10. “Insiders” means Chasen Acquisitions LLC, Brandon Chasen, Paul Davis, and “affiliates” (as such term is defined in §101(2) of the Bankruptcy Code).

11. “Affiliated Entity or Individual” shall refer individually or collectively to those entities and individuals identified: (a) on Appendix A hereto; and (b) any other entity or individual with whom the Debtor or Brandon Chasen, Sr. is an “affiliate” (as such term is defined in §101(2) of the Bankruptcy Code), as well as each of their respective officers, directors, employees, agents and representatives.

## INSTRUCTIONS

1. The documents listed below will be produced for inspection and copying within thirty (30) days of receipt of this Subpoena at the offices of Ice Miller LLP as detailed in the Subpoena attached hereto.

2. All documents shall be produced in the format set forth in Appendix B hereto.

3. All documents covered in this request shall be produced in an orderly manner (and with appropriate markings or other identification) so that identification of the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the request to which it responds is reasonably ascertainable.

4. Your responses to these document requests shall be supplemented whenever You become aware of and/or are in possession of additional documents falling within the scope of any request set forth herein.

5. These requests are continuing in nature and require further and supplemental productions by You whenever You acquire or make additional documents between the date of the first production hereunder and the time of any trial or hearing in this action.

6. If any document or any portion of a document is withheld under claim of a privilege, furnish a list identifying each document for which a privilege is claimed, together with the following information: date, author or sender, all addresses or recipients, type (*e.g.*, letter, memorandum, telegram, chart, photograph, etc.), subject matter of the document, the basis on which a privilege is claimed, and the paragraph or paragraphs of this request to which the document corresponds. If respondent claims a privilege as to only a portion of a document, produce the portion of the document as to which respondent does not claim a privilege.

7. If any document described in this request was, but no longer is, in your possession, or subject to your custody or control, or in existence, state whether (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others, or; (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person directing or authorizing the disposition.

8. Unless stated otherwise, the relevant period for each of the requests herein shall be from January 1, 2019 through the present (the "Applicable Period").

**REQUESTS**

1. All documents and communications referring to or relating to the Debtor, Insiders, and/or an Affiliated Entity or Individual.

2. All documents and communications between You and the Debtor, Insiders, and/or an Affiliated Entity or Individual.

3. All Financial Records relating in any way to the Debtor, Insiders and/or an Affiliated Entity or Individual.

4. All documents and communications related to suggestions, advice, or ideas that You provided to the Debtor, Insiders and/or an Affiliated Entity or Individual, regardless of whether that was solicited or accepted.

5. All documents and communications between You and any third party relating to the Debtor, Insiders, and/or an Affiliated Entity or Individual.

6. All documents and communications referring to or relating to Your efforts to solicit or attract potential lenders and/or investors to finance any property owned by or sought to be acquired and/or developed on behalf of the Debtor, Insiders, and/or an Affiliated Entity or Individual, whether directly or indirectly.

7. All documents and communications between You and any third party relating to the Debtor, Insiders, and/or an Affiliated Entity or Individual.

8. All documents and communications between You and any third party relating to services You provided to, or for the benefit of, the Debtor, Insiders, and/or an Affiliated Entity or Individual.

9. All documents and communications relating to or reflecting payments (or exchanges of other items of value whether tangible or intangible) by or between You and the Debtor, Insiders, and/or an Affiliated Entity or Individual, including all payments made to or through intermediaries, third parties or nominees acting on Your behalf or on behalf of the Debtor, Insiders, and/or an Affiliated Entity or Individual.

10. All engagement letters, consulting contracts, fee schedules, retention agreements, limitations on representation, limitations of liability, or other relationship-governing documents prepared by You in connection with the Debtor, Insiders, and/or an Affiliated Entity or Individual.

11. All documents and communications relating to the due diligence You or any of Your agents conducted on the Debtor, Insiders, and/or an Affiliated Entity or Individual.

