# EXHIBIT 3

**Mills, Charles**

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Tuesday, September 1, 2026 5:28 PM
**To:** Casagrande, Aaron; Frank Mastro; Peter Ihrig; Taylor, Morgan; Michael Collyard
**Cc:** Devan, Emily K.; Mills, Charles
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.
**Attachments:** Chasen - Proposed Search Terms - Columbia National notes 8-14.pdf

You don't often get email from bmoffet@milesstockbridge.com. Learn why this is important

Counsel –

We have reviewed your August 28th email, and after careful consideration, CN is prepared to offer the following comprehensive production protocol:

- CN will produce the complete origination and servicing files for all loans involving Brandon Chasen and/or Chasen Construction, as maintained in the ordinary course of business.

- CN will collect the complete universe of emails for the following custodians for the period January 1, 2018 through July 31, 2026:
  1. Kevin Tehan
  2. Brett Parker
  3. Tyler Harned
  4. Greg Dormitzer

  *These four individuals are the employees responsible for originating the loans involving Brandon Chasen and/or Chasen Construction.

- CN will run all agreed-upon search terms (those not highlighted in red) against this universe of data. CN will provide a hit report reflecting the number of documents responsive to each agreed term, as you requested. CN will then produce all emails containing any agreed-upon search term, subject to a limited review for relevance and responsiveness, with the right to withhold or claw back non-responsive or irrelevant materials, to be memorialized in an appropriate agreement.

- CN will run the objectionable search terms (those highlighted in red) against the remaining data that did not contain any agreed-upon terms and provide a supplemental hit report showing the number of documents captured for each term. CN makes no commitment to producing these records.

- CN will not collect emails from personal devices because doing so is unnecessary. CN does not provide business phones or tablets to its employees. All business emails accessed on personal devices are routed through CN's servers, meaning that every email retrievable on a personal device already exists on CN's server and will be captured through the server-based collection described above.

- Regarding your question about text messages, Kevin Tehan is the only custodian who regularly communicated with Brandon Chasen via text. As previously advised, Mr. Tehan's phone was

configured to retain messages for only 30 days, and messages older than 30 days have been automatically and permanently erased from the device. This is of limited consequence: Mr. Tehan has not communicated with Mr. Chasen via text in nearly two years.

- All documents produced by CN will be designated "Confidential" and subject to a protective order prohibiting disclosure to any third party. CN requires execution of such an order before any production.

The foregoing production protocol is expressly conditioned on reimbursement of CN's compliance costs by the Honig Family and/or the trustees, subject to court approval if necessary. CN has obtained a cost estimate from its e-discovery vendor. Given the substantial volume of data involved (appx. 125 GB), the anticipated hosting period (5-6 months), CN's IT vendor resources, and third-party e-discovery processing, those costs are estimated at $15,000 to $20,000.

As a disinterested non-party, CN should not bear these significant compliance costs. Federal Rule of Civil Procedure 45(d)(2)(B)(ii) makes cost-shifting mandatory when a non-party incurs "significant expense" in responding to a subpoena. The Fourth Circuit has confirmed that when a court orders production on a subpoena, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *In re American Nurses Assoc.*, 643 F. App'x 310, 314 (4th Cir. 2016). Courts applying this standard consider only two factors: "(1) whether the subpoena imposes expenses on the non-party, and (2) whether those expenses are 'significant.'" *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)). Both factors are clearly satisfied here. Accordingly, if we cannot reach agreement on cost reimbursement, CN will oppose any motion to compel and will affirmatively seek an order shifting all compliance costs to the requesting parties. Under controlling Fourth Circuit authority, CN cannot voluntarily produce documents in response to the subpoenas and then ask the court to shift the cost of compliance. *See In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *4 (D. Md. Apr. 29, 2019) (explaining that if the responding party objects to, but then produces the discovery requested prior to the court issuing an order requiring such production, the protections of Rule 45(d)(2)(B)(ii) do not apply) (citing *Lee v. Virginia State Bd. of Elections*, 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016)).

We believe this proposal represents a reasonable and comprehensive approach that will provide you and the trustees with the documents you want while protecting CN's legitimate interests as a non-party.

Please let us know whether you are prepared to proceed on these terms. We remain available to discuss by phone at your convenience.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Aaron.Casagrande@icemiller.com <Aaron.Casagrande@icemiller.com>
**Sent:** Friday, August 28, 2026 1:40 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>; Frank Mastro <FMastro@schlosslaw.com>; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Morgan.Taylor@icemiller.com; Michael Collyard <Michael.Collyard@gtlaw.com>

**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Charles.Mills@icemiller.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

Hi Brian,

Thank you for providing the highlighted list of proposed search terms. With that said, we think it would be more productive if your client provided a hit report reflecting the number of documents hit by each of the proposed terms, including unique hits for each term. While there may be some terms that should be eliminated and/or modified, the highlighted search term sheet does not permit us to make any such determination, or any determination that the proposed terms are overly broad or burdensome. I would also note that we question certain of the proposed deletions given the individuals and entities involved in the transactions at issue.

