# EXHIBIT 6

**Mills, Charles**

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Thursday, October 8, 2026 5:02 PM
**To:** Casagrande, Aaron
**Cc:** Frank Mastro; Peter Ihrig; Mills, Charles; Michael Collyard; Devan, Emily K.
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

You don't often get email from bmoffet@milesstockbridge.com. Learn why this is important

Aaron –

I write in response to your September 24 correspondence and your October 6 follow-up. We will address each of the points you raised in turn.

As we have previously made clear, Columbia National's agreement to the proposed production protocol was and remains expressly contingent on the requesting parties bearing the significant costs of compliance created by the extraordinarily broad categories of documents your client and the Trustees have demanded. Columbia National is a non-party to this proceeding. Federal Rule of Civil Procedure 45(d)(2)(B)(ii), incorporated by Federal Rules of Bankruptcy Procedure 9016 and 2004, requires that any production order "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." This is not discretionary but rather mandatory. *See In re American Nurses Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016). Courts assess only two factors: "(1) whether the subpoena imposes expenses on the non-party, and (2) whether those expenses are 'significant.'" *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)).

Here, compliance with the protocol under discussion is estimated to cost Columbia National between $15,000 and $20,000. That cost is unquestionably significant for a non-party with no stake in this litigation. Your contention that these costs are not "significant" given fees Columbia National earned from the Chasen Companies is legally irrelevant — it has no bearing whatsoever on the cost-shifting analysis under Rule 45(d)(2)(B)(ii). The Rule's two-factor test looks exclusively at whether the subpoena imposes expenses and whether those expenses are significant; it does not permit courts to offset compliance costs against unrelated commercial revenue. Moreover, your suggestion that Columbia National simply "reserve its rights" and produce voluntarily is untenable. Courts have squarely held that voluntary production without a court order compelling compliance constitutes a waiver of any right to seek reimbursement under Rule 45(d)(2)(B)(ii). *See In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *4 (D. Md. Apr. 29, 2019) (explaining that if the responding party objects to, but then produces the discovery requested prior to the court issuing an order requiring such production, the protections of Rule 45(d)(2)(B)(ii) do not apply) (citing *Lee v. Virginia State Bd. of Elections*, 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016)). Columbia National will not expose itself to that risk, particularly since your clients and the Trustees are reserving their rights to object to any such request.

Accordingly, absent an agreement on full cost reimbursement, Columbia National will not produce the expansive documents you have requested, nor will it run the objectionable search terms or generate the supplemental hit reports you have requested identifying unique documents. Until the threshold issue of cost reimbursement is resolved, it would be premature and wasteful for Columbia National to incur the expense of

collecting and storing the records, running additional searches, and generating reports. In the alternative, Columbia National remains willing to discuss a substantially narrowed scope of production that would not require the extensive collection and search efforts contemplated by the current protocol.

With respect to personal devices and your request for BYOD or mobile device policies, Columbia National does not have a formal BYOD policy because it does not provide business phones or tablets to its employees. All business emails accessed on personal devices are routed through Columbia National's servers, meaning that every email retrievable on a personal device already exists on Columbia National's server and will be captured through the server-based collection previously described. Accordingly, there is no separate obligation to collect from personal devices email communications, as doing so would be duplicative.

As for text messages, text messages on employees' personal mobile devices were not routed to, stored on, or collected by any server maintained by Columbia National, and no backup or other systems exist that would contain such communications. As we have previously informed you, Mr. Tehan's cell phone was configured to retain messages for only 30 days, and messages older than 30 days have been automatically and permanently erased from the device. Mr. Tehan has not communicated with Mr. Chasen via text in nearly two years, and any texts involving Mr. Chasen or his business associates were deleted well before any bankruptcy case was filed. Columbia National therefore has no responsive text messages to produce.

Regarding the draft protective order you circulated on September 24, we are reviewing it and will provide any comments or revisions separately.

To summarize Columbia National's position: production will not proceed absent (1) an agreement on full reimbursement of compliance costs, and (2) execution of an acceptable protective order. If the requesting parties are unwilling to agree to cost reimbursement, Columbia National will oppose any motion to compel and will affirmatively seek an order shifting all compliance costs to the requesting parties under controlling Fourth Circuit authority. We remain available to discuss these issues by phone at your convenience.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Aaron.Casagrande@icemiller.com <Aaron.Casagrande@icemiller.com>
**Sent:** Tuesday, October 6, 2026 3:49 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Frank Mastro <fmastro@schlosslaw.com>; Peter Ihrig <peter.ihrig@gtlaw.com>; Charles.Mills@icemiller.com; Michael Collyard <michael.collyard@gtlaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Hi Brian,

Following up on the thread below. We would like to move the process along.

Regards,