**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **In re:**<br>**Chasen Construction, LLC,**<br>**Debtor,** | **Case No. 25-12356-NVA**<br>**Chapter 11** |
| **In re:**<br>**Brandon M. Chasen, Sr.,**<br>**Debtor.** | **Case No. 25-15437-NVA**<br>**Chapter 7** |

**LIMITED OBJECTION BY KEVIN TEHAN AND COLUMBIA NATIONAL REAL ESTATE FINANCE, LLC TO MOTIONS FOR EXAMINATION OF KEVIN TEHAN PURSUANT TO BANKRUPTCY RULE 2004**

Kevin Tehan and Columbia National Real Estate Finance, LLC ("**Columbia National**"), by and through their undersigned counsel, hereby file this limited objection to (i) the *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* (ECF No. 276) (the "**Honig Motion**") filed by creditors Family Pension Corp. 401k Plan, Four Kids Investment Fund, LLC, Jonathan Honig, as Trustee by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019, and Jacob Honig (collectively, the "**Honig Parties**"), and (ii) the *Motion for Rule 2004 Exam of Kevin Tehan* (the "**Trustees' Motion**" and, together with the Honig Motion, the "**Motions**") filed by Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction, LLC (ECF No. 274), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen, Sr. (ECF No. 297) (together, the "**Trustees**"). In support of this limited objection, they state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On October 13, 2026, the Trustees filed the Trustees' Motion in both of the above-captioned bankruptcy cases.

2. On October 14, 2026, the Honig Parties filed the Honig Motion in the above-captioned bankruptcy case of Chasen Construction, LLC.

3. The Trustees' Motion, which is identical in both cases, seeks to examine Mr. Tehan to "learn more about the Chasen Related Entities' relationships and interactions with ColumbiaNational and Mr. Tehan, and ColumbiaNational's and Mr. Tehan's knowledge of and participation in the Chasen Related Entities' business operations." ECF Nos. 274 and 297, Trustees' Motion ¶ 14.

4. The Honig Motion seeks "to examine the relationship between the Debtor, Chasen, and Tehan; Tehan's understanding of the Debtor's and Chasen's businesses and operations; and any discrepancies or concerns Tehan identified regarding that information and how he responded." ECF No. 276, Honig Motion ¶ 18.

## LIMITED OBJECTION

5. As an initial matter, Columbia National and Mr. Tehan dispute that Columbia National has ever taken the position that it "does not have possession of Mr. Tehan's relevant text messages and mobile device communications, and therefore cannot produce them in response to those subpoenas." Trustees' Motion ¶ 14. Rather, Columbia National has stated that neither Columbia National *nor Mr. Tehan* has copies of Mr. Tehan's text messages with Mr. Chasen and his associates, which were automatically deleted years ago, and that neither Columbia National *nor Mr. Tehan* can therefore produce them.

6. Mr. Tehan further disputes that he had a close personal relationship with Mr. Chasen or Mr. Davis, and denies that he participated in the business operations of the Chasen Related Entities.



102778\000004\4932-4624-1501.v2

7. Nevertheless, Mr. Tehan recognizes that he likely has knowledge that could be appropriately sought through a Rule 2004 examination, subject to all objections available to him under any applicable federal or local rule.

8. Mr. Tehan is concerned, however, that multiple parties seek to examine him on substantially the same issues. Moreover, if the Trustees or the Honig Parties seek a corporate designee examination of Columbia National, Mr. Tehan will likely be its designee because he was the primary point of contact between Columbia National and the Chasen Related Entities.

9. Because the subjects on which the Trustees and the Honig Parties seek to examine Mr. Tehan are nearly identical, and because those subjects also encompass the likely subjects of any corporate designee examination of Columbia National, Mr. Tehan objects to the Motions to the extent they seek more than one oral examination of him.

10. Mr. Tehan instead requests that any order authorizing his Rule 2004 examination provide that he shall be required to sit for only a single, one-day, seven (7) hour deposition, whether in his individual capacity or as corporate designee of Columbia National, and regardless of how many parties seek to examine him under Rule 2004.

11. Mr. Tehan sought the consent of the Trustees and the Honig Parties to this resolution. The Trustees, however, insist on a full seven hours for themselves and decline to cede any time to the Honig Parties.

12. Federal Rule of Civil Procedure 30(d)(1) ("**Rule 30**") limits the duration of a deposition: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." The time limit exists to protect witnesses. *See* Fed. R. Civ. P. 30, Advisory Committee Notes to 2000 Amendment to subdivision (d) (imposing the seven-hour time limitation because "[t]he Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances"); *see also* Fed. R. Civ. P. 30, Advisory Committee Notes to subdivisions

(b) and (d) (noting that "[t]hese are introduced as a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26").

13. Courts generally enforce this limit even when several parties seek to depose the same person, particularly where, as here, the witness is not a party to the underlying action. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 32 (D. Conn. 2003) (refusing to allow defendant to exceed the seven-hour limit where third-party witness "discussed his investigative findings extensively over the course of his seven hour deposition"); *Multiven, Inc. v. Cisco Systems, Inc.*, 2010 WL 583955, at **1-2 (N.D. Cal. Feb. 16, 2010) (recognizing that seven-hour limitation applied even though multiple parties sought to depose a third-party witness, and denying plaintiff's request for a total deposition time of up to fourteen hours, where the witness had already agreed to a total deposition time of nine hours to be split between the parties); *Pratt v. Archstone Willow Glen Apartments*, 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (denying request by two separate defendants to extend plaintiff's deposition beyond seven hours where "defendants fail[ed] to show why this examination requires fourteen hours or why every effort should not be made to complete the deposition in the standard time allotted [i.e., seven hours]"); *Malec v. Trs. of Bos. Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002) (requiring defendants first to attempt to complete a deposition in seven hours before the court would consider their request for fourteen hours).

14. Although Rule 30 does not apply directly to examinations under Rule 2004, this Court has long looked to the Federal Rules of Civil Procedure in setting limits on the conduct of such examinations. "The conduct of a Rule 2004 examination is subject to the Federal discovery rules because bankruptcy examinations are in the nature of discovery proceedings and because, historically, the Federal Rules of Civil Procedure have been applied to bankruptcy examinations." *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997).

15. Indeed, Local Bankruptcy Rule 2004-1 makes Local Bankruptcy Rule 7026-1 applicable to Rule 2004 examinations. Local Bankruptcy Rule 7026-1(i), in turn, incorporates the Discovery Guidelines of the United States District Court for the District of Maryland, which are based on Rule 30, among other Federal Rules of Civil Procedure.

16. Accordingly, any order granting the Motions should provide that Mr. Tehan will sit for only a single deposition of one day and seven (7) hours, whether in his individual capacity or as corporate designee of Columbia National, and regardless of how many parties seek to examine him under Rule 2004. If, at the conclusion of that examination, the Trustees or the Honig Parties believe that fairness and good cause require additional time to examine Mr. Tehan in any capacity, they may seek an extension at that time.

17. Mr. Tehan reserves the right to raise any other appropriate objections under the applicable federal and local rules in response to any subpoena subsequently issued.

WHEREFORE, Mr. Tehan and Columbia National Real Estate Finance, LLC request that the Court grant the Motions but limit any examination of Kevin Tehan to a single, one-day, seven (7) hour deposition, whether in his individual capacity or as corporate designee of Columbia National, and grant such other and further relief as the Court deems just and proper.

Dated: October 30, 2026

Respectfully Submitted,

*/s/ Emily K. Devan*

Brian Moffet, Fed. Bar No. 13821
Emily K. Devan, Fed. Bar No. 18595
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
Phone: (410) 385-3413
bmoffet@milesstockbridge.com
edevan@milesstockbridge.com

*Counsel for Columbia National Real Estate Finance and Kevin Tehan*

***Certificate of Service***

I HEREBY CERTIFY that on this ***30th*** day of ***October 2026***, a copy of the foregoing *Limited Objection to the Motions for Rule 2004 Examination of Kevin Tehan* was served on all parties receiving notice pursuant to the Court's CM/ECF service, including:

Frank J. Mastro
Roger Schlossberg
Zvi Guttman
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
zvi@zviguttman.com
*Counsel to the Trustees*

Aaron L. Casagrande
Aaron.Casagrande@IceMiller.com
*Counsel to the Honig Parties*

*/s/ Emily K. Devan*
Emily K. Devan