Exhibit D

**Moffet, Brian L.**

---

| | |
|---|---|
| **From:** | Moffet, Brian L. |
| **Sent:** | Wednesday, October 14, 2026 5:42 PM |
| **To:** | Peter.Ihrig@gtlaw.com |
| **Cc:** | fmastro@schlosslaw.com; Charles.Mills@icemiller.com; Michael.Collyard@gtlaw.com; Devan, Emily K.; aaron.casagrande@icemiller.com; Rebecca.Silas@gtlaw.com |
| **Subject:** | RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr. |
| **Categories:** | Egress Switch: Unprotected |

Peter –

Thank you for your email. As it appears to have been sent in coordination with Aaron's correspondence last week, I will address both together. As a preliminary matter, I have confirmed that Mr. Tehan does not possess any backups of his mobile device communications and is prepared to execute a sworn affidavit to that effect in lieu of a Rule 2004 examination on that issue.

First, Columbia National is neither being difficult nor obstreperous in declining to provide the requested hit list. Rather, what the Trustees and the Honig family are demanding requires Columbia National to collect over 100 GB of data, download that data from its server, import it into Relativity, and then run the search terms to generate a hit list — all at Columbia National's expense. From there, Columbia National must continue to pay to host the data in Relativity for an indefinite period while the Trustees and the Honig family decide whether to demand additional searches, additional hit lists, or production of certain emails. The result is an open-ended financial commitment of unknown duration and unknown cost — borne entirely by a disinterested non-party. To be clear: the exercise of generating even a single hit list using the narrowed search terms is not cost-free. Columbia National will not embark on that process without knowing where it leads, when it ends, and who bears the cost.

The authority cited in your email is either inapposite or inconsistent with the law in this District. Far from supporting your position, *In re Nat'l Realty Inv. Advisors, LLC*, 2023 WL 7402282 (Bankr. D.N.J. Nov. 8, 2023), undermines it: the court rejected the application of Rule 45(d)'s expense reimbursement provisions precisely because the subpoenaed party was an "interested party" in the bankruptcy. Specifically, the subpoenaed party was "a target of substantial claims by the Debtors' estate and allegedly one of the largest creditors in this chapter 11 case," and was owned by the son of the owner of the Debtor who was criminally indicted for the fraud that led to the bankruptcy filing. In stark contrast, Columbia National has no "actual interest" — much less any interest — in the outcome of these bankruptcy proceedings. That Columbia National did business with Chasen and his companies does not make Columbia National an "interested party." If it did, every vendor, lender, supplier, and service provider that transacted with any debtor would be deemed "interested" — a result that would effectively nullify the cost-shifting protections of Rule 45(d)(2)(B)(ii) for commercial counterparties. Nor are the Chasen bankruptcies of public importance. While the bankruptcies may have been reported in the local papers, they do not involve mass torts like Purdue Pharma, they do not involve institutional failures like Enron and they do not involve violations of public trust like Boy Scouts of America or the Catholic Archdiocese. Your attempt to equate the Chasen bankruptcies with cases of that magnitude is wholly without merit.

Your reliance on *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.,* 319 F.R.D. 277, 281 (N.D. Cal. 2017) fares no better. *Balfour* has been cited by only a handful of other California trial courts for the proposition that a court considers the nonparty's financial ability to bear compliance costs, and by one Georgia court that actually shifted costs to the requesting party notwithstanding the non-party's ability to pay. *See Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.,* 2017 WL 11532480, at *4 (N.D. Ga. June 16, 2017) (assuming non-party "has the financial wherewithal to bear . . . the reimbursable costs that I identified above" but concluding "that the reimbursable expenses of $4,446.12 were 'significant' under Rule 45(d)(2)(B)(ii), and that those expenses should be shifted …"). More important, the multi-factor balancing test applied in *Balfour* and *Behrend v. Comcast Corp*., 248 F.R.D. 84, 87 (D. Mass. 2008) is flatly inconsistent with the law in this District. Judges in the District of Maryland recognize the mandatory cost-shifting protections of Rule 45(d)(2)(B)(ii) and shift costs based solely on a showing that the expenses are significant — without weighing the nonparty's financial resources. *See, e.g., In re Subpoena Served on Regent Educ., Inc.*, 2017 WL 6368618, at *4 (D. Md. Dec. 13, 2017) ("Defendants and this Court have an obligation to avoid imposing undue burden or expense on a non-party that is subject to a subpoena. Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii). Therefore, I shall direct Defendants to bear the reasonable costs of any further production made as a result of the Court's Order, so as to "protect [Regent,] who is neither a party nor a party's officer from significant expense resulting from compliance," in accordance with Fed. R. Civ. P. 45(d)(2)(B)(ii)."). I would welcome any District of Maryland or Fourth Circuit authority in which a court considered a disinterested non-party's financial ability to comply with a subpoena as a factor in determining whether to shift costs because I am not aware that any such authority exists.

Although Columbia National acknowledges your willingness to narrow the search terms, the proposal remains unacceptable for the reasons stated above: generating the requested hit list — regardless of which terms are used — still requires Columbia National to incur the very significant expenses it should not be forced to bear as a disinterested non-party. Narrowing the search terms does not eliminate the cost of collection, processing, and hosting; it merely reduces the number of hits.

Nevertheless, in the spirit of compromise and to demonstrate Columbia National's good faith, Columbia National offers the following alternative. Columbia National will produce a complete set of the deal and servicing files for every loan involving Brandon Chasen and/or Chasen Construction, at no cost to the Trustees or the Honig family, within a reasonable timeframe. Each deal file contains a substantial volume of emails and correspondence that will provide the requesting parties with most — if not all — of the information necessary to understand each transaction. If, after reviewing the deal files, the Trustees and/or the Honig family believe they require additional emails, any such request will necessarily be far narrower and more targeted than the current broad-based search terms — which is precisely the kind of proportional, focused discovery that Rule 45 contemplates. Columbia National reserves all rights to object to any subsequent request on all appropriate grounds, including costs. This proposal provides the Trustees and the Honig family with comprehensive deal documentation at no expense to them, while respecting the protections that Rule 45(d)(2)(B)(ii) affords non-parties like Columbia National.

If this compromise is acceptable, please let me know and we can discuss a timeline for production and finalize the protective order.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

**From:** Peter.Ihrig@gtlaw.com <Peter.Ihrig@gtlaw.com>
**Sent:** Monday, October 12, 2026 5:24 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** fmastro@schlosslaw.com; Charles.Mills@icemiller.com; Michael.Collyard@gtlaw.com; Devan, Emily K. <edevan@MilesStockbridge.com>; aaron.casagrande@icemiller.com; Rebecca.Silas@gtlaw.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

External email >

Contains topics of a financial nature >

**[EXTERNAL]**

Brian,

The Trustees disagree with your assertions that ColumbiaNational is entitled to have its costs reimbursed and that ColumbiaNational's $15k-20k in estimated costs are reasonable or justified. In particular, your statement that the $15k-$20k in costs are "unquestionably significant" is incorrect. Courts consider at least three factors when determining whether costs are "significant" under Rule 45, "(1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than can the requesting party; and (3) whether the litigation is of public importance." In re Nat'l Realty Inv. Advisors, LLC, No. 22-14539, 2023 WL 7402282, at *2 (Bankr. D.N.J. Nov. 8, 2023) (citing *James Wm. Moore*, 9 Moore's Federal Practice § 45.41[3]). All three factors support finding that the $15k-$20k in costs are *insignificant* to ColumbiaNational.

ColumbiaNational can much more readily bear the costs than the Trustees can. ColumbiaNational's financial ability to bear the costs of production is a significant factor in determining whether the costs it seeks reimbursement for are "significant." Balfour Beatty Infrastructure, Inc. v. PB & A, Inc., 319 F.R.D. 277, 281 (N.D. Cal. 2017) ("Courts look to the nonparty's financial ability to bear the costs of production.") And according to ColumbiaNational's website, it has earned revenue from closing over $10 billion in new loans since 2020 and from servicing over $7.7 billion in loans. So ColumbiaNational is certainly better situated, and completely able, to bear the $15k-$20k in costs.

ColumbiaNational also has an interest in the outcome of this bankruptcy based on its deep involvement with Chasen's business, including originating and servicing hundreds of millions in loans for relevant Chasen properties. *See* Behrend v. Comcast Corp., 248 F.R.D. 84, 87 (D. Mass. 2008) (citing Tutor-Saliba Corp. v. United States, 32 Fed. Cl. 609, 610 n.5 (1995) ("[subpoenaed party] was substantially involved in the underlying transaction and could have anticipated that the contract on which it was a subcontractor might, given its size, reasonably spawn some litigation, and discovery.")) The loans Columbia National originated for Chasen projects, by their very nature, involved risk of default, and therefore litigation risk (and potential discovery of ColumbiaNational).

This is also a matter of public importance. It can't be denied that these bankruptcies, and the Chasen businesses and properties that ColumbiaNational was involved with, have generated significant public interest and media coverage over the last year and a half. So this factor also supports the conclusion that ColumbiaNational these costs are not significant under Rule 45(d).

In addition, ColumbiaNational's ongoing refusal to provide a hit report for the Trustees' proposed search terms makes it impossible for the Trustees to evaluate ColumbiaNational's claimed burden (and for

ColumbiaNational to justify its position that the Trustees' requests are unduly burdensome). Nevertheless, in an effort to avoid burdening the Court with motion practice, the Trustees will agree to the attached narrowed set of search terms for ColumbiaNational's collection and production of documents in response to their subpoenas. This narrowed set of search terms removes many of the terms ColumbiaNational found objectionable (the removed terms are identified as deleted in redline). If ColumbiaNational will agree to collect and produce documents from the custodians and date range identified in your September 1st email that hit on this narrowed set of search terms, and to produce those documents by October 30th, we will hold off on filing a motion to compel.

Please let us know by 5pm EDT on October 14th whether ColumbiaNational agrees to this proposal. If ColumbiaNational does not agree, the Trustees will move forward with filing a motion to compel.

**Peter Ihrig**
Shareholder

Greenberg Traurig, LLP
90 South 7th Street | Suite 3500 | Minneapolis, MN 55402
T +1 612.260.0413
Peter.Ihrig@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Thursday, October 8, 2026 4:02 PM
**To:** Aaron.Casagrande@icemiller.com
**Cc:** Frank Mastro <fmastro@schlosslaw.com>; Ihrig, Peter (Shld-MSP-LT) <Peter.Ihrig@gtlaw.com>; Charles.Mills@icemiller.com; Collyard, Michael (Shld-MSP-LT) <Michael.Collyard@gtlaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

***EXTERNAL TO GT***

Aaron –

I write in response to your September 24 correspondence and your October 6 follow-up. We will address each of the points you raised in turn.

As we have previously made clear, Columbia National's agreement to the proposed production protocol was and remains expressly contingent on the requesting parties bearing the significant costs of compliance created by the extraordinarily broad categories of documents your client and the Trustees have demanded. Columbia National is a non-party to this proceeding. Federal Rule of Civil Procedure 45(d)(2)(B)(ii), incorporated by Federal Rules of Bankruptcy Procedure 9016 and 2004, requires that any production order "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." This is not discretionary but rather mandatory. *See In re American Nurses Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016). Courts assess only two factors: "(1) whether the subpoena imposes expenses on the non-party, and (2) whether those expenses are 'significant.'" *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)).

Here, compliance with the protocol under discussion is estimated to cost Columbia National between $15,000 and $20,000. That cost is unquestionably significant for a non-party with no stake in this litigation. Your contention that these costs are not "significant" given fees Columbia National earned from the Chasen Companies is legally irrelevant — it has no bearing whatsoever on the cost-shifting analysis under Rule 45(d)(2)(B)(ii). The Rule's two-factor test looks exclusively at whether the subpoena imposes expenses and whether those expenses are significant; it does not permit courts to offset compliance costs against unrelated commercial revenue. Moreover, your suggestion that Columbia National simply "reserve its rights" and produce voluntarily is untenable. Courts have squarely held that voluntary production without a court order compelling compliance constitutes a waiver of any right to seek reimbursement under Rule 45(d)(2)(B)(ii). *See In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *4 (D. Md. Apr. 29, 2019) (explaining that if the responding party objects to, but then produces the discovery requested prior to the court issuing an order requiring such production, the protections of Rule 45(d)(2)(B)(ii) do not apply) (citing *Lee v. Virginia State Bd. of Elections*, 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016)). Columbia National will not expose itself to that risk, particularly since your clients and the Trustees are reserving their rights to object to any such request.

Accordingly, absent an agreement on full cost reimbursement, Columbia National will not produce the expansive documents you have requested, nor will it run the objectionable search terms or generate the supplemental hit reports you have requested identifying unique documents. Until the threshold issue of cost reimbursement is resolved, it would be premature and wasteful for Columbia National to incur the expense of collecting and storing the records, running additional searches, and generating reports. In the alternative, Columbia National remains willing to discuss a substantially narrowed scope of production that would not require the extensive collection and search efforts contemplated by the current protocol.

With respect to personal devices and your request for BYOD or mobile device policies, Columbia National does not have a formal BYOD policy because it does not provide business phones or tablets to its employees. All business emails accessed on personal devices are routed through Columbia National's servers, meaning that every email retrievable on a personal device already exists on Columbia National's server and will be captured through the server-based collection previously described. Accordingly, there is no separate obligation to collect from personal devices email communications, as doing so would be duplicative.

As for text messages, text messages on employees' personal mobile devices were not routed to, stored on, or collected by any server maintained by Columbia National, and no backup or other systems exist that would contain such communications. As we have previously informed you, Mr. Tehan's cell phone was configured to retain messages for only 30 days, and messages older than 30 days have been automatically and permanently erased from the device. Mr. Tehan has not communicated with Mr. Chasen via text in nearly two years, and any texts involving Mr. Chasen or his business associates were deleted well before any bankruptcy case was filed. Columbia National therefore has no responsive text messages to produce.

Regarding the draft protective order you circulated on September 24, we are reviewing it and will provide any comments or revisions separately.

To summarize Columbia National's position: production will not proceed absent (1) an agreement on full reimbursement of compliance costs, and (2) execution of an acceptable protective order. If the requesting parties are unwilling to agree to cost reimbursement, Columbia National will oppose any motion to compel and will affirmatively seek an order shifting all compliance costs to the requesting parties under controlling Fourth Circuit authority. We remain available to discuss these issues by phone at your convenience.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Aaron.Casagrande@icemiller.com <Aaron.Casagrande@icemiller.com>
**Sent:** Tuesday, October 6, 2026 3:49 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Frank Mastro <fmastro@schlosslaw.com>; Peter Ihrig <peter.ihrig@gtlaw.com>; Charles.Mills@icemiller.com; Michael Collyard <michael.collyard@gtlaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Hi Brian,

Following up on the thread below. We would like to move the process along.

Regards,

Aaron

**Aaron Casagrande** | Partner
IceMiller
P 410-951-5876 C 410-402-3606 F 410-951-5879
100 Light Street Suite 2700 Baltimore, MD 21202
Aaron.Casagrande@icemiller.com | icemiller.com

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Wednesday, September 30, 2026 3:23 PM
**To:** Casagrande, Aaron <Aaron.Casagrande@icemiller.com>
**Cc:** Frank Mastro <fmastro@schlosslaw.com>; Peter Ihrig <peter.ihrig@gtlaw.com>; Mills, Charles <Charles.Mills@icemiller.com>; Michael Collyard <michael.collyard@gtlaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Aaron –

Thank you for following up. I have not been able to connect with CN yet. I am hoping to be able to schedule a call later this week. Once I have a call scheduled, I will get back to you regarding a call.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

**From:** Aaron.Casagrande@icemiller.com <Aaron.Casagrande@icemiller.com>
**Sent:** Wednesday, September 30, 2026 2:10 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Frank Mastro <fmastro@schlosslaw.com>; Peter Ihrig <peter.ihrig@gtlaw.com>; Charles.Mills@icemiller.com; Michael Collyard <michael.collyard@gtlaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

Hi Brian,

Following up on the email thread below. Do you have an update from Columbia National?

Are you available for a call on Friday to discuss status?

Regards,

Aaron

**Aaron Casagrande** | Partner
IceMiller
**P** 410-951-5876 **C** 410-402-3606 **F** 410-951-5879
100 Light Street Suite 2700 Baltimore, MD 21202
Aaron.Casagrande@icemiller.com | **icemiller.com**

**From:** Casagrande, Aaron
**Sent:** Thursday, September 24, 2026 3:12 PM
**To:** Moffet, Brian L. <bmoffet@milesstockbridge.com>
**Cc:** Frank Mastro <fmastro@schlosslaw.com>; Peter Ihrig <peter.ihrig@gtlaw.com>; Mills, Charles <Charles.Mills@icemiller.com>; Michael Collyard <michael.collyard@gtlaw.com>; Devan, Emily K. <edevan@milesstockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Brian,

I write in response to your correspondence below.

With respect to the proposed protocol, when CN runs the "objectional search terms", we request that the resulting report identify unique, or new, documents not already captured by the "agreed-upon search terms" so that we can meaningfully asses their inclusion.

With respect to personal devices, please provide us with copies of any BYOD or other mobile device policies that CN may have that governs the treatment of work-related communications on personal devices. While CN may "not provide business phones or tablets to its employees", that does

not necessarily absolve CN of the obligation to collect and produce work related mobile device communications for its employees. Moreover, while Mr. Tehan may have deleted mobile device communications from his physical mobile device, that does not necessarily mean that any such communications are not also available on backup or other systems. We need to understand whether any such backup sources exist.

On the protective order front, attached is a draft protective order that has been reviewed and approved by my clients and the Trustees.

Last, we disagree with CN's contention that it is entitled to a reimbursement of compliance costs in responding to the subpoenas. As we have previously discussed, CN's relationship with the Chasen Companies was integral to its operations and CN earned significant fees from that relationship. Moreover, the anticipated fees are not significant given the fees earned by CN in connection with its relationship with the Chasen Companies. Plus, there is no justification for asking the requesting parties to bear the costs of hosting discovery for a period of 5-6 months, which is a choice made by CN. Rather, we would propose that your client produce the requested documents with a reservation of rights that would permit your client to seek a future allocation/award of fees, with our clients reserving the right to object to any such request.

Please let us know if a follow-up conversation would be helpful.

Regards,

Aaron

**Aaron Casagrande** | Partner

IceMiller

**P** 410-951-5876 **C** 410-402-3606 **F** 410-951-5879

100 Light Street Suite 2700 Baltimore, MD 21202

Aaron.Casagrande@icemiller.com | **icemiller.com**

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Tuesday, September 1, 2026 5:28 PM
**To:** Casagrande, Aaron <Aaron.Casagrande@icemiller.com>; Frank Mastro <FMastro@schlosslaw.com>; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Taylor, Morgan <Morgan.Taylor@icemiller.com>; Michael Collyard <Michael.Collyard@gtlaw.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Mills, Charles <Charles.Mills@icemiller.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Counsel –

We have reviewed your August 28th email, and after careful consideration, CN is prepared to offer the following comprehensive production protocol:

- CN will produce the complete origination and servicing files for all loans involving Brandon Chasen and/or Chasen Construction, as maintained in the ordinary course of business.

- CN will collect the complete universe of emails for the following custodians for the period January 1, 2018 through July 31, 2026:
    1. Kevin Tehan
    2. Brett Parker
    3. Tyler Harned
    4. Greg Dormitzer

    *These four individuals are the employees responsible for originating the loans involving Brandon Chasen and/or Chasen Construction.

- CN will run all agreed-upon search terms (those not highlighted in red) against this universe of data. CN will provide a hit report reflecting the number of documents responsive to each agreed term, as you requested. CN will then produce all emails containing any agreed-upon search term, subject to a limited review for relevance and responsiveness, with the right to withhold or claw back non-responsive or irrelevant materials, to be memorialized in an appropriate agreement.

- CN will run the objectionable search terms (those highlighted in red) against the remaining data that did not contain any agreed-upon terms and provide a supplemental hit report showing the number of documents captured for each term. CN makes no commitment to producing these records.

- CN will not collect emails from personal devices because doing so is unnecessary. CN does not provide business phones or tablets to its employees. All business emails accessed on personal devices are routed through CN's servers, meaning that every email retrievable on a personal device already exists on CN's server and will be captured through the server-based collection described above.

- Regarding your question about text messages, Kevin Tehan is the only custodian who regularly communicated with Brandon Chasen via text. As previously advised, Mr. Tehan's phone was configured to retain messages for only 30 days, and messages older than 30 days have been automatically and permanently erased from the device. This is of limited consequence: Mr. Tehan has not communicated with Mr. Chasen via text in nearly two years.

- All documents produced by CN will be designated "Confidential" and subject to a protective order prohibiting disclosure to any third party. CN requires execution of such an order before any production.

The foregoing production protocol is expressly conditioned on reimbursement of CN's compliance costs by the Honig Family and/or the trustees, subject to court approval if necessary. CN has obtained a cost estimate from its e-discovery vendor. Given the substantial volume of data involved (appx. 125 GB), the anticipated hosting period (5-6 months), CN's IT vendor resources, and third-party e-discovery processing, those costs are estimated at $15,000 to $20,000.

As a disinterested non-party, CN should not bear these significant compliance costs. Federal Rule of Civil Procedure 45(d)(2)(B)(ii) makes cost-shifting mandatory when a non-party incurs "significant expense" in responding to a subpoena. The Fourth Circuit has confirmed that when a court orders production on a

subpoena, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *In re American Nurses Assoc.*, 643 F. App'x 310, 314 (4th Cir. 2016). Courts applying this standard consider only two factors: "(1) whether the subpoena imposes expenses on the non-party, and (2) whether those expenses are 'significant.'" *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)). Both factors are clearly satisfied here. Accordingly, if we cannot reach agreement on cost reimbursement, CN will oppose any motion to compel and will affirmatively seek an order shifting all compliance costs to the requesting parties. Under controlling Fourth Circuit authority, CN cannot voluntarily produce documents in response to the subpoenas and then ask the court to shift the cost of compliance. *See In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *4 (D. Md. Apr. 29, 2019) (explaining that if the responding party objects to, but then produces the discovery requested prior to the court issuing an order requiring such production, the protections of Rule 45(d)(2)(B)(ii) do not apply) (citing *Lee v. Virginia State Bd. of Elections*, 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016)).

We believe this proposal represents a reasonable and comprehensive approach that will provide you and the trustees with the documents you want while protecting CN's legitimate interests as a non-party.

Please let us know whether you are prepared to proceed on these terms. We remain available to discuss by phone at your convenience.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Aaron.Casagrande@icemiller.com <Aaron.Casagrande@icemiller.com>
**Sent:** Friday, August 28, 2026 1:40 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>; Frank Mastro <FMastro@schlosslaw.com>; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Morgan.Taylor@icemiller.com; Michael Collyard <Michael.Collyard@gtlaw.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Charles.Mills@icemiller.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Hi Brian,

Thank you for providing the highlighted list of proposed search terms. With that said, we think it would be more productive if your client provided a hit report reflecting the number of documents hit by each of the proposed terms, including unique hits for each term. While there may be some terms that should be eliminated and/or modified, the highlighted search term sheet does not permit us to make any such determination, or any determination that the proposed terms are overly broad or burdensome. I would also note that we question certain of the proposed deletions given the individuals and entities involved in the transactions at issue.

Please also let us know the custodians for whom you intend to collect so that we can confirm we are in agreement on that front. We also need you to confirm that you will collect from personal devices for emails and related mobile device communications. In that regard, our understanding from one of our

earlier conversations is that you believed that Mr. Tehan, at the very least, may have deleted/discarded his relevant mobile device communications. Have you been able to obtain any additional insight on that front?

Regards,

Aaron

**Aaron Casagrande** | Partner

IceMiller

**P** 410-951-5876 **C** 410-402-3606 **F** 410-951-5879

100 Light Street Suite 2700 Baltimore, MD 21202

Aaron.Casagrande@icemiller.com | **icemiller.com**

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Wednesday, August 19, 2026 5:41 PM
**To:** Frank Mastro <FMastro@schlosslaw.com>; Casagrande, Aaron <Aaron.Casagrande@icemiller.com>; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Taylor, Morgan <Morgan.Taylor@icemiller.com>; Michael Collyard <Michael.Collyard@gtlaw.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Counsel –

Thank you for providing the list of proposed search terms. We have reviewed the list and identified terms that we believe are overly broad and likely to capture emails unrelated to any transaction involving Brandon Chasen and/or the Chasen Construction. Those terms are highlighted in red on the attached list.

Given the breadth and number of the remaining search terms, we do not believe that removing the highlighted terms will result in any relevant emails being withheld. To the contrary, the remaining terms appear sufficiently broad to capture any relevant emails that might also contain the overbroad terms we have identified. Please let us know whether you agree to remove the highlighted terms from the proposed search criteria.

Even with the removal of the highlighted terms, Columbia National remains concerned that the search may capture irrelevant emails and/or emails pertaining to transactions involving parties other than Brandon Chasen and/or the Chasen Construction. To address that concern—and to avoid further narrowing the search-term list—Columbia National reserves the right to (i) withhold from production any irrelevant emails identified after the searches are run, and (ii) claw back any irrelevant emails that are inadvertently produced. Please let us know if you object to Columbia National maintaining those rights.

Columbia National anticipates that responding to the subpoenas will be voluminous and will require Columbia National and/or its vendors to expend substantial time, money, and effort to search for, collect, review, and produce responsive documents. Accordingly, Columbia National reserves the right to object to searching for, collecting, reviewing, and producing documents if doing so would be unduly costly and the propounding

parties refuse to reimburse Columbia National for those costs. Columbia National is working to prepare a cost estimate. If the parties cannot reach agreement regarding reimbursement, Columbia National will file an appropriate motion requesting that the Court require the propounding parties to bear the costs Columbia National incurs in responding to the subpoenas. Additionally, Columbia National will not produce any documents or communications protected by the attorney-client privilege and/or the work-product doctrine.

Finally, during our last conversation, someone indicated that they would send a proposed protective order limiting any use of produced documents to the bankruptcy proceeding in which the subpoenas were issued and prohibiting the propounding parties from disclosing those documents to any other party. Could you please send me that draft for review? As we previously discussed, Columbia National will not produce any documents until a protective order is agreed upon.

Once you have had the opportunity to consider this email, please let us know whether you agree to these terms. We are happy to schedule a call to discuss further if that would be helpful.

Thank you.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Frank Mastro <FMastro@schlosslaw.com>
**Sent:** Friday, August 7, 2026 11:39 AM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Morgan.Taylor@icemiller.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Brian/Emily,

Attached please find a compilation of proposed search terms for you to provide to Columbia National. The attached search terms have been jointly agreed upon by counsel for the Trustees and the Honig parties. Please let us know if you have any questions.

Thanks, and have a great weekend.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610

FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Frank Mastro
**Sent:** Tuesday, July 28, 2026 10:34 AM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com; Peter Ihrig <Peter.Ihrig@gtlaw.com>; Morgan.Taylor@icemiller.com
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Hi Brian,

Just a reminder to circulate an invite for tomorrow's follow-up call. I have us down for 11 am ET / 10 am CT. Thanks.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Monday, July 20, 2026 1:19 PM
**To:** Frank Mastro <FMastro@schlosslaw.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Frank

My apologies. I was in court this morning. I just sent an invite for 10 am on Thursday.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

---

**From:** Frank Mastro <FMastro@schlosslaw.com>
**Sent:** Monday, July 20, 2026 11:34 AM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>; Aaron.Casagrande@icemiller.com
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

---

Brian,

Please let us know when you are planning to schedule the Zoom meeting so that we can lock down the date/time on our calendars. Thanks.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Frank Mastro
**Sent:** Friday, July 17, 2026 1:12 PM
**To:** 'Aaron.Casagrande@icemiller.com' <Aaron.Casagrande@icemiller.com>; Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K.

<edevan@MilesStockbridge.com>; Michael Collyard <Michael.Collyard@gtlaw.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Brian,

The Trustees' co-counsel, Mike Collyard at Greenberg Traurig, would like to join the Zoom call on behalf of Zvi. Mike is copied on this email.

Mike and I are available next Tuesday from 10 am – 1 pm and from 2:30-3:30 pm. We also are available on Thursday from 10-11:30 am and from 2-4:30 pm.

Thanks.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT
OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Aaron.Casagrande@icemiller.com <Aaron.Casagrande@icemiller.com>
**Sent:** Friday, July 17, 2026 12:34 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>; Frank Mastro <FMastro@schlosslaw.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

I am available to discuss on Tuesday or Thursday next week.

**Aaron Casagrande** | Partner
IceMiller
**P** 410-951-5876 **C** 410-402-3606 **F** 410-951-5879
100 Light Street Suite 2700 Baltimore, MD 21202
Aaron.Casagrande@icemiller.com | **icemiller.com**

**From:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Sent:** Thursday, July 16, 2026 4:00 PM
**To:** Frank Mastro <FMastro@schlosslaw.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Casagrande, Aaron <Aaron.Casagrande@icemiller.com>; Devan, Emily K. <edevan@MilesStockbridge.com>
**Subject:** RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

Frank –

Thank you for your letter. While I am happy to discuss with you the subpoena issued by your office, I think it would be more productive to have a call with all three sets of counsel who served CN with a Rule 2004 subpoena in the Chasen bankruptcies. This will allow us to collectively identify areas of agreement/disagreement and ensure that relevant documents are produced to all parties. Along these lines, I am available to talk anytime Tuesday (7/21), Wednesday (7/22) morning or anytime Thursday (7/23). Please confer with Zvi and Aaron and let me know what dates/times work for the three of you. Once we confirm a date and time, I will circulate a calendar invite and Zoom link.

Thank you.

Brian

**Brian Moffet** | *Principal*
Miles & Stockbridge
direct: +1 (410) 385-3656 | cell: +1 (443) 831-1042

**From:** Frank Mastro <FMastro@schlosslaw.com>
**Sent:** Wednesday, July 15, 2026 5:34 PM
**To:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Cc:** Zvi Guttman <zvi@zviguttman.com>; Schlossberg, Roger <RSchlossberg@schlosslaw.com>; Kirby, Louie <lkirby@MilesStockbridge.com>
**Subject:** [EXTERNAL] RE: In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

**[EXTERNAL]**

Mr. Moffet,

Please see the attached correspondence. Thank you.

Frank

**Frank J. Mastro**

**SCHLOSSBERG | MASTRO**
ATTORNEYS AT LAW
P.O. BOX 2067
HAGERSTOWN, MD 21742-2067
PHONE: (301) 739-8610
FAX: (301) 791-6302

ALTERNATE ADDRESS FOR OVERNIGHT

OR COURIER DELIVERY ONLY:

SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

EMAIL: FMASTRO@SCHLOSSLAW.COM

---

**From:** Kirby, Louie <lkirby@MilesStockbridge.com>
**Sent:** Monday, July 6, 2026 11:02 AM
**To:** Frank Mastro <FMastro@schlosslaw.com>; zvi@zviguttman.com
**Cc:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>
**Subject:** In re: Chasen Construction LLC / In re: Brandon M. Chasen, Sr.

You don't often get email from lkirby@milesstockbridge.com. Learn why this is important

Attached please find electronic service of Columbia National Real Estate Finance, LLC's Objections to Subpoenas for Rule 2004 Examination.

The attached is also being delivered via first-class mail.

**Louie Kirby** (She/Her/Hers)
*Legal Practice Assistant*

100 Light Street | Baltimore, MD 21202
D: +1 410.385.3672 | O: +1 410.727.6464 | F: +1 410.773.9030

MILES & STOCKBRIDGE

vCard | lkirby@milesstockbridge.com

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

Any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Secure Upload/Download files click here.

**[EXTERNAL EMAIL]**

**[EXTERNAL EMAIL]**

**[EXTERNAL EMAIL]**

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.