**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **In re:**<br><br>**Chasen Construction LLC,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 25-12356-NVA** |

**RESPONSE TO THE LIMITED OBJECTION BY KEVIN TEHAN AND COLUMBIA NATIONAL REAL ESTATE FINANCE, LLC TO MOTIONS FOR EXAMINATION OF KEVIN TEHAN PURSUANT TO BANKRUPTCY RULE 2004**

Interested Parties Family Pension Corp. 401k Plan, Four Kids Investment Fund, LLC, Jonathan Honig, as Trustee by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019, and Jacob Honig (collectively, the "Interested Parties"), by and through their undersigned counsel, Ice Miller LLP, file this Response (the "Response") to the *Limited Objection by Kevin Tehan and Columbia National Real Estate Finance, LLC to Motions for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* (the "Limited Objection"), filed in objection to the Interested Parties' *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* (the "Interested Parties' Motion for Examination") (Dkt. 276), the Chapter 11 *Trustee's Motion for Rule 2004 Examination* (Dkt. 274) in this case and the Chapter 7 *Trustee's Motion for Rule 2004 Examination* (Dkt. 297) in the related Chapter 7 case of Brandon M. Chasen, Sr., Case No. 25-15437-NVA (collectively, the "Motions for Examination"). In support of this Response, the Interested Parties respectfully state as follows:

## I. Factual Background

1. On April 30, 2026, the Interested Parties moved for a Rule 2004 Examination of Columbia National Real Estate Finance, LLC ("ColumbiaNational"). Dkt. 177.

2. ColumbiaNational provides debt and equity solutions to institutional commercial real estate companies. Relevant here, ColumbiaNational partnered with the Debtor and its related entities and individuals to identify and attract lenders on behalf of the Debtor to finance real estate properties.

3. By Order dated May 19, 2026 (Dkt. 184), the Court granted the Interested Parties' motion for Rule 2004 examination of ColumbiaNational, and, on June 2, 2026, the Interested Parties promptly served a subpoena for the production of documents on ColumbiaNational (the "Document Request").

4. Beginning on June 22, 2026, counsel for the Interested Parties participated in at least three meet-and-confer conferences with ColumbiaNational's counsel. The Interested Parties coordinated their examination efforts with those of Roger Schlossberg, the Chapter 11 trustee (the "Chapter 11 Trustee") for the estate of Chasen Construction LLC ("Chasen Construction"), and Zvi Guttman, the Chapter 7 trustee (collectively with the Chapter 11 Trustee, the "Trustees") for the estate of Brandon M. Chasen, Sr. ("Chasen"). The extended meet and confer efforts between the Interested Parties, the Trustees and ColumbiaNational are more fully explained in the Interested Parties' *Motion to Compel Columbia National's Production of Documents in Response to Bankruptcy Rule 2004 Subpoena* filed on November 6, 2026. (Dkt. 295).[1] To date, ColumbiaNational has yet to produce a single document in response to the Document Request.

5. Included in the Interested Parties' Document Request to ColumbiaNational were the production of communications, including email, text message and other mobile device communications of ColumbiaNational employee Kevin Tehan ("Tehan"), who was the primary

[1] The Chapter 11 Trustee has also moved to compel ColumbiaNational's production of documents. (Dkt. 295-1).

relationship partner between ColumbiaNational and the Debtor and Chasen. During the meet and confer process, ColumbiaNational confirmed that Tehan was the primary relationship partner with the Debtor and Chasen, but also indicated that his personal mobile phone automatically deleted relevant mobile device communications older than 30 days. Counsel to the Interested Parties explained that deletion from the phone did not establish that copies did not exist elsewhere. Given these disclosures and Tehan's central role in ColumbiaNational's relationship with Chasen Construction and Chasen, the Interested Parties filed the Interested Parties' Motion for Examination of Tehan on October 14, 2026. Dkt. 276.[2]

6. On October 28, 2026, counsel for ColumbiaNational, now also representing Tehan, contacted undersigned counsel regarding a potential agreement limiting the amount of time the Interested Parties and the Trustees would have to conduct the anticipated deposition of Tehan and ColumbiaNational's corporate designees. Counsel for ColumbiaNational indicated that they expected Tehan to serve as ColumbiaNational's corporate designee and objected to him being deposed separately in his individual and designee capacities. Counsel for ColumbiaNational and Tehan also represented that the Trustees "had agreed to an order that would specifically limit them to a single deposition of Mr. Tehan in both his individual and corporate designee capacity." Undersigned counsel responded the same day that they were willing to work toward a mutually agreeable resolution regarding the anticipated depositions but needed to see a draft of the order proposed by counsel for ColumbiaNational and Tehan for consideration. On October 29, 2026, counsel for ColumbiaNational and Tehan circulated a proposed order that would limit the

---

[2] On October 13, 2026, the Trustees moved to examine Tehan under Bankruptcy Rule 2004 in this case (Dkt. 274) *and the related Chapter 7 case, Case No. 25-15437-NVA.* (Dkt. 297).

deposition of ColumbiaNational and Tehan, both in his individual and representative capacity, to a single seven (7) hour deposition for the Trustees and the Interested Parties.

7. On October 30, 2026, the counsel for the Trustees stated that they had never agreed to share their seven hours with the Interested Parties and that they would not agree to the severe limitation proposed by ColumbiaNational and Tehan.

8. On October 30, 2026, ColumbiaNational and Tehan filed the Limited Objection. Therein, they indicated that Tehan will likely be the corporate designee for ColumbiaNational with respect to any Rule 2004 deposition of that entity and request that this Court limit the Rule 2004 examination by deposition conducted by the four Interested Parties and the two bankruptcy estates of both ColumbiaNational and Tehan to a single seven (7) hour deposition. *See* Limited Objection at pp. 3-5. Importantly, they do not object to the Examination, even "request[ing] that the Court grant the Motion[.]" *Id*. at pp. 5. For the reasons explained herein, that requested limitation should be denied.

## II. Argument

9. The request of ColumbiaNational and Tehan to limit the deposition of both of them to a single seven (7) hour deposition in response to Rule 2004 examination requests filed by the four Interested Parties and the Trustees is both premature and unreasonable.[3] This Objection is premature as the Interested Parties' Motion for Examination, which Tehan agrees is proper, is the only matter currently pending before the Court. The appropriate time to lodge objections to any discovery requests served by the Interested Parties, whether document requests or a request for an

[3] Tehan and ColumbiaNational have stated in their Limited Objection that Tehan is likely to be the corporate representative of ColumbiaNational. Therefore, the Interested Parties and Trustees would be required to depose Tehan in his individual and corporate designee capacity, each, within seven hours.

examination is after the Interested Parties have served such subpoenas and the parties are unable to reach a consensual resolution on any such objections. Only at that junction would it be appropriate for ColumbiaNational and/or Tehan to seek a limitation of the time for deposition discovery. That is particularly true here for the reasons fully discussed herein.

10. ColumbiaNational and Tehan speculatively contend that the Interested Parties and Trustees will question Tehan on substantially overlapping subjects and therefore seek a single seven (7) hour examination covering both his individual testimony and any testimony as ColumbiaNational's corporate designee. But, the Trustees and the Interested Parties very likely have differing areas of inquiry relevant to their understanding of the Debtor's business and ColumbiaNational's and Tehan's involvement in it. Moreover, because ColumbiaNational has yet to produce a single document in response to the Document Request, the Interested Parties are unable to meaningfully assess the extent of any overlap or the time reasonably needed to examine Tehan individually or as a corporate designee.

11. The deposition of an individual does not itself justify restricting their deposition time if they are also designated as a corporate designee. *See PeopleFlo Mfg., Inc. v. Sundyne, LLC*, No. 20 CV 3642, 2022 WL 7102662, at *2–3 (N.D. Ill. Oct. 12, 2022) (declining to restrict corporate examination time based on a prior seven-hour individual deposition of the same person where the company had not specifically demonstrated the claimed overlap). Further, Rule 2004 contains no express seven-hour limit. Although Local Bankruptcy Rules 2004-1 and 7026-1(i) make the discovery guidelines applicable, those guidelines recognize that failure to produce properly requested documents before a deposition may justify additional examination time. Md. L. Bankr. R. app. C, Discovery Guideline 4(e).

12. ColumbiaNational and Tehan support their argument with cases meant to illustrate their entitlement to a single seven (7) hour deposition; however, there are several key distinctions between the cited cases and the issue at hand. First, as ColumbiaNational and Tehan acknowledge, none of the cases address the issue in the context of a Rule 2004 examination. Second, none of the cases support the concept of limiting the time of an individual's deposition because they also sit as a corporate designee. Third, illustrating the premature nature of their request, the remaining cited decisions require a court's consideration of the purpose for the particular examination, which in each case differs substantially from the issue here. For instance, in *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, the court assessed whether additional time was warranted after reviewing an already completed seven (7) hour examination, rather than imposing a prospective aggregate limit on individual and corporate examinations under Rule 2004 before any depositions had occurred. 218 F.R.D. 29, 32 (D. Conn. 2003). In *Malec v. Trs. of Bos. Coll.*, the court deferred an advance request for fourteen hours based on the number of claims and subjects to cover, and it did not address document nonproduction or a proposed aggregate limit encompassing individual and future corporate testimony. 208 F.R.D. 23, 24 (D. Mass. 2002). In *Multiven, Inc. v. Cisco Systems, Inc.*, the Court agreed that where a third-party witness was key to multiple parties' claims, "an extension of deposition time limit is appropriate," which undercuts the relief sought by ColumbiaNational and Tehan here. 2010 WL 583955, at *1–2 (N.D. Cal. Feb. 16, 2010).

13. Finally, again indicating the premature nature of the Limited Objection, if the Interested Parties and Trustees are forced to conduct the oral examination of ColumbiaNational and/or Tehan before their completion of document productions, that will result in the likely need for additional examination time and multiple depositions to address documents produced afterwards. *See* Fed. R. Civ. P. 30 Advisory Committee's note to 2000 amendment (recognizing

that requested but unproduced documents may justify further examination after production); *see also Brito v. New Life Healthy Living, LLC*, 2025 WL 2638030, at *6-7 (D. Md. Sept. 9, 2025) (holding that additional deposition time was proper where defendant's failure to produce documents impeded deposition preparation).

14. Here, the Court should overrule the Limited Objection because ColumbiaNational, Tehan's employer, has not produced documents responsive to the Interested Parties' Rule 2004 subpoena. The Interested Parties have been forced to file a motion to compel in order to force ColumbiaNational to produce responsive documents.

15. Specifically, the Interested Parties seek communications with and about the Debtor, Chasen, and their related entities and individuals, including advice ColumbiaNational provided and its efforts to attract lenders or investors for their properties. The requests also cover financial records, payments exchanged directly or through intermediaries, and agreements governing those relationships. They further seek documents concerning ColumbiaNational's due diligence, concerns raised about possible fraud or other wrongdoing, and ColumbiaNational's decisions to continue or discontinue those relationships, as well as documents it produced in related governmental investigations or enforcement actions. Tehan likely has knowledge of each of these topics.

16. Without the production of documents, the Interested Parties and the Trustees can only guess as to the extent of the examination issues. What is clear is that Tehan was heavily involved with the Debtor and Chasen in his role as Managing Director-Principal at ColumbiaNational. Tehan was the Debtor's and Chasen's primary point of contact with ColumbiaNational. His communications with them likely concern their dealings with, and instructions to, ColumbiaNational.

## III. Conclusion

17. For these reasons, the Interested Parties respectfully request that the Court overrule the Limited Objection and grant the Motion for Examination without imposing the proposed aggregate seven-hour limit on Tehan's individual examination and any future examination as ColumbiaNational's corporate designee.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Charles C. Mills*

Aaron L. Casagrande (Bar No. 28518)
Charles C. Mills (Bar No. 32666)
ICE MILLER LLP
100 Light Street, Suite 2700
Baltimore, Maryland 21202
Phone: (410) 951-5876
Aaron.Casagrande@IceMiller.com
Charles.Mills@IceMiller.com

*Counsel for Interested Parties*

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the *Response to the Limited Objection by Kevin Tehan and Columbia National Real Estate Finance, LLC to Motions for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* will be served electronically by the Court's CM/ECF system on the following:

- Brian E. Barkley bbarkley@barkenlaw.com
- Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov
- Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net
- Aaron L. Casagrande Aaron.casagrande@Icemiller.com
- Darrell William Clark darrell.clark@stinson.com, catherine.scott@stinson.com
- Alan D. Eisler aeisler@e-hlegal.com, alaneisler@gmail.com
- David V. Fontana dfont@gebsmith.com
- Jason J. Giguere jgiguere@zwickerpc.com, bknotices@zwickerpc.com
- Richard Marc Goldberg rmg@shapirosher.com, ejd@shapirosher.com
- Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com
- Jeffery Thomas Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com; brittany@martinlawgroup.com; Diana@martinlawgroup.com
- Frank J. Mastro fmastro@schlosslaw.com
- Stephen A. Metz smetz@offitkurman.com
- Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com
- Jeffrey M. Orenstein jorenstein@wolawgroup.com
- John E Reid jack@martinlawgroup.com, brittany@martinlawgroup.com; Diana@martinlawgroup.com
- Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com
- Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com
- Robert G. Shuster rob@shusterlaw.com, courts@shusterlaw.com
- Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com; brent-strickland-3227@ecf.pacerpro.com

- US Trustee - Baltimore — USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig — mac@mbvesq.com; lisa@mbvesq.com; mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email
- Shawn C Whittaker — shawn@whittaker-law.com

I hereby further certify that on the 13th day of November, 2026, a copy of the *Response to the Limited Objection by Kevin Tehan and Columbia National Real Estate Finance, LLC to Motions for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* was also mailed first class mail, postage prepaid to:

Chasen Construction LLC
Attn: Brandon Chasen
12 W. Montgomery St.
Baltimore, Maryland 21230

Michael A. Collyard
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Michael B. Fisco
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter C. Ihrig
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter D. Kieselbach
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Peter D. Kieselbach
Greenberg Traurig, LLP

90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Catherine Lawrence
Lawrence Law, LLC
323 W. Camden Street
Suite 700
Baltimore, MD 21201

Shepherd Electric Co., Incorporated
c/o Douglas H. Seitz, Esq.
1 Olympic Place, Suite 800
Towson, MD 21204

Brian Moffett
Emily Devan
Miles & Stockbridge P.C.
100 Light Street
Baltimore, MD 21202

Kevin Tehan
8211 Tally Ho Road
Lutherville Timonium, MD 21093

Kevin Tehan
100 E. Pratt St. Ste. 2540
Baltimore, MD 21202-1015

*/s/ Charles C. Mills*
Charles C. Mills