Entered: November 19th, 2026
Signed: November 18th, 2026

**SO ORDERED**

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| In re:<br>CHASEN CONSTRUCTION, LLC<br>Debtor. | CASE NO. 25-12356-NVA<br>CHAPTER 11 |
| In re:<br>BRANDON M. CHASEN, SR.<br>Debtor. | CASE NO. 25-15437-NVA<br>CHAPTER 7 |

**MEMORANDUM ORDER GRANTING**
**MOTIONS FOR RULE 2004 EXAMINATION OF KEVIN TEHAN**

In these bankruptcy cases, the respective trustees—Roger Schlossberg (the chapter 11 trustee for Chasen Construction, LLC) and Zvi Guttman (the chapter 7 trustee for Brandon M. Chasen, Sr.) (collectively, the "Trustees")—seek to jointly conduct an examination of Kevin Tehan pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. In the bankruptcy case involving Chasen Construction, LLC, Mr. Kehan's Rule 2004 examination is separately sought by a group of creditors that includes Family Pension Corp. 401k Plan; Four Kids Investment Fund, LLC; Jonathan Honig, as Trustee by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019; and Jacob Honig (collectively the "Honig Parties").

Mr. Tehan and his employer, Columbia National Real Estate Finance, LLC ("Columbia"), filed limited objections to the Rule 2004 examinations seeking to limit any examination of Mr. Tehan by the Trustees, the Honig Parties, and any other party seeking to examine Mr. Tehan to a single, seven-hour day in which Mr. Tehan would appear both in his individual capacity and as Columbia's corporate designee. Mr. Tehan and Columbia argue that Rule 30 of the Federal Rules of Civil Procedure, which limit a deposition conducted pursuant to the discovery rules to one day of seven hours, should be superimposed on Rule 2004 despite the absence of such limiting language in the latter Rule.

The plain text of Rule 2004 limits only the scope of an examination under that Rule to: "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b)(1). Mr. Tehan and Columbia do not argue or allege that the Trustees and the Honig Parties seek to violate any of these express limitations. Nor have Mr. Tehan and Columbia identified any bankruptcy case in which the temporal limitations of Rule 30 were applied to an examination sought pursuant to Rule 2004, or in which a court mandated that an examinee sit for one examination in both individual and corporate designee capacities.

A further problem with the limited objections is that the purported grounds for the imposition of limitations on the Rule 2004 examinations are speculative. Mr. Tehan has not yet sat for a Rule 2004 examination, either in his individual capacity or as Columbia's corporate designee. Indeed, it appears from the limited objections that Columbia has not yet designated a corporate representative for its Rule 2004 examination. And it appears from the docket of the entity case that there is a separate discovery dispute concerning documents requests propounded

by Mr. Schlossberg and the Honig Parties, which, until resolved, will likely prevent the parties from being able to map out the scope of any examination of Columbia.

***At this juncture***, there are no grounds to sustain the limited objections of Mr. Tehan and Columbia to the Rule 2004 examinations sought by the Trustees and the Honig Parties. Although each trustee would otherwise be entitled to his own Rule 2004 examination of Mr. Tehan, the Trustees have apparently agreed to jointly conduct a single Rule 2004 examination of Mr. Tehan. The Honig Parties are similarly entitled to conduct their own Rule 2004 examination of Mr. Tehan, limited only by the plain text of Rule 2004, and will not be required to share time with the Trustees. Nevertheless, it is expected that the Trustees and the Honig Parties will make every reasonable effort to avoid unnecessary duplication in their respective Rule 2004 examinations of Mr. Tehan and Columbia. And nothing in this Memorandum Order precludes Mr. Tehan or Columbia from seeking further relief should that be warranted.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the *Motion for Rule 2004 Examination (Kevin Tehan)* [ECF No. 274] in *In re Chasen Construction, LLC* (25-12356-NVA) is GRANTED; and it is further,

ORDERED, that the *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* [ECF No. 276] in *In re Chasen Construction, LLC* (25-12356-NVA) is GRANTED; and it is further,

ORDERED, that the *Motion for Rule 2004 Examination (Kevin Tehan)* [ECF No. 297] in *In re Brandon M. Chasen, Sr.* (25-15437-NVA) is GRANTED.

cc: Counsel to Chapter 11 Trustee – Roger Schlossberg
Counsel to Chapter 7 Trustee – Zvi Guttman
Counsel to Honig Parties – Aaron Casagrande
Counsel to Kevin Tehan – Emily K. Devan

**END OF MEMORANDUM ORDER**