United States Bankruptcy Court
District of Maryland

In re: Chasen Construction LLC
Debtor

Case No. 25-12356-NVA
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0416-1 | User: admin | Page 1 of 2
Date Rcvd: Nov 19, 2026 | Form ID: pdfall | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 21, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| adb | + | Chasen Construction LLC, Attn: Brandon Chasen, 12 W. Montgomery St., Baltimore, MD 21230-4489 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 19, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron L. Casagrande | Aaron.casagrande@Icemiller.com gabrielle.caggiano@icemiller.com |
| Alan D. Eisler | alan@alaneisler.com alaneisler@gmail.com |
| Brent C. Strickland | bstrickland@whitefordlaw.com mbaum@whitefordlaw.com,brent-strickland-3227@ecf.pacerpro.com |
| Brian E. Barkley | bbarkley@barkenlaw.com |
| Charles C Mills | charles.mills@icemiller.com Quiauna.Krumlauf@icemiller.com |
| Darrell William Clark | darrell.clark@stinson.com catherine.scott@stinson.com |

| | |
|---|---|
| David V. Fontana | dfont@gebsmith.com |
| Emily Devan | edevan@milesstockbridge.com |
| Frank J. Mastro | fmastro@schlosslaw.com |
| Hugh M. (UST) Bernstein | hugh.m.bernstein@usdoj.gov |
| Jason J. Giguere | jgiguere@zwickerpc.com bknotices@zwickerpc.com |
| Jeffery Thomas Martin | jeff@martinlawgroup.com Martin.JefferyT.B119228@notify.bestcase.com,brittany@martinlawgroup.com,Diana@martinlawgroup.com |
| Jeffrey M. Orenstein | jorenstein@wolawgroup.com |
| Jill D. Caravaggio | jill@jill-lawoffice.net paralegal@jill-lawoffice.net |
| John E Reid | jack@martinlawgroup.com brittany@martinlawgroup.com,Diana@martinlawgroup.com |
| Maurice Belmont VerStandig | mac@mbvesq.com lisa@mbvesq.com,mahlon@dcbankruptcy.com,mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email |
| Richard Marc Goldberg | rmg@shapirosher.com ejd@shapirosher.com |
| Robert Kearney | robert.kearney@gtlaw.com |
| Robert G. Shuster | rob@shusterlaw.com courts@shusterlaw.com |
| Roger Schlossberg | bkcreditor@schlosslaw.com jkemmerer@schlosslaw.com |
| Shawn C Whittaker | shawn@whittaker-law.com |
| Stephen A. Metz | smetz@offitkurman.com |
| Tracey Michelle Ohm | tracey.ohm@stinson.com |
| US Trustee - Baltimore | USTPRegion04.BA.ECF@USDOJ.GOV |
| Zvi Guttman | zvi@zviguttman.com zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com |

TOTAL: 25

Entered: November 19th, 2026

Signed: November 18th, 2026

**SO ORDERED**

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| In re:<br>CHASEN CONSTRUCTION, LLC<br>Debtor. | CASE NO. 25-12356-NVA<br>CHAPTER 11 |
| In re:<br>BRANDON M. CHASEN, SR.<br>Debtor. | CASE NO. 25-15437-NVA<br>CHAPTER 7 |

**MEMORANDUM ORDER GRANTING**
**MOTIONS FOR RULE 2004 EXAMINATION OF KEVIN TEHAN**

In these bankruptcy cases, the respective trustees—Roger Schlossberg (the chapter 11 trustee for Chasen Construction, LLC) and Zvi Guttman (the chapter 7 trustee for Brandon M. Chasen, Sr.) (collectively, the "Trustees")—seek to jointly conduct an examination of Kevin Tehan pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. In the bankruptcy case involving Chasen Construction, LLC, Mr. Kehan's Rule 2004 examination is separately sought by a group of creditors that includes Family Pension Corp. 401k Plan; Four Kids Investment Fund, LLC; Jonathan Honig, as Trustee by and for the Renee Honig 2019 Irrevocable Trust Agreement U/A DTD 07/09/2019; and Jacob Honig (collectively the "Honig Parties").

Mr. Tehan and his employer, Columbia National Real Estate Finance, LLC ("Columbia"), filed limited objections to the Rule 2004 examinations seeking to limit any examination of Mr. Tehan by the Trustees, the Honig Parties, and any other party seeking to examine Mr. Tehan to a single, seven-hour day in which Mr. Tehan would appear both in his individual capacity and as Columbia's corporate designee. Mr. Tehan and Columbia argue that Rule 30 of the Federal Rules of Civil Procedure, which limit a deposition conducted pursuant to the discovery rules to one day of seven hours, should be superimposed on Rule 2004 despite the absence of such limiting language in the latter Rule.

The plain text of Rule 2004 limits only the scope of an examination under that Rule to: "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b)(1). Mr. Tehan and Columbia do not argue or allege that the Trustees and the Honig Parties seek to violate any of these express limitations. Nor have Mr. Tehan and Columbia identified any bankruptcy case in which the temporal limitations of Rule 30 were applied to an examination sought pursuant to Rule 2004, or in which a court mandated that an examinee sit for one examination in both individual and corporate designee capacities.

A further problem with the limited objections is that the purported grounds for the imposition of limitations on the Rule 2004 examinations are speculative. Mr. Tehan has not yet sat for a Rule 2004 examination, either in his individual capacity or as Columbia's corporate designee. Indeed, it appears from the limited objections that Columbia has not yet designated a corporate representative for its Rule 2004 examination. And it appears from the docket of the entity case that there is a separate discovery dispute concerning documents requests propounded

by Mr. Schlossberg and the Honig Parties, which, until resolved, will likely prevent the parties from being able to map out the scope of any examination of Columbia.

***At this juncture***, there are no grounds to sustain the limited objections of Mr. Tehan and Columbia to the Rule 2004 examinations sought by the Trustees and the Honig Parties. Although each trustee would otherwise be entitled to his own Rule 2004 examination of Mr. Tehan, the Trustees have apparently agreed to jointly conduct a single Rule 2004 examination of Mr. Tehan. The Honig Parties are similarly entitled to conduct their own Rule 2004 examination of Mr. Tehan, limited only by the plain text of Rule 2004, and will not be required to share time with the Trustees. Nevertheless, it is expected that the Trustees and the Honig Parties will make every reasonable effort to avoid unnecessary duplication in their respective Rule 2004 examinations of Mr. Tehan and Columbia. And nothing in this Memorandum Order precludes Mr. Tehan or Columbia from seeking further relief should that be warranted.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the *Motion for Rule 2004 Examination (Kevin Tehan)* [ECF No. 274] in *In re Chasen Construction, LLC* (25-12356-NVA) is GRANTED; and it is further,

ORDERED, that the *Motion for Examination of Kevin Tehan Pursuant to Bankruptcy Rule 2004* [ECF No. 276] in *In re Chasen Construction, LLC* (25-12356-NVA) is GRANTED; and it is further,

ORDERED, that the *Motion for Rule 2004 Examination (Kevin Tehan)* [ECF No. 297] in *In re Brandon M. Chasen, Sr.* (25-15437-NVA) is GRANTED.

cc: Counsel to Chapter 11 Trustee – Roger Schlossberg
Counsel to Chapter 7 Trustee – Zvi Guttman
Counsel to Honig Parties – Aaron Casagrande
Counsel to Kevin Tehan – Emily K. Devan

**END OF MEMORANDUM ORDER**