12. All documents and communications relating to any concerns raised by any person regarding whether the Debtor, Insiders, and/or an Affiliated Entity or Individual were involved in fraud or other wrongdoing, regardless of the weight or credibility given to such concerns.

13. All documents produced in response to any investigation, regulatory, or other enforcement action regarding the Debtor, Insiders, or an Affiliated Entity or Individual by any governmental agency and other securities or other regulatory or law enforcement agency.

14. All documents and communications relating to Your decision to either continue or discontinue Your relationship with the Debtor, Insiders, and/or an Affiliated Entity or Individual, if any.

# Appendix A

| # | Entity Name |
|---|---|
| 1 | 1122 N. Calvert, LLC |
| 2 | 12 W. Montgomery Street, LLC |
| 3 | 1511 Eastern Ave. LLC |
| 4 | 1617 Eastern Ave., LLC |
| 5 | 1702 Light Street Place LLC |
| 6 | 1702 Light Street, LLC |
| 7 | 1719 Eastern Ave., LLC |
| 8 | 1742 Fleet Street, LLC |
| 9 | 2402 Four Seasons, LLC |
| 10 | 280 E Palmetto Park Road LLC |
| 11 | 3522 Beech Ave., LLC |
| 12 | 4 St. Paul Place, LLC |
| 13 | 415 St. Paul Place, LLC |
| 14 | 500 South Bond Street LLC |
| 15 | 600 S. Caroline St., LLC |
| 16 | 9 N. Howard Street, LLC |
| 17 | AWBC LLC |
| 18 | BPR Briggs LLC |
| 19 | Brandon Chasen |
| 20 | Catherine Chasen |
| 21 | CC 10 and 12 W Biddle Street LLC |
| 22 | CC 1005 North Charles St., LLC |
| 23 | CC 1012 N Calvert Street LLC |
| 24 | CC 1020 N Calvert Street LLC |
| 25 | CC 1021 N. Calvert Street LLC |
| 26 | CC 1021 Saint Paul Street LLC |
| 27 | CC 1038 N Calvert Street LLC |
| 28 | CC 1114 Saint Paul Street LLC |
| 29 | CC 115 E. Eager St., LLC |
| 30 | CC 116 Princess Lona, LLC |
| 31 | CC 13 E. Read St., LLC |
| 32 | CC 1400 Aliceanna Street, LLC |
| 33 | CC 1517 Eastern Ave, LLC |
| 34 | CC 1554 Lake Avenue LLC |
| 35 | CC 1616 McCaskill Avenue LLC |
| 36 | CC 1619 Lake Avenue LLC |
| 37 | CC 1720 Staint Paul Street, LLC |
| 38 | CC 201 East Baltimore St., LLC |
| 39 | CC 21 E Eager Street LLC |
| 40 | CC 210 North Charles Street LLC |

| | |
|---|---|
| 41 | CC 2125 Jackson Bluff Road LLC |
| 42 | CC 2202 West Pensacola Street LLC |
| 43 | CC 2202 West Pensacola Street, LLC |
| 44 | CC 300 Cathedral Street, LLC |
| 45 | CC 311 Cathedral Street, LLC |
| 46 | CC 330 N Charles Street LLC |
| 47 | CC 3522 Beech Ave., LLC |
| 48 | CC 4 and 10 E Biddle Street LLC |
| 49 | CC 4000 Linkwood Ave, LLC |
| 50 | CC 4000 Linkwood Road, LLC |
| 51 | CC 417 Saint Paul Place, LLC |
| 52 | CC 417-419 St. Paul Place, LLC |
| 53 | CC 419 Saint Paul Place LLC |
| 54 | CC 419 St Paul LLC |
| 55 | CC 517 South Broadway, LLC |
| 56 | CC 523 South Broadway, LLC |
| 57 | CC 600 South Caroline Street LLC |
| 58 | CC 601 South Broadway, LLC |
| 59 | CC 617 Ploy Street LLC |
| 60 | CC 7 and 9 E Eager Street LLC |
| 61 | CC 8 and 21 E Eager Street LLC |
| 62 | CC 807 Park Ave LLC |
| 63 | CC 816 Park Ave., LLC |
| 64 | CC 817 Saint Paul Street LLC |
| 65 | CC 840 Park Avenue, LLC |
| 66 | CC 85 296th Street LLC |
| 67 | CC 85 29th Street LLC |
| 68 | CC 902 Saint Paul St., LLC |
| 69 | CC 906 and 935 Saint Paul Street LLC |
| 70 | CC 921 and 923 Saint Paul Street LLC |
| 71 | CC 930 N Calvert Street LLC |
| 72 | CC 938 N. Calvert Street LLC |
| 73 | CC Broward 110 LLC |
| 74 | CC Chateaus De Mount Vernon, LLC |
| 75 | CC Chateaus II LLC |
| 76 | CC Cheateaus LLC |
| 77 | CC FS 2601 LLC |
| 78 | CC Hargrave 101 LLC |
| 79 | CC Hunter Street 2 LLC |
| 80 | CC Park Ave LLC |
| 81 | CC Park Place LLC |

| | |
|---|---|
| 82 | CC Park Place, LLC |
| 83 | CC Serenity Court LLC |
| 84 | CC Sheep Ranch LLC |
| 85 | CC The Bear LLC |
| 86 | CC The Bo, LLC |
| 87 | CC The Brandon II LLC |
| 88 | CC The Jimmy LLC |
| 89 | CC The Lyn, LLC |
| 90 | CC The Molly LLC |
| 91 | CC The Regency, LLC |
| 92 | CC The Seminole LLC |
| 93 | CC The Whitney, LLC |
| 94 | CC Washington House, LLC |
| 95 | CC West Pensacola Street LLC |
| 96 | CDA FX, LLC |
| 97 | CDA Holdings LLC |
| 98 | Chasen 2022 Family Irrevocable Trust |
| 99 | Chasen Acquisitions, LLC |
| 100 | Chasen Construction Aircraft |
| 101 | Chasen Construction, LLC |
| 102 | Chasen Holdings, LLC |
| 103 | Chasen Properties, LLC |
| 104 | Chasen Property Holdings LLC |
| 105 | CS 1122 N. Calvert, LLC |
| 106 | CS 1511 Eastern Ave., LLC |
| 107 | CS 1617 Eastern Ave LLC |
| 108 | CS 1709 Fleet Street, LLC |
| 109 | CS 211 Saint Paul Place, LLC |
| 110 | CS 421 South Broadway LLC |
| 111 | CS 500 South Bond Street, LLC |
| 112 | CS 520 South Caroline St., LLC |
| 113 | CS 631 Constitution L.L.C. |
| 114 | FS 2601, LLC |
| 115 | FS 2603, LLC |
| 116 | Harbor Management Group, LLC |
| 117 | Live Loads LLC |
| 118 | Paul Davis |
| 119 | PB7 Investments, LLC |
| 120 | Princess Lona LLC |
| 121 | Relay Capital LLC |
| 122 | STJ 9705 Ruskin LLC |

| | |
|---|---|
| 123 | STJ Burnley LLC |
| 124 | STJ Investments LLC |
| 125 | STJ LLC |
| 126 | STJ Monaco |
| 127 | Stone House Lending LLC |
| 128 | The Whitney, LLC |
| 129 | Whitney Tendall Davis |
| 130 | Zuckerberg Management LLC |

**Appendix B**

**Production Format Request**

The preferred production format is database loadable file(s) and TIFF images with specific file types *(see Section 3.2)* provided natively. The load file should contain the metadata associated with a document (e-mail or other). The data should be de-duplicated globally identifying the custodian(s) in the load file.

## 1. Production Metadata Fields:

| FIELD | SAMPLE DATA | DESCRIPTION |
|---|---|---|
| DOCID | ABC00000001 | Image link control number # of document |
| PRODBEG | ABC00000001 | First **Production** bates # of document |
| PRODEND | ABC00000004 | Last **Production** bates # of document |
| PRODBEGATTACH | ABC00000005 | First **Production** bates # of family range |
| PRODENDATTACH | ABC00000015 | Last **Production** bates # of family range |
| PAGECOUNT | 4 | Number of imaged pages |
| ATTCOUNT | 2 | Number of attachments |
| PARENTDOCID | ABC00000001 | First bates number of parent document |
| ATTACHDOCIDS | ABC00000005; ABC00000012 | Bates numbers of attachments |
| ATTACHNAME(S) | Agenda.xls; 10/1/02 Meeting Minutes.pdf | Filename(s) of the attachment(s) |
| FROM | James Smith [mailto:SmithJ@MSN.com] | Senders email address |
| TO | Janice Coffman [mailto:Janice_Coffman@abc.com] | Recipients email address |
| CC | Frank Jones [mailto:frank_Jones@abc.com] | All copied email addresses |
| BCC | John Cain [mailto:jcain@xyz.com] | All blind copied email addresses |
| SUBJECT | 2:00 Conference Call | Email subject |
| SENTDATE | 10/23/2002 | Date email was sent |
| SENTTIME | 07:05 PM | Time email was sent |
| RECEIVEDDATE | 10/23/2002 | Date email was received |
| RECEIVEDTIME | 07:06 PM | Time email was received |
| TIMEZONE | EST | Time zone of custodian |
| SORTDATETIME | 10/23/2002 07:05 PM | Date and time of **Parent** document |
| DOCTITLE | October Meeting Minutes | Title of document |
| AUTHOR | James Smith | Document Author |
| DATECREATED | 10/22/2002 | Creation Date of document |
| TIMECREATED | 5:26 PM | Creation Time of document |
| DATELASTMODIFIED | 10/23/2002 | Date document was last modified |
| TIMELASTMODIFIED | 10:13 PM | Time document was last modified |
| PRIORITY | High | Chose priority if applicable |
| ALL CUSTODIANS | James Smith | Names of all custodians |
| REDACTED | Y | Redaction status of document |
| ORIGFILEPATH | \\Dmjsfs05\EmailServer\Smithj\91614\Email02\Archive Folders\Deleted Items\ | Original location of the file (i.e. Inbox, Deleted messages) |
| FILENAME | 2:00 Conference Call.msg | Name of file |
| FILEEXT | .msg | File extension of document |
| DESIGNATION | CONFIDENTIAL | Document designation |
| NATIVEFILEPATH | D:\VOL0001\NATIVES\0001\ABC00000005.xls | Path to the documents produced natively |
| CONVERSATIONINDEX | 387652062^&35$@%&*$geg(^#KGDi@1inh | Conversation thread identifier |
| MD5HASH/SHA1HASH | 00095797676579307852 | Unique document identifier |
| OCRFILEPATH | D:\VOL0001\TEXT\0001\ABC00000001.txt | Path to the multi-paged text files |

## 2. Sort Order

Documents should be grouped by custodian, sorted in ascending chronological order based on the SORTDATETIME field, ensuring that attachments follow their parent document.

## 3. Delivery File Formats

### 3.1. Image Specifications

All documents produced including those containing redactions, privileged or confidential content and hard copy documents should be produced as follows:

- Black & white single page tiffs (Group IV compression) and 300 DPI
- Tiff images should be named according to the bates number for that page.
    - e.g. ABC00000001.tif, ABC00000002.tif, ABC00000003.tif etc.
- Electronic or hard copy documents or pages that will be provided in color (where agreed) should be provided in JPEG format and 300 DPI and should be named according to the bates number for that page.
    - e.g. ABC00000010.jpeg, ABC00000032.jpeg, ABC00000093.jpeg etc.
- Bates stamping, where required, should be located on the bottom right of each page (tiff or jpeg) in Arial, bold and size 14 font. The bates number must not obscure any part of the underlying content.
- Confidentiality endorsements, where required, should be located on the bottom left of each page (tiff or jpeg) in Arial, bold and size 14 font. The endorsement must not obscure any part of the underlying content.

### 3.2. Native Specifications

- Electronic documents which have not been redacted, and do not lend themselves to useful imaging, should be supplied in native format only accompanied by a placeholder tiff image reading "DOCUMENT PRODUCED IN NATIVE".
    - These files include:
        - Microsoft Excel
        - Microsoft PowerPoint
        - Microsoft Access
        - Microsoft Word (unless track changes are shown)
        - Website files
        - Audio
        - Video
        - and/or any data from proprietary/nonstandard software where the software is also included
- The native files produced should be named the same as the bates number of the corresponding placeholder tiff image, with the associated native file extension.
    - e.g. ABC00000021.xls, ABC00000036.ppt, ABC00000052.mdb, etc.
- The path to the native file should be included in the "NATIVEFILEPATH" field. *(see Section 1)*
- Electronic documents containing redactions, privileged or confidential content need not be accompanied by a native file. *(see Section 3.1)*
- Any native file that is produced in encrypted format or is password-protected should be identified and the password supplied.

### 3.3. Hard copy Specifications

Hard copy paper documents should be scanned and produced according to *Section 3.1.*

- Documents should be logically unitized.
    - Documents should not be merged into a single record or split into multiple records.
- Documents should be coded to maintain the logical document relationship.
    - eg. A binder containing several separate documents behind numbered tabs
        - The binder (Parent) and documents behind each tab (Child(ren)) should be scanned

separately and coded to identify and maintain the family relationship in the PRODBEG; PRODEND; PRODBEGATTACH; PRODENDATTACH fields.

### 3.4. Text Specifications

- One multi-paged text file should be provided for every document produced.
- Text files should be named according to the bates number for that page.
- Documents that have been redacted should be OCR'd so that their text file reflects only the non-redacted content of the document.
- The path to the .txt file should be included in the "OCRFILEPATH" field. *(see Section 1)*
- If possible, place page markers at the end of each OCR page.
    - eg. ***ABC00000001*** or << ABC00000001>>
        - The data surrounded by asterisks is the bates number at the page level.

### 3.5. Data Load File Specifications

The load file should contain fields agreed for exchange between the parties. *(see Section 1)*
Metadata and/or coded data should be produced in a load file consistent with the delimiters as follows:

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |

e.g. þABC00000001 þ¶þABC00000004þ

### 3.6. Image Load Files Specifications

An image cross reference file is needed to link the data to the images viewed. There must be a line in the cross-reference file for every image in the production.

- e.g. ABC00000001,VOL0001,\IMAGES\0001\ABC00000001.TIF,Y,,,4
  ABC00000002,VOL0001,\IMAGES\0001\ABC00000002.TIF,,,,
  ABC00000003,VOL0001,\IMAGES\0001\ABC00000003.TIF,,,,
  ABC00000004,VOL0001,\IMAGES\0001\ABC00000004.TIF,,,,

### 3.7. Delivery Folders Specifications

Each production volume delivery should contain 3 folder levels described as follows:

- **Top-Level Folder**
  The first folder in the delivery should be the named in a three-digit numbered sequence, starting with number 1, prefixed 'VOL'.
    - eg. D:\VOL001
- **Sub-folder level 1**
  The first sub-folder level should contain folders for each data type contained in the delivery. The possible data types are: DATA, NATIVES, TEXT, and IMAGES. All four data types are required for E-Discovery processing deliveries. DATA, IMAGES, and TEXT are required for scanned paper deliveries.
    - eg. D:\VOL0001\DATA
- **Sub-folder level 2**
  The second sub-folder level should contain the top folder name in addition to a four-digit numbered sequence, starting at one, underneath the NATIVE, TEXT, and IMAGES directories. These subfolders should contain no more than 2,500 items each. The DATA directory should contain the data and image load files directly on the folder root.
    - eg. D:\VOL0001\NATIVES\NATIVES0001