Please also let us know the custodians for whom you intend to collect so that we can confirm we are in agreement on that front. We also need you to confirm that you will collect from personal devices for emails and related mobile device communications. In that regard, our understanding from one of our earlier conversations is that you believed that Mr. Tehan, at the very least, may have deleted/discarded his relevant mobile device communications. Have you been able to obtain any additional insight on that front?

Regards,

Aaron

**Aaron Casagrande** | Partner
IceMiller
P 410-951-5876 C 410-402-3606 F 410-951-5879
100 Light Street Suite 2700 Baltimore, MD 21202
Aaron.Casagrande@icemiller.com | icemiller.com

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Wednesday, August 19, 2026 5:41 PM
**To:** Frank Mastro <FMastro@schlosslaw.com>; Casagrande, Aaron <Aaron.Casagrande@icemiller.com>; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Taylor, Morgan <Morgan.Taylor@icemiller.com>; Michael Collyard <Michael.Collyard@gtlaw.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Counsel –

Thank you for providing the list of proposed search terms. We have reviewed the list and identified terms that we believe are overly broad and likely to capture emails unrelated to any transaction involving Brandon Chasen and/or the Chasen Construction. Those terms are highlighted in red on the attached list.

Given the breadth and number of the remaining search terms, we do not believe that removing the highlighted terms will result in any relevant emails being withheld. To the contrary, the remaining terms appear sufficiently broad to capture any relevant emails that might also contain the overbroad terms we have identified. Please let us know whether you agree to remove the highlighted terms from the proposed search criteria.

Even with the removal of the highlighted terms, Columbia National remains concerned that the search may capture irrelevant emails and/or emails pertaining to transactions involving parties other than Brandon Chasen and/or the Chasen Construction. To address that concern—and to avoid further narrowing the search-term list—Columbia National reserves the right to (i) withhold from production any irrelevant emails identified after the searches are run, and (ii) claw back any irrelevant emails that are inadvertently produced. Please let us know if you object to Columbia National maintaining those rights.

Columbia National anticipates that responding to the subpoenas will be voluminous and will require Columbia National and/or its vendors to expend substantial time, money, and effort to search for, collect, review, and produce responsive documents. Accordingly, Columbia National reserves the right to object to searching for, collecting, reviewing, and producing documents if doing so would be unduly costly and the propounding parties refuse to reimburse Columbia National for those costs. Columbia National is working to prepare a cost estimate. If the parties cannot reach agreement regarding reimbursement, Columbia National will file an appropriate motion requesting that the Court require the propounding parties to bear the costs Columbia National incurs in responding to the subpoenas. Additionally, Columbia National will not produce any documents or communications protected by the attorney-client privilege and/or the work-product doctrine.

Finally, during our last conversation, someone indicated that they would send a proposed protective order limiting any use of produced documents to the bankruptcy proceeding in which the subpoenas were issued and prohibiting the propounding parties from disclosing those documents to any other party. Could you please send me that draft for review? As we previously discussed, Columbia National will not produce any documents until a protective order is agreed upon.

Once you have had the opportunity to consider this email, please let us know whether you agree to these terms. We are happy to schedule a call to discuss further if that would be helpful.

Thank you.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Frank Mastro <FMastro@schlosslaw.com>
**Sent:** Friday, August 7, 2026 11:39 AM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>;

Aaron.Casagrande@icemiller.com; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Morgan.Taylor@icemiller.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Brian/Emily,

Attached please find a compilation of proposed search terms for you to provide to Columbia National. The attached search terms have been jointly agreed upon by counsel for the Trustees and the Honig parties. Please let us know if you have any questions.

Thanks, and have a great weekend.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Frank Mastro
**Sent:** Tuesday, July 28, 2026 10:34 AM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Morgan.Taylor@icemiller.com
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Hi Brian,

Just a reminder to circulate an invite for tomorrow's follow-up call. I have us down for 11 am ET / 10 am CT. Thanks.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**

ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Monday, July 20, 2026 1:19 PM
**To:** Frank Mastro <FMastro@schlosslaw.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Frank

My apologies. I was in court this morning. I just sent an invite for 10 am on Thursday.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Frank Mastro <FMastro@schlosslaw.com>
**Sent:** Monday, July 20, 2026 11:34 AM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Brian,

Please let us know when you are planning to schedule the Zoom meeting so that we can lock down the date/time on our calendars. Thanks.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Frank Mastro
**Sent:** Friday, July 17, 2026 1:12 PM
**To:** 'Aaron.Casagrande@icemiller.com' <Aaron.Casagrande@icemiller.com>; Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Brian,

The Trustees' co-counsel, Mike Collyard at Greenberg Traurig, would like to join the Zoom call on behalf of Zvi. Mike is copied on this email.

Mike and I are available next Tuesday from 10 am – 1 pm and from 2:30-3:30 pm. We also are available on Thursday from 10-11:30 am and from 2-4:30 pm.

Thanks.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM